UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>SAMUEL BANKMAN-FRIED,<br>    a/k/a "SBF,"<br><br>                                *Defendant.* | Protective Order<br><br>22 Cr. 673 (LAK) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would jeopardize the Government's efforts to restrain, seize, recover, and/or forfeit misappropriated assets, and/or similar efforts by parties to FTX's bankruptcy proceeding; (iv) would risk prejudicial pretrial publicity if publicly disseminated; (v) may be produced with more limited redactions than would otherwise be necessary; and (vi) that is not

authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that (i) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, (ii) information that may reveal trade secrets, cryptocurrency keys or passwords, or (iii) other information that may cause financial loss or other harm to a business entity, including but not limited to FTX.  Disclosure Material produced by the Government that includes a Bates or other label stating "Sealed Material" shall be deemed "Sealed Material."

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or risk harm to FTX asset recovery or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (i) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (ii) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

1. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material or describe the substance of any witness statements or witness communications produced by the Government on any Internet site or network site, including any social media site such as Facebook or Twitter or any publishing site such as Substack, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant; and

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

3. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed or reviewed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

**Other Provisions**

    4.  This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but such material shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution, including but not limited to any bankruptcy proceeding, liquidation proceeding, or ancillary proceeding regarding the distribution of assets of FTX and/or Alameda Research. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

    5.  The defense may, at any time, notify the Government that the defense does not concur in the designation of documents or other materials as Sealed Material or APO Material.  If the Government does not agree to de-designate such documents or materials, the defense may thereafter move the Court for an order de-designating such documents or materials.  The Government's designation of material, including Sealed Material or APO Material, will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

    6.  The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. To the extent the defense provides Disclosure Material to prospective witnesses or other persons for them to possess, defense counsel shall maintain a record of what information has been provided to which such persons.

7. The provisions of this Order shall not be construed as preventing disclosure of any information that is publicly available or obtained by the defense from a source other than the Government.

8. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. The defense shall not provide any Disclosure Material to any foreign persons or entities.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: 1/13/2023
Nicolas Roos
Danielle R. Sassoon
Samuel Raymond
Nathan M. Rehn
Andrew Rohrbach
Assistant United States Attorneys


_____           Date: 1/13/2023
Mark Cohen
Christian Everdell
Counsel for Samuel Bankman-Fried

SO ORDERED:

Dated: New York, New York
       January 14, 2023

                                          /s/
                                  _____
                                  THE HON. LEWIS A. KAPLAN
                                  UNITED STATES DISTRICT JUDGE