

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

January 19, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:  *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK)**

Dear Judge Kaplan:

On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter in response to the motions by various media organizations to unseal the names of the two non-parent sureties who have agreed to sign appearance bonds on behalf of Mr. Bankman-Fried, as required by his conditions of release.  *See* ECF Nos. 31, 40, 42, 43.  For the reasons set forth in our initial submission, *see* ECF No. 29, and those set forth below, the motions should be denied.

The movants and the defense agree as to the proper framework for the Court's analysis.  The Court must first determine the weight of the presumption of access that it will apply to the information sought by the movants—namely, the identities of the non-parent sureties—and then evaluate whether the sureties' privacy and safety interests outweigh the presumption and justify protecting their identities from public disclosure.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The movants' application of the balancing test, however, is off base and should be rejected for two principal reasons.[1]

<u>First</u>, the movants assign far too much weight to the presumption of access.  The movants cite no authority supporting their argument that the identities of the sureties are entitled to a strong presumption of access.  Instead, the movants broadly argue that the public must know the identities of the sureties to properly monitor and oversee the Court's decisions with respect to Mr. Bankman-Fried's bail conditions.  *See, e.g.*, ECF No. 40 at 3-5; ECF No. 42 at 3; ECF No. 43 a 3-4.

---

[1] The Government, which is in a better position than the movants to determine whether it is appropriate to disclose the identities of the sureties, took no position on this issue.

The Honorable Lewis A. Kaplan
January 19, 2023
Page 2

      This argument misapprehends and mischaracterizes the limited role that the identities of the sureties play in the court's oversight of a defendant's bail conditions. Typically, a court imposing bail conditions will specify the number of sureties that will be required to sign appearance bonds and the amounts of those bonds, but the court will not specify or know the identities of the sureties who are often identified by the defendant and approved by the Government after the bail conditions are imposed without any further involvement of the court.

      That is precisely what occurred in this case. As part of the bail conditions imposed at the initial appearance on December 22, 2022, Magistrate Judge Gorenstein ordered Mr. Bankman-Fried to identify four financially responsible persons to act as sureties, two of whom could sign bonds "in lesser amounts" than the $250 million personal recognizance bond co-signed by his parents. ECF No. 14. This Court adopted the same bail conditions, as modified, at the initial pretrial conference on January 3, 2023. *See id; see also* 1/3/2023 Tr. at 3, 12-17. The two non-parent sureties were approved by the Government on January 4, 2023, the day after the conference. Hence, the identities of the non-parent sureties were not known to either court at the time the bail conditions were set, as is typical in the normal course. The identities of the sureties therefore played no role in the Court's "exercise of its [its] Article III judicial power" and should be afforded "only a low presumption" of access. *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")); *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (citing *Amodeo II*, 71 F.3d at 1050). Moreover, the information that did, in fact, impact the decisions concerning Mr. Bankman-Fried's bail conditions—the number of sureties and the amounts of their bonds—will be fully available to the public.[2]

      Second, the movants minimize, discount, or entirely ignore the significant privacy and safety interests of the sureties that are implicated here. The movants appear to reduce the sureties' interest in privacy and security to whether the sureties would be "endangered" by the release of their identities. ECF No. 40 at 7. They further assert that the Court should disregard the sureties' interests unless the defense can produce evidence of "credible efforts"—not just "credible threats," but actual "efforts"—to harm Mr. Bankman-Fried or his parents. *Id.* That is certainly not the standard set forth in the governing case law, which does not require this sort of imminent danger and recognizes that "the privacy interests of innocent third parties" are "a venerable common law exception to the presumption of access" and "should weigh heavily in a court's balancing equation." *United States v. Gatto*, No. 17-cr-686 (LAK), 2019 WL 4194569, at *3 (S.D.N.Y. Sept. 3, 2019) (quoting *Amodeo II*, 71 F.3d at 1050-51) (internal quotation marks omitted).

      In fact, Mr. Bankman-Fried and his parents have been the target of actual efforts to cause them harm. Recently, the Bankman-Frieds had a security incident at their home when a black car drove into the metal barricade set up outside their home. Three men got out of the car. When the security guard on duty confronted them, the men said something to the effect of: "You

---

[2] The identities of the non-parent sureties are available to the Court, should it wish to know that information.

The Honorable Lewis A. Kaplan
January 19, 2023
Page 3

won't be able to keep us out." The men got back in the car and quickly drove away before the security guard was able to see the license plate. Neither the car nor the individuals have been identified. This incident underscores the risk to the Bankman-Frieds' privacy and security that was already evident in the numerous threating and harassing communications referenced in our initial submission.[3]

Given the notoriety of this case and the extraordinary media attention it is receiving, it is reasonable to assume that the non-parent sureties will also face significant privacy and safety concerns if their identities are disclosed. Indeed, the movants provide a glimpse of what they would do if they had access to the identities of the sureties, including mining for information about Mr. Bankman-Fried's relationships with "wealthy, powerful, and politically connected individuals." ECF No. 42 at 6; *see also* ECF No. 43 at 3-4. It seems evident from these candid admissions that the movants are not, in fact, seeking to monitor the Court's exercise of its Article III authority, but to make intrusive inquiries into the financial and personal circumstances of the non-parent sureties – or worse, to gather information for press stories focused on "public scandal" that have little to do with Mr. Bankman-Fried's bail conditions. ECF No. 43 at 3. Accordingly, the sureties' privacy and safety interests greatly outweigh any presumption of access to their identities.

For these reasons, the Court should deny the motions and affirm its prior ruling that the names and addresses of the non-parent sureties be redacted on their appearance bonds.

Respectfully submitted,

  /s/ Christian R. Everdell
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc:   All counsel of record (via ECF)

---

[3] For privacy and security reasons, we refrain from describing these communications in any further detail in this letter. If the Court wishes to review these communications, we respectfully request permission to provide them to the Court for inspection *in camera*, as *The New York Times* proposed in its motion. *See* ECF No. 40 at 7 n.5.