

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

January 28, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter in response to the Government's letter requesting two additions to Mr. Bankman-Fried's bail conditions. The Government's filing is a remarkable example of sharp practice, as it omits any mention of the fact that the parties had been meeting and conferring for over a week about modifying the bail conditions and were still in discussions when the Government filed its letter.

  For the reasons set forth below, the defense opposes the Government's proposed conditions and requests that the Court impose the more tailored condition that the defense proposed to the Government on Monday of this week, which more appropriately balances the parties' interests.

  A. Introduction

  As an initial matter, the defense objects to the nature and tone of the Government's submission. In an apparent effort to portray our client in the worst possible light, the Government's letter makes it appear as if it were prompted by exigent circumstances that required it to file on a Friday night and seek these new bail conditions.

  In fact, the Government first raised its concerns regarding Mr. Bankman-Fried's contact with the person it now describes as Witness-1 over a week ago, on January 19.[1] The Government represented that it had become aware that Mr. Bankman-Fried had attempted to

---

[1] The Government had not previously identified Witness-1 as a witness to the defense, nor publicly, as it had done with other witnesses.

The Honorable Lewis A. Kaplan
January 28, 2023
Page 2

contact John Ray, the CEO of the FTX Debtor entities, and Witness-1. The Government stated that it believed the communications with both were case-related and, in its view, inappropriate. The Government stated that it would seek an additional bail condition preventing Mr. Bankman-Fried from contacting potential witnesses without the presence of counsel.

We objected, noting that Mr. Bankman-Fried had on other occasions publicly attempted to reach out to Mr. Ray numerous times to offer his assistance in the bankruptcy and asset recovery process, to the extent that he is permitted within the parameters of the criminal case. Moreover, since Mr. Ray did not become CEO until the bankruptcy filing, he was not a percipient witness regarding any of the events alleged in the indictment. We also objected that our client's email to Witness-1 was a similar attempt to offer his assistance. The email states in relevant part: "I would really love to connect and see if there is a way for us to have a constructive relationship, use each other as resources when possible, or at least vet things with each other." Although the Government seeks to characterize our client's email as a sinister attempt to influence Witness-1's potential testimony, the email is more reasonably read as another attempt by Mr. Bankman-Fried to offer his assistance to FTX "as a resource." We further noted that neither Mr. Ray nor Witness-1 had responded to our client.

Nevertheless, we agreed to a modification of the bail condition in order to address the Government's concerns and to avoid litigation. The only open issue, therefore, was the *scope* of the restriction relating to contact with persons the Government believed were potential witnesses, not whether such a restriction would be imposed. We then met and conferred with the Government over the balance of the week and provided the Government with a detailed written proposal for an appropriately tailored bail condition.

The Government sought the condition it now proposes to the Court – that Mr. Bankman-Fried not be permitted to contact any current or former employees of FTX or Alameda without counsel present. Given the many legal and logistical issues with such an approach, we proposed an alternative structure – that Mr. Bankman-Fried not be permitted to have contact with certain limited identified witnesses at all; that he be allowed to contact certain others without limitation; and given that FTX has hundreds of current and former employees, that the Government provide us with a reasonable list of potential witnesses that he could only contact with counsel present.[2] As noted below, this approach is consistent with law in this Circuit, including matters that have come before this Court.

This morning the Government told us that it was still considering this issue, presumably as part of the meet and confer process. This afternoon it raised for the first time that it had concerns regarding our client's use of ephemeral messaging apps like Signal, even though the Signal message to Witness-1—the very basis for the Government's new request—had not been

---

[2] We represented to the Government that the defense would not object to the Government calling additional witnesses at trial on the grounds that they were not included on this list.

The Honorable Lewis A. Kaplan
January 28, 2023
Page 3

deleted, did not have any auto-delete functionality enabled, and was simultaneously sent over email.

But rather than wait for any response from the defense, the Government sandbagged the process, filing this letter at 6:00pm on Friday evening. The letter conveniently omits any reference to the entire process, nor does it mention the defense's written proposal, making a mockery of the meet-and-confer process. The reason is obvious. The Government apparently believes that a one-sided presentation – spun to put our client in the worst possible light – is the best way to get the outcome it seeks, even if it does not present the full context to the Court.

The Government has engaged in this tactic before. During the initial appearance before the Court, it sought a modification of our client's bail condition, based on transfers of certain crypto assets in digital wallets belonging to Alameda. Mr. Bankman-Fried denied any involvement in the transfers, and in fact, the defense contacted the Government as soon as we learned of the transfers through media reports to provide notification. The Government neglected to mention this to the Court. But no matter. At the conference, the Government represented to the Court that the condition was necessary because it had "concerns that even within a period of a few days, that additional assets could be accessed and become inaccessible," despite admitting that it had no evidence that Mr. Bankman-Fried was responsible. Three weeks later, it still has no such evidence.

We respectfully submit that it is time to move past such tactics and spin to the merits of the narrow question before the Court as to the proper scope of the bail modification. As discussed below, the defense proposal balances the parties' interests, permits the defendant to participate in his defense, and is consistent with the law and approaches taken in this Circuit, and should be adopted.

**B.    Defense Proposed Bail Condition**

In place of the Government's overbroad condition, the defense proposes the following bail condition, which it communicated to the Government on Monday:

\*     \*     \*

Mr. Bankman-Fried is prohibited from contacting, even in the presence of his attorneys, the following current or former employees of FTX and/or Alameda, with "FTX" defined to include FTX.com, FTX U.S., FTX Digital Markets Ltd., and all affiliated subsidiary and successor entities, and "Alameda" defined to include Alameda Research and any affiliated subsidiary and successor entities:

1. Caroline Ellison

2. Zixiao "Gary" Wang

The Honorable Lewis A. Kaplan
January 28, 2023
Page 4

   3.  Nishad Singh

   4.  [Witness-1]

   5.  [[Others to be discussed with the Government]]

Mr. Bankman-Fried may have unlimited contact with the following people outside the presence of counsel:

   1.  Alan Joseph Bankman (his father)

   2.  George Lerner (his therapist)

   3.  Any employee or agent of a foreign regulator who contacts Mr. Bankman-Fried

   4.  Any person whom an employee or agent of a foreign regulator asks Mr. Bankman-Fried to contact

In addition, the Government shall provide the defense a reasonable list of all other witnesses and potential witnesses not listed above that Mr. Bankman-Fried may only contact with the participation of his attorneys. The defense agrees that it will not object to the Government calling additional witnesses at trial on the grounds that they were not included on this list.

*  *  *

  **C.**  **Argument**

The bail condition the Government seeks here is overbroad, disregarding the clear limitation set forth in the Bail Reform Act that a defendant be released "subject to the *least restrictive* further condition[s] … that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community…." 18 U.S.C. § 3142(c)(1)(B) (emphasis added). As a case cited by the Government recognizes, the Court may impose a no-contact bail condition only after "consider[ing] 'particularized evidence' and mak[ing] an 'individualized determination' of the need for the restriction." *United States v. Lillemoe*, Crim. No. 3:15CR00025 (JCH), 2015 WL 9694385, at *3 (D. Conn. May 28, 2015) (citing *United States v. Arzberger*, 529 F. Supp. 2d 590, 601, 602 (S.D.N.Y. 2008)).

The Honorable Lewis A. Kaplan
January 28, 2023
Page 5

The purported evidence the Government presents here—Mr. Bankman-Fried's January 15, 2023 message to Witness-1 via Signal and email[3]—does not justify the overbroad restriction the Government seeks. As explained above, Mr. Bankman-Fried's message to Witness-1 was merely an innocuous attempt to offer assistance in FTX's bankruptcy process and does not reflect misconduct that warrants the restriction the Government proposes here. Furthermore, the fact that Mr. Bankman-Fried sent a similar message to Mr. Ray—someone known to be hostile to him and to be in close communication with the Government—makes it clear that such messages were not intended to evade detection, as it was very likely the Government would see them.

Conducting the "individualized determination" referenced in *Lillemoe* and *Arzberger* and imposing a no-contact condition that is narrowly tailored to be the "least restrictive" condition necessary is crucial in light of the following considerations. *First*, the "least restrictive" requirement is intended to strike a balance between the need to reasonably assure the appearance of the defendant in court and the safety of the community and the fact that a defendant is presumed innocent. *Second*, a defendant has a constitutionally guaranteed right to participate in his defense. This includes being able to contact potential witnesses who the defendant believes potentially have information relevant to his defense, even without counsel present. *Third*, a no-contact condition implicates the First Amendment right of association, particularly at a time when the state of the defendant's mental health and wellbeing depends on his ability to receive continued encouragement and support from friends and former colleagues. *See Arzberger*, 529 F. Supp. 2d at 603 ("One of the foundations of our society is the right of individuals to combine with other persons in pursuit of a common goal by lawful means.") (quotation marks and citation omitted). This concern is especially important because Mr. Bankman-Fried is on home confinement and cannot leave his house on a regular basis.

The defense believes that its proposal balances the concerns raised by the Government with the defense's concerns relating to Mr. Bankman-Fried's ability to participate in his defense. Moreover, our proposal is consistent with the approach adopted in other cases in this District, where the Government was required to identify the witnesses that the defendant could not contact. *See, e.g.*, Appearance Bond at 7, *United States v. Ruiz*, 1:21-cr-00596-LAK (S.D.N.Y. Jan. 29, 2021), ECF No. 5 (defendant shall have "no contact with witnesses and alleged co-conspirators identified by the gov't to defense counsel, unless in the presence of counsel"); Appearance Bond at 8, *United States v. Aning*, 1:21-cr-00088-JSR (S.D.N.Y. Apr. 1, 2021), ECF No. 32 ("Def to refrain from contact with co-defs and victims/witnesses identified by gov't, except in the presence of counsel"); Appearance Bond at 8, *United States v. Gutierrez Ospina*, 1:20-cr-00102-VEC (S.D.N.Y. Jan. 22, 2020), ECF No. 22 ("Defendant shall have no contact

---

[3] The Government states that Mr. Bankman-Fried "has also contacted other current and former FTX employees," but does not provide any detail regarding those communications. *See* Letter from Danielle Sassoon to the Honorable Lewis A. Kaplan at 1, Jan. 27, 2023, ECF No. 50. Those communications fall short of the "particularized evidence" required here. *See Lillemoe*, 2015 WL 9694385, at *3.

The Honorable Lewis A. Kaplan
January 28, 2023
Page 6

with co-defendants or with witnesses and victims identified by the Government, outside presence of counsel.").

By contrast, the Government's proposal that Mr. Bankman-Fried be barred from any contact with former or current FTX employees without counsel present is simply unworkable. For example, it would mean that Mr. Bankman-Fried could not speak to his therapist, who is a former FTX employee, without the participation of his lawyers. According to public sources, FTX and Alameda had approximately 350 employees.[4] Each of these current and former employees could have information crucial to Mr. Bankman-Fried's defense. Requiring Mr. Bankman-Fried to include counsel in every communication with a former or current FTX employee would place an unnecessary strain on his resources and prejudice his ability to defend this case. Moreover, many of these individuals are Mr. Bankman-Fried's friends. Imposing a blanket restriction on his contact with them would remove an important source of personal support.

### D. The Government's Proposed Bail Condition Regarding Ephemeral Messaging Applications Should Not Be Imposed

In an email to defense counsel this morning, the Government raised for the first time a concern about Mr. Bankman-Fried's use of Signal and other ephemeral messaging applications. In its letter to the Court, the Government seeks to justify adding a condition prohibiting Mr. Bankman-Fried's use of these messaging applications on the grounds that the applications would allow Mr. Bankman-Fried to "evade bail restrictions" and "obstruct justice" and points to the Signal message to Witness-1 as an example. Letter from Danielle Sassoon to the Honorable Lewis A. Kaplan at 3, Jan. 27, 2023, ECF No. 50.

Once again, the Government chose to omit the most relevant fact – the Signal message to Witness-1 did not have any auto-delete features. In fact, Mr. Bankman-Fried has turned off the disappearing messages function on his Signal account and is not sending any Signal or Slack messages with auto-delete features. Instead, the Government tries to divert the Court's attention to allegations by Caroline Ellison about the use of ephemeral messaging applications at FTX and Alameda months ago, which are irrelevant to the bail analysis.

The Government cannot justify a bail condition based on an unfounded concern about what Mr. Bankman-Fried might do, when there is no evidence that he is, in fact, doing it. Moreover, any concerns the Government may have about Mr. Bankman-Fried's use of ephemeral messaging applications is addressed by the bail condition proposed by the defense,

---

[4] *A tale of two crypto strategies: While Coinbase added thousands of jobs, Sam Bankman-Fried's FTX stayed lean with just 300 employees*, FORTUNE (Jun. 18, 2022) *available at* https://fortune.com/2022/06/18/ftx-sam-bankman-fried-coinbase-brian-armstrong-crypto-layoffs/; *Alameda Research*, ZOOM INFO, *available at* https://www.zoominfo.com/pic/alameda-research/461589009

The Honorable Lewis A. Kaplan
January 28, 2023
Page 7

which will apply to all forms of communication. Under the bail statute, the Government does not get to pick and choose the form of communication that a defendant may engage in. The Government's proposed bail condition is therefore baseless and unnecessary and should not be imposed.

### E. The Existing Bail Condition Related to Crypto Asset Transfers Should be Removed

At the initial pretrial conference on January 3, 2023, the Government requested, and the Court imposed, an additional bail condition that Mr. Bankman-Fried was "prohibited from accessing or transferring any FTX or Alameda assets or cryptocurrency, including assets or cryptocurrency purchased with funds from FTX or Alameda." Arraignment Tr. at 15, Jan. 3, 2023. The Government justified that condition by stating to the Court that certain crypto assets in digital wallets belonging to Alameda had recently been accessed and transferred. The Government admitted to the Court that it had no evidence that Mr. Bankman-Fried was responsible, and Mr. Bankman-Fried has repeatedly denied any involvement in the transfers. In fact, the defense contacted the Government as soon as we became aware of the transfers to provide notification. At the conference, the Government told the Court that it did not credit Mr. Bankman-Fried's position and that it was "still investigating" who was responsible.

Nearly three weeks have passed since the initial pretrial conference and we assume that the Government's investigation has confirmed what Mr. Bankman-Fried has said all along; namely, that he did not access and transfer these assets. Given that the sole basis advanced for seeking that condition has not been supported, we believe that the bail condition imposed at the conference should be removed.

Respectfully submitted,

　/s/ Mark S. Cohen　
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600

cc:   All counsel of record (via ECF)