

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 3, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      The Government writes on behalf of the parties with proposed modifications to the defendant's conditions of release intended to address outstanding issues raised at the last conference.

      First, the parties propose that the temporary conditions imposed by the Court be adopted as part of the defendant's bail conditions, namely:

1. The defendant shall not contact or communicate with current or former employees of FTX or Alameda (other than immediate family members) except in the presence of counsel, unless the Government or Court exempts an individual from this rule in writing.
2. The defendant shall not use any encrypted or ephemeral call or messaging application, including but not limited to "Signal."
3. The defendant is prohibited from using a VPN, except as explicitly authorized in his bail conditions, as described below.

      Second, the parties propose that the defendant be limited to the use of the following devices, and that he otherwise be prohibited from using any other cellphones, tablets, computers, video games (including video game platforms and hardware) that permit chat and voice communication, or smart devices with internet capability:

1. A flip phone or other non-smartphone with either no internet capabilities or internet capabilities disabled. The phone's serial number, IMEI number, IMSI number, MAC address, and SIM number will be provided to the Court and the Government. The communication function on the phone will be limited to SMS text messages and voice calls and all other message applications will be prohibited.

    2. A new laptop with the limited functionalities addressed below. The laptop's serial number, MAC address, and IP address will be provided to the Court and the Government in the event the Court approves use of such a device.

Third, with respect to the defendant's computer usage, the parties propose that the defendant's new laptop be configured so that he is only able to log on to the internet through the use of specified VPNs, and that the VPNs only permit the defendant to access websites that have been whitelisted through the VPNs. Specifically, an authorized VPN installed on the laptop would allow the defendant to access the cloud-hosted FTX read-only database that has been provided as part of discovery. Additionally, a VPN installed by defense counsel's law firm on to the laptop would allow access to the internet only through the use of the VPN and only to the specifically whitelisted sites. The parties agree that the following websites would be whitelisted through the law firm VPN: the Relativity database hosted by defense counsel for purposes of reviewing discovery; Google Drive and Google Docs, which defense counsel uses with clients to share information; Gmail, which will be accessed through a single email address provided to the Court and the Government, and no other; and the enclosed list of websites proposed by the defendant. The list of websites is divided into two categories: websites the defense submits are necessary to the defendant's participation in the preparation of his defense, and websites the defendant would like to use for other purposes that the Government has determined do not pose a risk of danger to the community, including because they lack a private communication platform and do not pose a risk of accessing/transferring cryptocurrency assets. The parties further propose that the following applications be permitted on the defendant's laptop:

    a. Zoom, only to be used with defense counsel;
    b. Microsoft Office;
    c. Adobe Acrobat;
    d. Screenshot tool;
    e. Notepad and Notepad++;
    f. 1password;
    g. Python (to read the FTX codebase);
    h. SQL tool (for running queries on the FTX read-only database); and
    i. Web browser used to access the internet consistent with the provisions set forth in this letter.

Fourth, the parties propose that the defendant's laptop be installed with monitoring and security software that will log the defendant's user activity, which will be stored in a cloud-based repository maintained by defense counsel, and to which Pretrial Services will be given access to perform periodic checks of the activity logs at their discretion.

Fifth, the defendant will not object to the installation of court-authorized pen registers on his phone number, Gmail account, and internet service. Those pen register orders will be sought by the Government and maintained by the Federal Bureau of Investigation.

Sixth, the defendant must submit his electronic devices to a search on the basis that Pretrial Services has a reasonable suspicion that evidence of a violation of a condition of release may be found.

Seventh, the defendant shall not purchase, acquire, or otherwise obtain any new cellphones, tablets, computers, or other electronic devices used to access the internet.

The parties propose to address the presence of the defendant's parents' devices in the home as follows. The defendant's mother and father will submit sworn affidavits listing their respective devices with serial numbers and MAC addresses (each has an iPhone, each has an Apple laptop, and they share a desktop iMac), and representing that they will not bring additional devices into the home nor permit the defendant to access their devices, which will be password protected. Each of the devices will be installed with monitoring and security software that activates the device's camera when the device is being used and takes video or periodic photographs of the user. The videos and photographs will be stored in Cloud-based repositories maintained by defense counsel, and to which pretrial services will be given access to perform periodic checks of the videos and photographs at their discretion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ Nicolas Roos
    Nicolas Roos
    Danielle R. Sassoon
    Samuel Raymond
    Thane Rehn
    Andrew Rohrbach
    Danielle Kudla
    Assistant United States Attorneys
    (212) 637-2421

Cc:    Defense Counsel (by ECF)

**Proposed Whitelisted Websites**

<u>Websites for the Preparation of the Defense</u>

1. Wikipedia.org
2. All .gov websites
3. Ftx.com, ftx.us, ftxpolicy.com, and all other FTX related sites
4. Kroll.com (e.g. https://restructuring.ra.kroll.com/FTX/)
5. Youtube.com
6. Docusign.net
7. Read-only blockchain explorers:
    a. Etherscan
    b. Solscan
    c. Tronscan
    d. Bscscan
    e. Omni
8. Read-only websites showing crypto asset prices
    a. Coingecko.com
    b. Coinmarketcap.com
9. Courtlistener.com
10. Archive.org

<u>Websites for the Defendant's Personal Use</u>

1. Nytimes.com
2. Nypost.com
3. Ft.com
4. Bloomberg
5. Forbes
6. WSJ
7. Businessinsider
8. Opensecrets.org
9. Prnewswire.com
10. Puck
11. Reuters
12. Coindesk
13. Cointelegraph
14. The Block
15. Decrypt
16. Beincrypto.com
17. Netflix.com
18. Spotify
19. Doordash.com
20. Uber eats
21. Amazon
22. MLB.com
23. NFL.com