**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com


ELECTRONICALLY FILED
DATE FILED: 3-28-23

**MEMO ENDORSED**

**DOCKET**

March 27, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK)

Dear Judge Kaplan:

As referenced in our letter to the Court, dated March 17, 2023 (ECF No. 109), we respectfully submit this letter on behalf of the parties to propose various additions and modifications to Mr. Bankman-Fried's bail conditions to address issues raised by the Government and the Court in prior correspondence and at previous court conferences. The proposed conditions are set forth in the proposed order attached as Exhibit A. The Government consents to this proposal.

At the Court's request, we have included in Appendix 1 of Exhibit A specific information about the monitoring and security software we plan to use to implement the new conditions. Because this information could potentially be used by outside actors to gain unauthorized access to these devices, we respectfully request that Appendix 1 be filed under seal. The Government does not object to the sealing request.

The Second Circuit has recognized a presumption of access to "judicial documents" under both common law and the First Amendment. *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In the common law framework, it is appropriate to permit the filing of documents under seal if the "weight of that presumption" is outweighed by "countervailing factors" including "the privacy interests of those resisting disclosure." *Id.* (citation and internal quotation marks omitted). The weight of the presumption of access depends upon "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 119 (citation and internal quotation marks omitted). In the First Amendment framework, it is appropriate to permit the filing of documents under seal "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (citation and internal quotation marks omitted).

The Honorable Lewis A. Kaplan
March 27, 2023
Page 2

      We assume for purposes of this submission that the Court would deem Appendix 1 to be a "judicial document" subject to the "presumption of access under both the common law and the First Amendment." *Id.* at 124. However, the presumption should be afforded little weight because Appendix 1 will play only a small role in the Court's determination of the appropriate bail conditions. *See Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) ("[D]ocuments that play only a negligible role in the performance of Article III duties are accorded only a low presumption[.]" (citation and internal quotation marks omitted)). The proposed bail conditions are set forth in detail in the proposed order, which is unredacted and provides ample information to the public to monitor the Court's exercise of its supervisory authority over Mr. Bankman-Fried's bail conditions. Appendix 1 simply provides the brand names of the monitoring software and other tools that the defense will use to implement these conditions, as well as additional description of these products. That information has little value to the public in monitoring the Court's Article III judicial power.

      By contrast, there are substantial "countervailing factors" weighing against public access to the information in Appendix 1. Mr. Bankman-Fried will have access through his electronic devices to highly sensitive information, including the FTX transactional database and the rest of the criminal discovery. In addition, the monitoring software installed on the electronic devices in the home will capture photographs of Mr. Bankman-Fried and his parents. As set forth in the Declaration of David Sun, attached as Exhibit B, this information is a highly attractive target for hackers to exploit. Publicly disclosing the specific tools and cloud-based platforms used will make it easier for hackers to gain unauthorized access to Mr. Bankman-Fried's devices. (*See* Ex. B). The need to protect against such a potential cybersecurity attack is a "countervailing factor" that greatly outweighs any presumption of access to Appendix 1. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581(PKC)(JLC), 2021 WL 4135007, at *3–4 (S.D.N.Y. Sept. 10, 2021) ("[T]he need to protect a party from a cyber security attack may be a legitimate basis to rebut the public's presumption of access to judicial documents, where the threat of a cyber security attack outweighs the extent to which the particular information was used to inform the Court's opinion.").

      For the reasons set forth above, we respectfully request that the Court sign the proposed order attached as Exhibit A and file Appendix 1 under seal. Should the Court approve these bail conditions, it may take some time to implement them. Accordingly, the defense respectfully renews its request for the specific interim relief requested in its March 17, 2023 letter; namely, that the Court sign the proposed order attached that letter allowing Mr. Bankman-Fried to access and review the FTX transactional database (the "AWS Database") using a laptop computer controlled by his attorneys. (*See* ECF No. 109).

The Honorable Lewis A. Kaplan
March 27, 2023
Page 3

Respectfully submitted,

/s/ Christian R. Everdell
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc:   All counsel of record (via ECF)

*The request to file Appendix I under seal is granted for the reasons stated above.*

SO ORDERED

LEWIS A. KAPLAN, USDJ

3/28/23