Exhibit 2

## COMMONWEALTH OF THE BAHAMAS

New Providence

### WARRANT OF SURRENDER

TO:

### THE COMMISSIONER OF THE BAHAMAS DEPARTMENT OF CORRECTIONS AND THE COMMISSIONER OF POLICE AND EVERY PEACE OFFICER

WHEREAS SAMUEL BANKMAN-FRIED a.k.a. "SBF" a citizen of The United States of America was arrested on a Provisional Warrant of Arrest dated the 12th day of December, 2022, pursuant to section 9(1)(b) of the Extradition Act ("the Act") for the offences set out in the schedule attached hereto within the jurisdiction of the United of States of America, having been indicted

AND WHEREAS UPON the arrest and appearance of SAMUEL BANKMAN-FRIED a.k.a. "SBF" before Chief Magistrate Joyann Ferguson-Pratt, he was remanded to the Bahamas Department of Correctional Services

AND WHEREAS SAMUEL BANKMAN-FRIED a.k.a. "SBF" has indicated his willingness to be extradited and having been brought before Stipendiary and Circuit Magistrate Shaka Serville who informed him of his rights to formal extradition proceedings under the Act

AND WHEREAS SAMUEL BANKMAN-FRIED a.k.a. "SBF" consented in writing to be extradited without such formal proceedings

AND WHEREAS on the 21st day of December, 2022, Stipendiary and Circuit Magistrate Shaka Serville committed SAMUEL BANKMAN-FRIED a.k.a. "SBF" into custody to await his extradition to the United States of America

NOW I do hereby, pursuant to section 17(3) of the Act, order you the said Commissioner of the Bahamas Department of Corrections, Fox Hill, to deliver the body of the said SAMUEL BANKMAN-FRIED a.k.a. "SBF" into the custody of the said Commissioner of Police or any peace officer, and I command you the said Commissioner of Police or any peace officer, to receive the said SAMUEL BANKMAN-FRIED a.k.a. "SBF" and there to place him in the custody of any person or persons appointed by the Government of The United States of America to receive him.

Given under my hand and seal
this 21st day of December in the year of our Lord,
Two Thousand and Twenty-Two in the city of
Nassau.

................................

FREDERICK A. MITCHELL
MINISTER OF FOREIGN AFFAIRS

SDNY_03_01098055

## SCHEDULE OF CHARGES

1. FRAUD BY MAIL (2 Counts), contrary to section 343 of the Penal Code Act, Chapter 84 (Wire Fraud on Customers and Wire Fraud on Lenders in violation of Title 18 United States Code Sections 1343 and 2);

2. CONSPIRACY TO FALSIFY ACCOUNTS (2 Counts) contrary to sections 89(1) and 350(1) and (2) of the Penal Code Act, Chapter 84 (Conspiracy to Commit Wire Fraud on Customers and Conspiracy to Commit Wire Fraud on Lenders in violation of Title 18 United States Code Section 1349);

3. CONSPIRACY TO COMMIT FRAUD BY FALSE PRETENCES (2 Counts) contrary to sections 89(1) and 348 of the Penal Code, Chapter 84 (Conspiracy to Commit Commodities Fraud and Conspiracy to Commit Securities Fraud in violation of Title 18 United States Code Section 371); and

4. CONSPIRACY TO COMMIT MONEY LAUNDERING contrary to section 89(1) of the Penal Code Act, Chapter 84 and sections 9 and 10 of the Proceeds of Crime Act, 2018 (Conspiracy to Commit Money Laundering in violation of Title 18 United States Code Section 1956 (h)).

SDNY_03_01098056

COMMONWEALTH OF THE BAHAMAS

New Providence

TO:  THE COMMISSIONER OF THE BAHAMAS
DEPARTMENT OF CORRECTIONS AND THE
COMMISSIONER OF POLICE AND EVERY PEACE
OFFICER

WARRANT OF SURRENDER

HONOURABLE FREDERICK A. MITCHELL
MINISTER OF FOREIGN AFFAIRS

SDNY_03_01098057

## LAW ENFORCEMENT

Extradition

Treaty Between the
UNITED STATES OF AMERICA
and the BAHAMAS

Signed at Nassau March 9, 1990



SDNY_03_01098058

NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89—497, approved July 8, 1966
(80 Stat. 271; 1 U.S.C. 113)—

". . .the Treaties and Other International Acts Series issued
under the authority of the Secretary of State shall be competent
evidence . . . of the treaties, international agreements other than
treaties, and proclamations by the President of such treaties and
international agreements other than treaties, as the case may be,
therein contained, in all the courts of law and equity and of maritime
jurisdiction, and in all the tribunals and public offices of the
United States, and of the several States, without any further proof
or authentication thereof."

## BAHAMAS

### Law Enforcement: Extradition

*Treaty signed at Nassau March 9, 1990;*
*Transmitted by the President of the United States of America*
*to the Senate October 28, 1991 (Treaty Doc. 102-17,*
*102d Congress, 1st Session);*
*Reported favorably by the Senate Committee on Foreign Relations*
*May 7, 1992 (Senate Executive Report No. 102-29,*
*102d Congress, 2d Session);*
*Advice and consent to ratification by the Senate*
*May 13, 1992;*
*Ratified by the President October 9, 1992;*
*Ratified by the Bahamas September 20, 1994;*
*Ratifications exchanged at Washington September 22, 1994;*
*Entered into force September 22, 1994.*

SDNY_03_01098060

EXTRADITION TREATY BETWEEN THE GOVERNMENT OF THE
UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE
COMMONWEALTH OF THE BAHAMAS

The Government of the United States of America and the
Government of the Commonwealth of The Bahamas:

Recalling the Treaty for the Mutual Extradition of Criminals
between the United States of America and Great Britain, signed
at London December 22, 1931;

Noting that both the Government of the United States of America
and the Government of the Commonwealth of The Bahamas currently
apply the terms of that Treaty; and

Desiring to provide for more effective cooperation between the
two States in the suppression of crime, and, for that purpose,
to conclude a new treaty for the extradition of offenders;

Have agreed as follows:

SDNY_03_01098061

## Article 1
### Obligation to Extradite

The Contracting States agree to extradite to each other,
pursuant to the provisions of this Treaty, persons whom the
authorities in the Requesting State have charged with or found
guilty of an extraditable offense.

## Article 2
### Extraditable Offenses

(1) An offense shall be an extraditable offense if it is
punishable under the laws in both Contracting States by
deprivation of liberty for a period of more than one year or by
a more severe penalty.

(2) An offense shall also be an extraditable offense if it
consists of an attempt or a conspiracy to commit, aiding or
abetting, counselling, causing or procuring the commission of,
or being an accessory before or after the fact to, an offense
described in paragraph 1.

(3) For the purposes of this Article, an offense shall be
an extraditable offense:

SDNY_03_01098062

(a) whether or not the laws in the Contracting States place the offense within the same category of offenses or describe the offense by the same terminology; or

(b) whether or not the offense is one for which United States federal law requires the showing of interstate transportation, or use of the mails or other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

(4) An offense described in this Article shall be an extraditable offense whether or not the offense was committed within the territory of the Requesting State. However, if the offense was committed outside the territory of the Requesting State, extradition shall be granted if the law of the Requested State provides for punishment of an offense committed outside of its territory in similar circumstances.

Article 3

Political and Military Offenses

(1) Extradition shall not be granted when:

SDNY_03_01098063

(a) the offense for which extradition is requested is an offense of a political character;

(b) the executive authority of the Requested State determines that the request was made for the primary purpose of prosecuting or punishing the person for an offense of a political character; or

(c) the executive authority of the Requested State determines that the request was politically or racially motivated.

(2) For the purposes of this Treaty, the following offenses shall not be considered to be offenses of a political character within the meaning of paragraph (1) of this Article:

(a) a murder or other willful crime against the life or physical integrity of a Head of State of one of the Contracting States, or of a member of that person's family, including attempts to commit such offenses; or

(b) an offense with respect to which a Contracting State has the obligation to prosecute or grant extradition to the other by reason of a multilateral treaty, convention, or other international agreement.

SDNY_03_01098064

(3) The executive authority of the Requested State may refuse
extradition for offenses under military law which are not
offenses under ordinary criminal law.

### Article 4
#### Nationality

Extradition shall not be refused on the ground that the
fugitive is a citizen or national of the Requested State.

### Article 5
#### Prior Jeopardy for the Same Offense

(1) Extradition shall not be granted when the person sought
has been convicted or acquitted in the Requested State for the
offense for which extradition is requested.

(2) Extradition shall not be precluded by the fact that the
competent authorities in the Requested State have decided not
to prosecute the person sought for the acts for which
extradition is requested, or to discontinue any criminal
proceedings which have been instituted against the person
sought for those acts.

### Article 6
### Lapse of Time

Extradition shall not be granted when all prosecution has become barred by lapse of time according to the laws in the Requesting State.

### Article 7
### Capital Punishment

When the offense for which extradition is sought is punishable by death under the laws in the Requesting State and is not punishable by death under the laws in the Requested State, the competent authority of the Requested State may refuse extradition unless:

(a) the offense constitutes murder under the laws in the Requested State; or

(b) the competent authority of the Requesting State provides such assurances as the competent authority of the Requested State considers sufficient that the death penalty will not be imposed or, if imposed, will not be carried out.

SDNY_03_01098066

### Article 8
Extradition Procedures and Required Documents

(1) The requests for extradition shall be made through the diplomatic channel.

(2) The requests for extradition shall be supported by:

(a) documents, statements, or other evidence which describe the identity, and probable location of the person sought;

(b) a statement of the facts of the case, including, if possible, the time and location of the offense;

(c) a statement of the provisions of the law describing the essential elements of the offense for which extradition is requested;

(d) a statement of the provisions of law describing the punishment for the offense; and

(e) a statement of the provisions of law describing any time limit on the prosecution.

(3) A request for extradition relating to a person who has not yet been convicted of the offense for which extradition is sought shall also be supported by:

SDNY_03_01098067

(a) a copy of the warrant of arrest issued by a judge or other competent authority together with evidence that the person requested is the person to whom the warrant refers; and;

(b) such evidence as would justify the committal for trial of the person if the offense had been committed in the Requested State or as would justify the committal for extradition of the person in accordance with the laws of the Requested State.

(4) A request for extradition relating to a person convicted of the offense for which extradition is sought shall be supported by the items in paragraph (2) above, and shall also be supported by a certificate of conviction or a copy of the judgment of conviction rendered by a court in the Requesting State. If the person has been convicted and sentenced, the request for extradition shall be supported by a statement showing to what extent the sentence has been carried out. If the person has been convicted but not yet sentenced, the request for extradition shall be supported by a statement to that effect.

(5) All documents submitted by the Requesting State shall be submitted in the English language.

SDNY_03_01098068

(6) Documents in support of the request for extradition shall be transmitted through the diplomatic channel, and shall be admissible in extradition proceedings if certified or authenticated in such manner as may be required by the law in the Requested State.

### Article 9
#### Additional Information

(1) If the executive authority of the Requested State considers that the information furnished in support of the request for extradition is not sufficient to fulfill the requirements of the Treaty, it shall request the submission of necessary additional information.

(2) The executive authority of the Requested State may fix a time limit for the submission of such information.

(3) Nothing in the foregoing shall prevent the executive authority of the Requested State from presenting to a court of that State information or evidence sought or obtained after the expiration of the time stipulated pursuant to this Article.

SDNY_03_01098069

## Article 10
### Provisional Arrest

(1) In case of urgency, either Contracting State may request the provisional arrest of any person accused or convicted of an extraditable offense. Application for provisional arrest shall be made through the diplomatic channel, or directly between the Department of Justice in the United States of America and the Attorney General in the Commonwealth of The Bahamas, in which case the facilities of the International Criminal Police Organization (INTERPOL) may be used.

(2) The application for provisional arrest shall contain:

(a) a description of the person sought;

(b) the location of the person sought, if known;

(c) a brief statement of the facts of the case, including, if possible, the time and location of the offense;

(d) a statement of the existence of a warrant of arrest or the judgment of conviction against the person sought; and

(e) a statement that a request for extradition for the person sought will follow.

(3) On receipt of the application, the Requesting State shall take the appropriate steps to secure the arrest of the person sought. The Requesting State shall be promptly notified of the results of its application.

(4) A person who is provisionally arrested shall be discharged from custody upon the expiration of sixty (60) days from the date of arrest pursuant to the application of the Requesting State if the executive authority of the Requested State has not received the formal request for extradition and the supporting documents required in Article 8.

(5) The fact that the person sought has been discharged from custody pursuant to paragraph (4) of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

### Article 11
### Decision and Surrender

(1) The Requested State shall promptly communicate through the diplomatic channel to the Requesting State its decision on the request for extradition.

SDNY_03_01098071

(2) If the request is denied in whole or in part, the Requested State shall provide such information as may be available as to the reasons for the denial of the request.

(3) If the request for extradition is granted, the competent authorities of the Contracting States shall agree on the time and place for the surrender of the person sought.

(4) If the person sought is not removed from the territory of the Requested State within the time prescribed by the law of that State, that person may be discharged from custody, and the Requested State may subsequently refuse extradition for the same offense.

### Article 12
#### Deferred and Temporary Surrender

1. If the extradition request is granted in the case of a person who is being prosecuted in the Requested State, the Requested State shall, unless its laws otherwise provide, defer the surrender of the person sought until the conviction, acquittal, or termination of the prosecution against that person.

2. If the extradition request is granted in the case of a person who is serving a sentence in the Requested State, not being a person to whom paragraph 1 applies, the Requested State may defer the surrender of the person sought until the full execution of any punishment that may have been imposed.

3. If the extradition request is granted in the case of a person who is serving a sentence in the Requested State, not being a person to whom paragraph 1 applies, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution for the offense(s) for which he was committed for extradition. The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the prosecution against that person, in accordance with conditions to be determined by agreement of the Contracting States.

## Article 13

Requests for Extradition Made by Several States

(1) If the Requested State receives requests from the other Contracting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the

Requested State shall determine to which State it will
surrender the person. In making its decision, the Requested
State shall consider all relevant factors, including but not
limited to:

    (a) the State in which the offense was committed;

    (b) the gravity of the offenses, if the States are seeking
the person for different offenses;

    (c) the nationality of the offender;

    (d) the possibility of re-extradition between the
Requesting States; and

    (e) the chronological order in which the requests were
received from the Requesting States.

### Article 14
#### Rule of Speciality

(1) A person extradited under this Treaty may only be
detained, tried, or punished in the Requesting State for the
offense for which extradition was granted, or --

SDNY_03_01098074

(a) any offense committed after the extradition;

(b) any offense in respect of which the executive authority of the Requested State, in accordance with its laws, has consented to the person's detention, trial, or punishment; and for the purposes of this subparagraph the Requested State shall require compliance with the extradition procedures specified in Article 8 and the submission of the documents specified in that Article;

(c) any offense which is a lesser offense proven by the facts before the court of committal; or

(d) any offense dealt with by the Requesting State after --

(i) the person failed to leave the territory of the Requesting State within thirty (30) days of being free to do so; or

(ii) the person has left the territory of the Requesting State and voluntarily returned to it.

(2) A person extradited under this treaty may only be extradited to a third State if --

(a) the Requested State consents; or

SDNY_03_01098075

(b) the circumstances are such that the person could be dealt with in the Requesting State pursuant to subparagraph (d) of paragraph (1).

## Article 15
### Simplified Extradition

If the person sought agrees in writing to be surrendered to the Requesting State after being advised by a competent judicial authority of his right to formal extradition proceedings, the Requested State may surrender the person without formal proceedings.

## Article 16
### Seizure and Surrender of Property

(1) To the extent permitted under the laws of the Requested State, all articles, instruments, objects of value, documents, or other evidence relating to the offense shall be seized by the Requested State, and such items shall be surrendered upon the granting of extradition. The items mentioned in this Article shall be surrendered even when extradition cannot be effected due to the death, disappearance, or escape of the person sought.

SDNY_03_01098076

(2) The Requested State may condition the surrender of the property upon satisfactory assurance from the Requesting State that the property will be returned to the Requested State as soon as practicable, and may defer surrender if the property is needed as evidence in the Requested State.

(3) The rights of third parties in such property shall be duly respected.

## Article 17
### Transit

(1) Either Contracting State may authorize transportation through its territory of a person surrendered to the other State by a third State. A request for transit shall be made through the diplomatic channel and shall contain a description of the person being transported and a brief statement of the facts of the case.

(2) No authorization is required where air transportation is used and no landing is scheduled on the territory of the Contracting State. If an unscheduled landing occurs on the territory of the other Contracting State, transit shall be subject to paragraph (1) of this Article. That Contracting

SDNY_03_01098077

State shall detain the person to be transported until the request for transit is received and the transit is effected, so long as the request is received within 96 hours of the unscheduled landing.

### Article 18
#### Representation and Expenses

(1) The Requested State shall advise, assist, appear in court on behalf of the Requesting State, and represent the interests of the Requesting State, in any proceeding arising out of a request for extradition. However, if the Requesting State retains counsel, no claim for reimbursement shall be made against the Requested State for that counsel's fees.

(2) The Requesting State shall bear the expenses related to the translation of documents and the transportation of the person surrendered. The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

(3) Neither State shall make any pecuniary claim against the other State arising out of the arrest, detention, examination, or surrender of persons sought under this Treaty.

SDNY_03_01098078

### Article 19
#### Scope of Application

This Treaty shall apply to extraditable offenses under this Treaty committed before as well as after the date this Treaty enters into force provided that extradition shall not be granted for an offense committed before this Treaty enters into force which was not an offense under the laws of both Contracting States at the time of its commission.

### Article 20
#### Ratification, Entry Into Force, and Termination

(1) This Treaty shall be subject to ratification, and the instruments of ratification shall be exchanged at Washington as soon as possible.

(2) This Treaty shall enter into force immediately upon the exchange of the instruments of ratification.

(3) Either Contracting State may terminate this Treaty at any time by giving written notice to the other Contracting State, and the termination shall be effective six months after the date of the receipt of such notice. Such termination shall not

SDNY_03_01098079

prejudice any request for extradition made prior to the date on which the termination becomes effective.

(4) Upon the entry into force of this Treaty, the Extradition Treaty between the United States of America and Great Britain, signed at London December 22, 1931, shall cease to have effect between the United States of America and the Commonwealth of The Bahamas. Nevertheless, the 1931 Treaty shall continue to have effect in relation to any extradition proceedings pending when this Treaty enters into force.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Treaty.

DONE, in duplicate, at the city of Nassau, this 9th day of March 1990.

FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA:

FOR THE GOVERNMENT OF
THE COMMONWEALTH OF THE
BAHAMAS:

SDNY_03_01098080

SDNY_03_01098081