UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
UNITED STATES OF AMERICA :
: S5 22 Cr. 673 (LAK)
v. :
:
SAMUEL BANKMAN-FRIED, :
:
Defendant. :
------------------------------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT OF SAMUEL BANKMAN-FRIED'S MOTION TO DISMISS MULTIPLICITOUS COUNTS IN THE S5 INDICTMENT

## PRETRIAL MOTION NO. 7

Mark S. Cohen
Christian R. Everdell
S. Gale Dick
Sri K. Kuehnlenz
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, NY  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com
sgdick@cohengresser.com
skuehnlenz@cohengresser.com

*Attorneys for Samuel Bankman-Fried*

## TABLE OF CONTENTS

                                **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.     COUNTS 1 AND 9 UNDER 18 U.S.C. § 1349 ARE MULTIPLICITOUS ....................... 4

II.    COUNTS 3 AND 10 UNDER 18 U.S.C. § 371 ARE MULTIPLICITOUS ...................... 7

III.   THE COURT MAY NOT ENTER CONVICTION ON MULTIPLICITOUS COUNTS .................................................................................................................... 10

IV.   THE COURT SHOULD DISMISS THE MULTIPLICITOUS COUNTS BEFORE TRIAL ............................................................................................................. 10

CONCLUSION ........................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blockburger v. United States*,
 284 U.S. 299, 52 S. Ct. 180 (1932) ...................................................................................... 3

*United States v. Basciano*,
 599 F.3d 184 (2d Cir. 2010) ................................................................................................. 4

*United States v. Broce*,
 488 U.S. 563, 109 S. Ct. 757 (1989) .................................................................................... 6

*United States v. Calderone*,
 982 F.2d 42 (2d Cir. 1992) ......................................................................................... 1, 4, 7, 9

*United States v. Carter*,
 576 F.2d 1061 (3d Cir. 1978) ............................................................................................. 11

*United States v. Dumitru*,
 No. 18-CR-0243 (LAK), 2018 WL 3407703 (S.D.N.Y. June 26, 2018) ........................... 10

*United States v. Duncan*,
 850 F.2d 1104 (6th Cir. 1988) ............................................................................................ 11

*United States v. Estrada*,
 320 F.3d 173 (2d Cir. 2003) ................................................................................................. 4

*United States v. Gaskin*,
 364 F.3d 438 (2d Cir. 2004) ............................................................................................. 3, 4

*United States v. Hernandez*,
 No. 09 CR 625 (HB), 2009 WL 3169226 (S.D.N.Y. Oct. 1, 2009) ..................................... 6

*United States v. Johnson*,
 130 F.3d 1420 (10th Cir. 1997) .......................................................................................... 11

*United States v. Jones*,
 482 F.3d 60 (2d Cir. 2006) ................................................................................................... 2

*United States v. Josephberg*,
 459 F.3d 350 (2d Cir. 2006) ......................................................................................... 10, 11

*United States v. Ketchum*,
 320 F.2d 3 (2d Cir. 1963) ................................................................................................... 11

**Page(s)**

*United States v. Langford*,
   946 F.2d 798 (11th Cir. 1991) ................................................................................................11

*United States v. Macchia*,
   35 F.3d 662 (2d Cir. 1994) ............................................................................................5, 7, 8

*United States v. Maxwell*,
   No. 20-CR-330 (AJN), 2022 WL 1294433 (S.D.N.Y. Apr. 29, 2022) ........................3, 5, 6, 8

*United States v. Polizzi*,
   257 F.R.D. 33 (E.D.N.Y. 2009) ..............................................................................................11

*United States v. Reed*,
   639 F.2d 896 (2d Cir. 1981) ..............................................................................................2, 11

*United States v. Smith*,
   112 F.2d 83 (2d Cir. 1940) .....................................................................................................11

**Statutes**

18 U.S.C. § 371 ................................................................................................................2, 3, 7, 8

18 U.S.C. § 1349 ..............................................................................................................1, 3, 4, 5

**Other Authorities**

Fed. R. Crim. P. 12 .................................................................................................................1, 10

Pursuant to the Double Jeopardy Clause of the Fifth Amendment and Federal Rule of Criminal Procedure 12(b)(3)(B)(ii), Mr. Bankman-Fried requests that the Court find that Counts 9 and 10 of the Superseding Indictment, Mar. 28, 2023, ECF No. 115 ("S5 Indictment") are multiplicitous of Counts 1 and 3, respectively, because Counts 9 and 10, as alleged, charge the same offenses as Counts 1 and 3, and would violate the Double Jeopardy Clause unless one count in each pair of counts is dismissed.

## PRELIMINARY STATEMENT

The S5 Indictment charges two pairs of conspiracy counts against Mr. Bankman-Fried that, in each instance, are the same as each other in law and fact such that a judgment of conviction on both counts would violate Mr. Bankman-Fried's double-jeopardy rights. Because a judgment of conviction for the same crime in two counts would be unconstitutional, the Court should either dismiss the multiplicitous counts in the S5 Indictment *before trial* or require the Government to elect between them *before trial* to avoid the undue prejudice to Mr. Bankman-Fried of suggesting to the jury that he has committed multiple iterations of the same crimes.

Here, Counts 1 and 9 and Counts 3 and 10, respectively, of the S5 Indictment are multiplicitous under the Second Circuit's standard for conspiracies that are redundantly charged under the same statute, because the facts of the conspiracies substantially, or entirely, overlap. *See United States v. Calderone*, 982 F.2d 42, 45-46 (2d Cir. 1992) (charged conspiracy multiplicitous where facts "wholly contained" within previously prosecuted conspiracy). Counts 1 and 9 charge Mr. Bankman-Fried under the same conspiracy statute, 18 U.S.C. § 1349, and the facts of the alleged conspiracy charged in Count 9 (conspiracy to open a bank account to obtain FTX customer deposits based upon false representations to a bank) are encompassed within Count 1 (conspiracy to commit wire fraud on FTX customers), such that the conspiracy charged is a single agreement. Likewise, Counts 3 and 10 are also charged under the same

conspiracy statute, 18 U.S.C. § 371, and the facts alleged in connection with Count 10 (conspiracy to operate an unlicensed money transmitting business) are subsumed within the larger scheme charged in Count 3 (conspiracy to commit commodities fraud on FTX customers) and also form one single agreement for purposes of double jeopardy.

Although Second Circuit precedent permits the charging and trial of multiplicitous counts, it does not allow conviction and punishment for the same crime twice. Therefore, if found guilty of the counts at trial, Mr. Bankman-Fried may only be convicted once under Counts 1 and 9, and once under Counts 3 and 10, and any multiple verdicts of conviction within those sets of counts may not be the subject of sentencing and judgment. While recognizing that the Court has previously declined to dismiss multiplicitous counts before trial, we file this motion to preserve the issue and respectfully request that the Court at this time either dismiss the multiplicitous counts or order the Government to elect which non-multiplicitous counts to pursue to avoid undue prejudice to Mr. Bankman-Fried's defense.

## ARGUMENT

"An indictment is multiplicitous when a single offense is alleged in more than one count." *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006) (internal quotation marks and citation omitted). Charged counts are multiplicitous when they are "the same in fact and in law." *Id*. (quoting *United States v. Estrada*, 320 F.3d 173, 180 (2d Cir. 2003)). When a defendant is found guilty of multiplicitous charges, "the court should enter judgment on only one of the statutory offenses" to avoid violating the Double Jeopardy Clause. *Id.* (internal quotation marks and citations omitted). "The vice in multiplicity of charges is that it may lead to multiple sentences for the same offense and may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981).

The general test for determining whether charges are multiplicitous in violation of the Double Jeopardy Clause is reflected in the Supreme Court's ruling in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932) (holding that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test . . . to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not"). Where an accused is charged with two or more conspiracies in violation of the same statutory provision—in Mr. Bankman-Fried's case, both the general conspiracy statute, 18 U.S.C. § 371, and the fraud conspiracy statute, 18 U.S.C. § 1349—multiplicity turns on whether, as a factual matter, the conspiracies involve the same agreement or "distinct" agreements to violate the law. *See United States v. Gaskin*, 364 F.3d 438, 454 (2d Cir. 2004); *United States v. Maxwell*, No. 20-CR-330 (AJN), 2022 WL 1294433, at *3 (S.D.N.Y. Apr. 29, 2022) ("If the two offenses at issue are both conspiracies charged under the same statute, then the multiplicity inquiry turns on whether the two conspiracies are the same 'in fact,' meaning they involve the same agreement.").

In this context, the Second Circuit has adopted a multifactor test (the "*Korfant*" test) for determining whether the conspiracies brought under the same statute involve the "same agreement" and therefore constitute the same offense for double jeopardy purposes. These factors include: (1) the criminal offenses charged in successive indictments;[1] (2) the overlap of participants; (3) the overlap of time; (4) similarity of operation; (5) the existence of common overt acts; (6) the geographic scope of the alleged conspiracies or location where overt acts

---

[1] Although the first *Korfant* factor directs the court to consider "the criminal offenses charged in successive indictments," where, as here, a defendant has been charged in one indictment with multiple conspiracies arising under the same statutory provision, courts will assess the concurrent charges. *See, e.g., United States v. Maxwell*, No. 20-CR-330 (AJN), 2022 WL 1294433, at *3 (S.D.N.Y. Apr. 29, 2022) (holding that conspiracy charges in same indictment were multiplicitous under *Korfant*).

3

occurred; (7) common objectives; and (8) the degree of interdependence between alleged distinct conspiracies. *United States v. Estrada*, 320 F.3d 173, 180-81 (2d Cir. 2003) (citing *United States v. Korfant*, 771 F.2d 660, 662 (2d Cir.1985) (per curiam); *accord United States v. Basciano*, 599 F.3d 184, 198 (2d Cir. 2010) ("*Korfant* established a set of fact-based factors relevant to determining whether successive conspiracy charges brought under the same statute were the same for double jeopardy purposes.") (emphasis omitted). "[N]o dominant factor or single touchstone determines whether the compared conspiracies are in law and fact the same." *Estrada*, 320 F.3d at 181 (internal quotation marks and citation omitted).

Conspiracy charges will necessarily be held to be the "same" for double jeopardy purposes where one conspiracy is encompassed within the other, *i.e.*, where "the relationship of the two schemes appears to have been that of concentric rather than overlapping circles." *Gaskin*, 364 F.3d at 454. For example, in *Calderone*, the Second Circuit applied *Korfant* and determined that a second conspiracy was "simply a small component of the prior larger conspiracy" and therefore the same for double jeopardy purposes. *United States v. Calderone*, 982 F.2d 42, 48 (2d Cir. 1992). "[W]here a smaller conspiracy is 'wholly contained' within a larger one, they are 'normally, perhaps always,' treated as the same offense for jeopardy purposes." *Gaskin*, 364 F.3d at 454 (quoting *United States v. Macchia*, 35 F.3d 662, 672 (2d Cir. 1994) (Newman, C.J., concurring)).

**I.   COUNTS 1 AND 9 UNDER 18 U.S.C. § 1349 ARE MULTIPLICITOUS**

Under *Korfant*, the conspiracy to commit bank fraud that is charged in Count 9 constitutes a smaller scheme wholly contained within the conspiracy to commit wire fraud on FTX customers that is charged in Count 1. Consequently, Counts 1 and 9 are the same in fact for

4

purposes of multiplicity, and a judgment of conviction on both would violate the Double Jeopardy Clause.[2]

(1) <u>Offenses charged in the Indictment</u>. Counts 1 and 9 are charged under the same statute, 18 U.S.C. § 1349. S5 Indictment ¶¶ 64-65, 86-87.

(2) <u>Overlap of participants</u>. The alleged participants in both conspiracies consist of "SAMUEL BANKMAN-FRIED . . . and others known and unknown." *Id.* ¶¶ 64, 86. In weighing this factor, courts consider not only whether common participants were involved, but also whether the participants played the same or different roles in the conspiracies. *See United States v. Macchia*, 35 F.3d 662, 669 (2d Cir. 1994). Here, the only specifically named participant in the S5 Indictment, Mr. Bankman-Fried, is alleged to have played the same role of "directing" the conspiracies in both Counts 1 and 9, which supports finding a single conspiracy. *See* S5 Indictment ¶¶ 4, 14-27.

(3) <u>Overlap of time</u>. The time period of the alleged conspiracy in Count 9 is contained within the time period in Count 1. *Compare id.* ¶ 86 ("From at least in or about October 2019, up to and including in or about November 2022") (Count 9) *with id.* ¶ 64 ("From at least in or about 2019, up to and including in or about November 2022") (Count 1). Where one count is "'wholly within the time frame'" of another count, it "substantially favors the Defendant" and "raises the inference that one conspiracy wholly encompasses the other." *United States v. Maxwell*, No. 20-CR-330 (AJN), 2022 WL 1294433, at *5 (S.D.N.Y. Apr. 29, 2022) (quoting *Calderone*, 982 F.2d at 47) (citation omitted).

(4) <u>Similarity of operation</u>. The Government alleges that the conspiracy in Count 1 was "a scheme . . . to defraud customers of FTX by misappropriating those customers' deposits."

---

[2] Paragraph 85 of the S5 Indictment (the first paragraph in Count 9) incorporates by reference all of the factual allegations that are relied upon in support of Count 1.

5

S5 Indictment ¶ 65. This larger scheme encompasses the allegations in Count 9 that Mr. Bankman-Fried conspired to made misrepresentations to a financial institution "in order to open a bank account and to obtain customer deposits and fees," and thereafter use the account "for the receipt and transmission of customer funds." *Id.* ¶ 87.

(5) <u>Existence of common overt acts</u>. No overt acts are charged under either count.

(6) <u>Geographic scope</u>. The Government charges that both Count 1 and Count 9 took place "in the Southern District of New York and elsewhere." *Id.* ¶¶ 64, 86.

(7) <u>Common objectives</u>. Although the statutory objectives in Counts 1 and 9 differ, they formed part of a single conspiracy for double jeopardy purposes. Courts in this District have found conspiracies based on different underlying substantive crimes to be multiplicitous where they arise from the same agreement. *See, e.g.*, *Maxwell*, 2022 WL 1294433, at *4 (conspiracies to violate 18 U.S.C. § 2423(a) (unlawful sexual activity) and 18 U.S.C. § 1591 (commercial sexual activity with a minor) were multiplicitous); *United States v. Hernandez*, No. 09 CR 625 (HB), 2009 WL 3169226, at *11 (S.D.N.Y. Oct. 1, 2009) (conspiracies to defraud the United States and to commit mail and wire fraud were the same as earlier conspiracy to use or transfer false IDs). Here, the objective in Count 1 to defraud FTX customers by misappropriating customer deposits, S5 Indictment ¶ 65, and the objective in Count 9 to open a bank account to obtain customer deposits and fees, *id.* ¶ 87, formed part of a single conspiracy to defraud FTX customers. *See, e.g.*, *Maxwell*, 2022 WL 1294433, at *4 ("It is well established that a single conspiracy can contain multiple objectives, particularly if the objectives share important similarities."); *see also United States v. Broce*, 488 U.S. 563, 570–71, 109 S. Ct. 757, 763 (1989) ("A single agreement to commit several crimes constitutes one conspiracy.").

(8)     Degree of interdependence.  This factor requires the court to consider "the extent to which the success or failure of one conspiracy is independent of a corresponding success or failure by the other."  *Macchia*, 35 F.3d 671.  The conspiracy alleged in Count 1 is substantially dependent on the success of the conspiracy alleged in Count 9.  If the conspiracy to commit bank fraud in Count 9 were to fail, then the alleged conspiracy in Count 1 would not have had an "account . . . to receive and transmit customer funds in the operation of a cryptocurrency exchange."  S5 Indictment ¶ 87; *see also id.* ¶ 4 ("[I]n 2021, FTX began to accept customer fiat deposits into an Alameda-affiliated bank account that itself was established through a fraudulent scheme . . . .  This account functioned as a mechanism for the routine and brazen misappropriation of those deposits.")  As a result, the conspiracy alleged in Count 9 was "a small component of the [] larger conspiracy" charged in Count 1, and the same for double jeopardy purposes.  *United States v. Calderone*, 982 F.2d 42, 48 (2d Cir. 1992).

Based on the foregoing analysis, Counts 1 and 9 are multiplicitous because the conspiracy charged in Count 9 is encompassed within, and the same in law and fact as, the conspiracy charged in Count 1.

## II.    COUNTS 3 AND 10 UNDER 18 U.S.C. § 371 ARE MULTIPLICITOUS

The conspiracy to operate an unlicensed money transmitting business that is charged in Count 10 constitutes a smaller scheme that is contained within the conspiracy to commit commodities fraud on FTX customers that is charged in Count 3.  Counts 3 and 9 are therefore the same in fact for purposes of multiplicity, and conviction on both would violate the Double Jeopardy Clause.[3]

---

[3] Paragraph 88 of the S5 Indictment (the first paragraph in Count 10) incorporates by reference all of the factual allegations that are relied upon in support of Count 3.

(1)     Offenses charged in the Indictment.  Counts 3 and 10 are charged under the same statute, 18 U.S.C. § 371.  S5 Indictment ¶¶ 69-71, 89-91.

(2)     Overlap of participants.  The alleged participants in both conspiracies consist of "SAMUEL BANKMAN-FRIED . . . and others known and unknown."  Id. ¶¶ 69, 89.

(3)     Overlap of time.  The time period of the alleged conspiracy in Count 10 is contained within the time period in Count 3.  Compare id. ¶ 89 ("From at least in or about October 2019, up to and including in or about November 2022") (Count 10) with id. ¶ 69 ("From at least in or about 2019, up to and including in or about November 2022") (Count 3).

(4)     Similarity of operation.  The Government alleges that the conspiracy in Count 3 was a scheme to "defraud customers of FTX trading or intending to trade futures, options, swaps and derivatives by misappropriating those customers' deposits."  Id. ¶ 70.  This larger scheme encompasses the allegations in Count 10 that Mr. Bankman-Fried conspired to "conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business," including causing FTX customers to send wire transfers to FTX.  Id. ¶¶ 90-91.

(5)     Existence of common overt acts.  In weighing the role of common overt acts in deciding multiplicity, the Second Circuit has acknowledged, "the ease with which prosecutors can draft indictments that allege what appear to be separate conspiracies but may actually be parts of an overall conspiracy."  Macchia, 35 F.3d at 670 (citation omitted).  Counts 3 and 10 do not charge common overt acts, S5 Indictment ¶¶ 71, 91, but given the dependency of this factor on prosecutors' decisions in drafting an indictment, it should be considered "only slightly." Maxwell, 2022 WL 1294433, at *7.  Moreover, although not identical, the overt acts in Counts 3 and 10 factually overlap in that they both concern the alleged treatment or receipt of FTX customer deposits.  See S5 Indictment ¶ 71 ("[I]n or about June 2022, [Mr. Bankman-Fried] and

8

others misappropriated FTX customer deposits in order to, among other things, satisfy loan obligations owed by Alameda Research.") (Count 3); *id.* ¶ 91 ("Alameda and FTX employees, at the direction of [Mr. Bankman-Fried] caused FTX customers to send wire transfers and sent wire transfers to FTX customers . . . .") (Count 10).

(6)     Geographic scope.  The Government charges that both Count 3 and Count 10 took place in, and that relevant overt acts occurred in, "the Southern District of New York and elsewhere."  *Id.* ¶¶ 69-71, 89-91.

(7)     Common objectives.  Although the statutory objectives in Counts 3 and 10 differ, they formed part of a single conspiracy for double jeopardy purposes.  The objective in Count 3 to "defraud customers of FTX trading or intending to trade futures, options, swaps and derivatives by misappropriating those customers' deposits," *id.* ¶ 70, and the objective in Count 10 to "conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business," which was alleged to involve causing FTX customers to send wire transfers to FTX, *id.* ¶¶ 90-91, formed part of a single overarching conspiracy to defraud FTX customers in connection with the sale of commodities.

(8)     Degree of interdependence.  The conspiracy alleged in Count 3 is substantially dependent on the success of the conspiracy alleged in Count 10.  The operations of the "unlicensed money transmitting business" alleged in Count 10, including the sending and receipt of FTX customer wires, would necessarily have been integral to the alleged conspiracy in Count 3 to misappropriate the deposits of FTX customers who traded in commodities on FTX. What the S5 Indictment has described is a smaller conspiracy in Count 10 that was a component of a larger scheme alleged in Count 3, which are the same for double jeopardy purposes.  *See Calderone*, 982 F.2d at 48.

9

Accordingly, Counts 3 and 10 are multiplicitous because the conspiracy charged in Count 10 is encompassed within, and the same in law and fact as, the conspiracy charged in Count 3.

### III. THE COURT MAY NOT ENTER CONVICTION ON MULTIPLICITOUS COUNTS

Under the Second Circuit's decision in *United States v. Josephberg*, in cases where there has been no prior prosecution for the charges in an indictment, "the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." 459 F.3d 350, 355 (2d Cir. 2006). Where a jury convicts on more than one multiplicitous count, a court should therefore enter conviction on only one of the counts. *Id.*

Accordingly, if the jury were to convict Mr. Bankman-Fried on both Counts 1 and 9, the Court may only enter conviction on one of them; and if the jury were to convict Mr. Bankman-Fried on both Counts 3 and 10, the Court may only enter conviction on one of them. While these considerations are pertinent for trial, Mr. Bankman-Fried submits this issue for consideration now because Federal Rule of Criminal Procedure 12(b)(3) requires that defects in the S5 Indictment, including multiplicity, be raised by pretrial motion. Fed. R. Crim. P. 12(b)(3)(B)(ii).

### IV. THE COURT SHOULD DISMISS THE MULTIPLICITOUS COUNTS BEFORE TRIAL

Mr. Bankman-Fried recognizes the Court's prior ruling in other actions that the Second Circuit's decision in *Josephberg* precludes dismissal of multiplicitous counts before trial. *United States v. Dumitru*, No. 18-CR-0243 (LAK), 2018 WL 3407703, at *1 (S.D.N.Y. June 26, 2018) (citing *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006)). Nonetheless, in order to preserve the issue for further review, Mr. Bankman-Fried respectfully moves the Court to

10

dismiss the multiplicitous counts in the S5 Indictment before trial, or to require the Government to elect between them, in order to prevent undue prejudice.

Prior to the *Josephberg* decision, the Second Circuit recognized that multiplicity of charges "may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981); *see United States v. Smith*, 112 F.2d 83, 85 (2d Cir. 1940) ("[E]ven when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one."); *see also United States v. Ketchum*, 320 F.2d 3, 8 (2d Cir. 1963) (noting that requiring the Government to elect among multiplicitous counts before trial "promot[es] the order and efficiency of the trial and avoid[s] the risk that the prolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes.") (internal quotation omitted); *United States v. Polizzi*, 257 F.R.D. 33, 36 (E.D.N.Y. 2009) ("A multiplicitous indictment creates an exaggerated impression of a defendant's criminal activity by charging 'an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed.'") (quoting *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir.1999)). Other circuits have also found that pretrial resolution of multiplicitous charges is appropriate.[4] Accordingly, this Court should prevent unfair prejudice to Mr. Bankman-Fried by dismissing the multiplicitous counts before trial, or ordering the Government to elect which count to try, which other courts have concluded is the better approach.

---

[4] *See, e.g., United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (noting the possible prejudicial effect of multiplicitous counts); *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991) (multiplicitous counts "may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one"); *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988) (multiplicitous counts "may falsely suggest to a jury that a defendant has committed not one but several crimes"), *overruled on other grounds by Schad v. Arizona*, 501 U.S. 624 (1991); *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978) (multiplicitous indictment "may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present").

## **CONCLUSION**

For the reasons set forth above, we respectfully request that the Court dismiss the multiplicitous counts in the S5 Indictment before trial or require the Government to elect between them before trial.

Dated:  May 8, 2023
  New York, New York

Respectfully submitted,

*/s/ Mark S. Cohen*
Mark S. Cohen
Christian R. Everdell
S. Gale Dick
Sri K. Kuehnlenz
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, NY  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com
sgdick@cohengresser.com
skuehnlenz@cohengresser.com

*Attorneys for Samuel Bankman-Fried*
