```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————— x
                                             :
UNITED STATES OF AMERICA                     :
                                             :     S5 22 Cr. 673 (LAK)
            v.                               :
                                             :
SAMUEL BANKMAN-FRIED,                        :
                                             :
            Defendant.                       :
                                             :
———————————————————— x
```

## SUPPLEMENTAL DECLARATION OF HONOURABLE JAMES LEWIS KC

**I, the Honourable James Lewis KC, declare pursuant to 28 U.S.C. § 1746 as follows:**

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Supplemental Declaration is based on my personal knowledge.

## I.     SUMMARY OF OPINION

2. This Supplemental Declaration is in addition to my Declaration of 8 May 2023. I have been retained by Cohen & Gresser to address (1) the role the Bahamian magistrate has in the simplified extradition process; (2) the significance of the Warrant of Surrender; and (3) the Bahamian laws relevant to determining whether consent may be given under Article 14(1)(b) of the Extradition Treaty between the United States and The Bahamas signed at Nassau on 9 March 1990 (the "Treaty").

3. In summary for the reasons given below I am of the opinion that:

    a. The Bahamian magistrate has a limited role to perform in the simplified extradition process and that role does not extend to determining whether the Bahamian test for dual criminality in respect of the extradition offences is made out;

    b. The Warrant of Surrender is the official document sent through diplomatic channels identifying the offences for which the fugitive is being surrendered to the United States of America; and

    c. The reference to 'laws' in Article 14(1)(b) of the Treaty, namely: "any offense in respect of which the executive authority of the Requested State, in accordance with its laws, has consented to …" means that the executive authority of The Bahamas can only give consent if Bahamian law allows it to be given. This consent may be subject to judicial review procedures in the Supreme Court of The Bahamas.

## II.   OPINION

*The role of the Bahamian magistrate*

4. The role of the Bahamian magistrate in simplified extradition proceedings pursuant to Section 17 of the Bahamas Extradition Act is very limited indeed. It is not discretionary and is limited to informing the fugitive of his right to formal extradition proceedings, and, if the fugitive consents to be extradited without formal proceedings, the magistrate *shall* commit him to custody to await his extradition. The relevant section of the Bahamian Extradition Act reads:

   > 17(2): "If the fugitive, upon being informed of his right to extradition proceedings, consents in writing to be extradited without such proceedings, the magistrate shall commit him to custody to await his extradition under this Act."

5. The magistrate does not issue a warrant of surrender or make any determinations he would otherwise make if formal extradition proceedings had been carried out. In particular, he makes no finding as to dual criminality.

*The Warrant of Surrender*

6. Once the fugitive has been committed to custody by the magistrate, the Minister of Foreign Affairs *may* order his extradition. Sections 17(3) and (4) set out the jurisdiction of the Minister:

   > 17(3): "Subject to subsection (4), where a fugitive is committed to custody to await his extradition pursuant to subsection (2), the Minister may, notwithstanding the provisions of section 11, order him to be extradited forthwith to the approved State by which the request for extradition was made.
   >
   > (4) In making an order under subsection (3) the Minister shall have regard to the provisions of section 7 and to the requirements of section 12(2), (3), (4) and (5) relating to the making of an order under that section."

7. Section 7 of the Extradition Act contains the General restrictions on extradition. The mere fact that the Minister is obliged to consider Section 7 under the simplified procedure means that the Minister exercises a discretion whether or not to order extradition regardless of the prior consent of the fugitive to waive formal extradition proceedings before the magistrate. Notwithstanding the prior consent of the fugitive to waive formal extradition proceedings, the Minister may not, for example, order the extradition of such fugitive where the offence is of a political character, or a military offence that is not also an offence under general criminal law, the offence is statute-barred, the fugitive might suffer discrimination in the requesting state, or there is no adequate agreement in place between The Bahamas and the requesting state to observe the rule of specialty.

8. The fact a fugitive is extradited by the order of the Minister means the specialty arrangement will continue to be honoured by the states following extradition.

9. Section 12(3) of the Extradition Act must be considered by the Minister. This provision in turn brings in a prohibition on surrender if the grounds mentioned in Section 11(3) of the Extradition Act appear to be made out. Section 11(3) reads:

   "(a) by reason of the trivial nature of the offence of which he is accused or was convicted; or

   (b) by reason of the passage of time since he is alleged to have committed the offence or to have become unlawfully at large, as the case may be;

   or

   (c) because the accusation against him is not made in good faith in the interest of justice,

   it would, having regard to all circumstances, be unjust or oppressive to extradite him."

10. Section 12(4) gives the Minister discretion to refuse extradition if a sentence of death could be, or has been, imposed.

11. These provisions in the Extradition Act closely follow the requirements and prohibitions in the Treaty.

12. It follows that the Minister must make an informed decision in compliance with the Extradition Act before ordering surrender notwithstanding the prior consent of the fugitive to waive formal extradition proceedings before the magistrate. That decision is embodied in the Warrant of Surrender, which is the only formal document issued by The Bahamas in respect of the order to extradite.

13. The Warrant of Surrender is under the hand and seal of the Minister and is usually sent to the requesting state through diplomatic channels. This would comply with Article 11 of the Treaty and is in my opinion the juridical basis for the Rule of Specialty as set out in Article 14 of the Treaty.

*Bahamian laws engaged by Article 14(1)(b) of the Treaty*

14. Article 14(1)(b) of the Treaty requires the requesting state to comply with Article 8 of the Treaty, which sets forth the documents the requesting state must supply through diplomatic channels to support an extradition request.

15. This is because the Minister must ensure the request to try the fugitive on any additional offences complies with the Extradition Act. The Minister cannot give consent to allow the defendant to be tried in the requesting state on any offence on which extradition would be refused. This means the offence must satisfy dual criminality[1], not offend any provision

---

[1] Section 5 of the Extradition Act and Article 2 of the Treaty.

Case 1:22-cr-00673-LAK   Document 157   Filed 06/12/23   Page 4 of 4

of Section 7 of the Extradition Act, sufficient evidence to justify committal on the offence in The Bahamas[2], and not offend the grounds in Section 11(3) of the Extradition Act.

16. The decision of the Minister to grant or refuse consent is subject to the ordinary public law challenges brought by the fugitive in the Supreme Court of The Bahamas and any appeal therefrom.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 11, 2023.

London

Signature

*James Lewis*

The Honourable James Lewis KC

---

[2] Section 10 of the Extradition Act and Article 8(3)(b) of the Treaty.

4