

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

August 18, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

On behalf of our client, Samuel Bankman-Fried, we write to object to the Government's current plan to provide discovery access while Mr. Bankman-Fried is housed in the Metropolitan Detention Center (MDC). As set forth below, the plan is entirely inadequate given the extraordinarily voluminous discovery in this case and will substantially interfere with Mr. Bankman-Fried's Sixth Amendment right to participate in preparing his defense and his right to receive effective assistance of counsel. Instead, the defense requests that the Court order the Marshals to produce Mr. Bankman-Fried to the U.S. Attorney's Office proffer rooms on the fifth floor of the 500 Pearl Street courthouse five days a week so that he can review discovery in the presence of his attorneys and share materials with them via Google Docs and email on an Internet-enabled laptop. We further request that the Court order that defense counsel may bring two Internet-enabled laptops and two mobile WiFi devices (one each for Mr. Bankman-Fried and for defense counsel) into the 500 Pearl Street courthouse for these meetings, which defense counsel will take back with them at the end of each meeting.

As an interim measure, we request that the Court order the Marshals to produce Mr. Bankman-Fried to 500 Pearl Street for the entire day of his arraignment on Tuesday, August 22, and order that defense counsel may bring in two Internet-enabled laptops and WiFi devices on that day. Because Mr. Bankman-Fried will already be at the courthouse for his 9:00am arraignment, we would like to use that opportunity to meet with him in person in the proffer rooms for the remainder of the day.

The Honorable Lewis A. Kaplan
August 18, 2023
Page 2

### **Status of Discovery Access and the Government's Discovery Plan**

At the bail hearing on August 11, 2023, the Government represented to the Court that it had spoken to Putnam County Correctional Facility about housing Mr. Bankman-Fried and that the facility had informed the Government that it "would permit the defendant to have a laptop that is enabled for internet-based discovery review," which would "largely address the concerns raised by the defense" about access to discovery. Tr. 8/11/2023 Conf. at 6. The Government further represented to the Court that it would take "about a week" to create a laptop for Mr. Bankman-Fried that would restrict his Internet access to the Relativity database and the AWS database. *Id.* The Government also represented that the reason they were proposing Putnam County Correctional Facility was that it would take "at least weeks" to load the full discovery onto a laptop, and that even then there was no guarantee that the discovery would be "readable or searchable" in that format. *Id.* at 42. Hence, even at that bail hearing the Government appeared to recognize that internet-based discovery review is the only viable option for Mr. Bankman-Fried to have sufficient access to the discovery and prepare his defense.

On a call just three days later, on Monday, August 14, 2023, the Government told defense counsel that Putnam County Correctional Facility was no longer an option (if it ever was a viable option to begin with) and that Mr. Bankman-Fried would need to be housed at the MDC. The Government further stated that the MDC had not agreed to let Mr. Bankman-Fried use an internet-enabled laptop, although they had not yet received final word on that issue. The Government also stated that it would be a "challenge" to load the discovery onto a laptop because it is over four terabytes of data and that getting the full discovery to Mr. Bankman-Fried in the MDC was "not going to happen" any time soon. The Government also acknowledged that there was no way to provide Mr. Bankman-Fried access to the AWS database without internet access. The Government's interim solution, at least on that call, was to have defense counsel prepare a hard drive containing a "selection" of important documents that we could provide to Mr. Bankman-Fried in the meantime. Although this is an entirely inadequate solution, the defense has prepared a hard drive which it will send to Mr. Bankman-Fried today, even though Mr. Bankman-Fried does not have a dedicated laptop to review them.

After a brief call on Wednesday, August 16, in which the Government represented that it was "still working on" getting MDC to agree to provide internet access, the parties spoke again yesterday. On that call, the Government offered its current proposal, which is the following:



The Honorable Lewis A. Kaplan
August 18, 2023
Page 3

This is entirely inadequate and Mr. Bankman-Fried will not be able to meaningfully participate in his defense, as is his right under the Sixth Amendment. *First*, the Government concedes that given the extraordinary volume of the discovery, internet-enabled discovery review is the only viable way for Mr. Bankman-Fried to get access to the discovery quickly so that he can prepare for trial. And yet, the Government proposes to limit his ability to review the discovery to only <u>twice</u> a week. That is not the understanding that the Court expressed at the last bail hearing, which was that Mr. Bankman-Fried would have "very liberal[]" access to discovery "nine, ten, eleven, twelve hours <u>a day</u>." Tr. 8/11/2023 Conf. at 40. *Second*, it does not appear that Mr. Bankman-Fried will be given a dedicated non-internet-enabled computer in the MDC. Hence, he will have extremely limited access to any "selected" documents we may send him on hard drives because of the staffing shortages we referenced in our prior submission. *Third*, without access to Google Docs or email, Mr. Bankman-Fried has no effective way to share his work product with defense counsel. ████ is not a meaningful way to confer with his lawyers, putting us in an impossible position and depriving us of the ability to provide effective assistance of counsel. *Fourth*, just last week the Government produced three quarters of a million pages of Slack communications, which were supposed to be produced months ago, that Mr. Bankman-Fried will have no hope of reviewing under this schedule.

### Meetings with Mr. Bankman-Fried

The impairment of Mr. Bankman-Fried's Sixth Amendment rights is not limited to his inability to review the discovery. Defense counsel went to the MDC twice this week and had to wait 2-3 hours each time before Mr. Bankman-Fried was produced. While we would probably be able to work through these delays under normal circumstances, we no longer have the luxury of time given the extraordinarily voluminous discovery and the proximity of trial. It is therefore critical that we be able to meet with Mr. Bankman-Fried outside of the MDC in the 500 Pearl Street proffer rooms to be able to prepare his defense.

\*      \*      \*

For these reasons, the defense requests that the Court order the Marshals to produce Mr. Bankman-Fried to the U.S. Attorney's Office proffer rooms on the fifth floor of the 500 Pearl Street courthouse five days a week so that he can review discovery in the presence of his attorneys and share materials with them via Google Docs and email on an Internet-enabled laptop. We further request that the Court order that defense counsel may bring two Internet-enabled laptops and two mobile WiFi devices (one each for Mr. Bankman-Fried and for defense counsel) into the 500 Pearl Street courthouse for these meetings, which defense counsel will take back with them at the end of each meeting.

The Honorable Lewis A. Kaplan
August 18, 2023
Page 4

As an interim measure, we request that the Court order the Marshals to produce Mr. Bankman-Fried to 500 Pearl Street for the entire day of his arraignment on Tuesday, August 22, and order that defense counsel may bring in two Internet-enabled laptops and WiFi devices on that day. Because Mr. Bankman-Fried will already be at the courthouse for his 9:00am arraignment, we would like to use that opportunity to meet with him in person in the proffer rooms for the remainder of the day.

Respectfully submitted,


/s/ Christian R. Everdell
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc:   All counsel of record (via ECF)