

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 18, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      After receiving an extension from the Court to provide the Government with notice of an advice-of-counsel defense by August 16, 2023, the defense summarily informed the Government on that date that it intended to assert such a defense, and has refused to provide any additional detail. The Government respectfully moves for an order requiring the defendant to provide immediate notice to the Government of (i) the nature and specifics of his advice of counsel defense, including identification of the attorney(s) who provided such advice and a proffer of facts in support of such a defense, and (ii) all documents that he intends to rely on in support of such a defense, as well as any other documents relating to such a defense. Because the deficient disclosure will prevent motion practice and discovery on the merits of the defense, the defendant should be ordered to respond to this letter motion or supplement his disclosures by August 23, 2023 (a week after his original notice was due). Alternatively, the Government moves to preclude the defendant from introducing a purported advice-of-counsel defense at trial given his failure to provide this necessary information.

      On July 1, 2023, the Court ordered the defendant to "provide notice to the Government, consistent with the requirements of Federal Rules of Criminal Procedure 12.2 and 16, of his intention to present an advice of counsel or a defense based on mental condition or defect." (Dkt. 173.) Such a disclosure order is routine in this District because of the practical and logistical difficulties that can arise when advice of counsel issues are litigated mid-trial. *See, e.g.*, *United States v. Schulte*, No. S2 17 Cr. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (requiring advanced advice of counsel disclosure); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (defendant should have made pertinent disclosures in advance of trial); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes). Those practical and logistical issues include determining whether there is "evidence such that a reasonable juror could find that the defendant honestly and in good faith sought the advice of counsel, fully and honestly

laid all the facts before his counsel, and in good faith and honestly followed counsel's advice." *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017) (citation omitted). Putative advice of counsel defenses also routinely require production of discovery, a hearing, and privilege waivers. Where the attorney-client privilege is likely controlled by a corporation, the Court may need to resolve whether the defendant can rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense"). All of those issues are likely to manifest here. *See* Gov't Motion *in Limine*, Dkt. No. 204 at 58 (arguing that the Court should evaluate documents which the Debtors claim are privileged *in camera*).

On August 16, 2023, the defendant made the following advice of counsel disclosure: "please take notice of our intent to rely on a defense of advice of counsel at trial." The notice did not indicate on what aspects of the case the defendant purportedly received legal advice. The Government is left to guess whether it is the defendant's assertion that he received legal advice relating to his deletion of Slack and Signal messages—a defense he alluded to at the August 11, 2023, conference, *see* Aug. 11, 2023 Tr. at 22, or that his fraudulent misappropriation of billions of dollars was somehow laid fully before legal counsel, who approved of the conduct, or that the defendant received legal advice on any other particular aspect of the conduct at issue, or a combination of these defenses, or something else entirely. Nor has the defendant disclosed which attorney(s) he consulted, whether the advice came from his lawyer or FTX's lawyer (or someone else's lawyer), what he sought advice on, when he sought advice, in what form he sought advice, what information he provided to the attorney(s), what advice they gave, and whether he fully and honestly followed the advice.

On August 17, 2023, the Government informed defense counsel that it believed the defendant's notice was insufficiently detailed, but defense counsel declined to supplement the disclosure.[1]

---

[1] Defense counsel referred the Government to the decision in *United States v. Ray*, No. 20 Cr. 110 (LJL), 2021 WL 5493839 (S.D.N.Y. Nov. 22, 2021), to support its decision to provide nothing beyond its 17-word summary notice. But the facts of that case are far afield from those present here – and even there the defendant named the attorney at issue (something that has not been done here), and Judge Liman required the defendant to produce non-privileged documents related to the advice-of-counsel defense before trial, *Id.* at *5. Indeed, the court's decision not to order early disclosure of privileged materials was based in part on the fact that the case involved "lurid charges of extortion and sex trafficking," there was no "risk that the defense would ask questions of any of the [government] witnesses" about the advice of attorneys, and it was "unlikely in the extreme that the occasional question on cross-examination about attorney advice (were there to be such a question) would prejudice the jury." *Id.* at *7. Those facts that informed the exercise of Judge Liman's discretion are not present in this case, where any advice-of-counsel defense is likely to implicate a substantial number of documents and communications, and result in questions put to several witnesses. And subsequent to the decision requiring the defendant in *Ray* to produce in advance of trial only non-privileged documents, Judge Liman had to hold, in the middle of trial, a hearing on the defendant's purported advice of counsel defense, proving the need in this case for early disclosure and resolution of issues before trial.

Because the defendant has indicated he intends to rely on an advice of counsel, he must provide "all documents concerning their intended advice of counsel defense." *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010); *see also Scali*, 2018 WL 461441, at *8 (requiring the defendant to provide "pertinent disclosures during discovery"); *United States v. Sharma*, 18 Cr. 340 (LGS) (July 1, 2019) (Dkt. No. 140) (ordering defendants to "provide discovery relating to any advice of counsel defense they intend to advance at trial" about three months before the scheduled trial date). That necessarily includes "any communications or evidence [the] defendant[] intend[s] to use to establish the defense are subject to disclosure." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). Such disclosures "include not only those documents which support the defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense." *Scali*, 2018 WL 461441, at *8 (citing *Hatfield*, 2010 WL 183522, at *13); *Crowder*, 325 F. Supp. 3d at 138 ("even otherwise-privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure in their entirety").

Accordingly, the Government respectfully requests that the Court order the defendant to immediately provide (1) a detailed advice of counsel disclosure setting forth the specifics of the defense including what advice the defendant received and on what topics and on what factual basis, who he received it from, the circumstances of the advice, and when the advice was received; and (2) production of all documents concerning the intended advice of counsel defense, including any documents that might impeach or undermine the defense.

If the defendant fails to make such a disclosure, the Government respectfully requests that the defense be precluded at trial. *See Schulte*, 2020 WL 133620, at *6 ("Failure to provide this discovery will preclude reliance on an advice-of-counsel defense at trial.").

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: /s/_____
    Nicolas Roos
    Danielle R. Sassoon
    Samuel Raymond
    Thane Rehn
    Danielle Kudla
    Assistant United States Attorneys
    (212) 637-2421

Cc: Counsel of Record (by ECF)