

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 29, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      The Government writes in response to the defendant's August 23, 2023 letter, and pursuant to the Court's August 26, 2023 order, regarding an advice-of-counsel defense, and in further support of the Government's August 18, 2023 letter motion for disclosures and discovery by the defendant. For the reasons set forth below, the Government respectfully requests that the Court order the defendant, as it did in *United States v. Ash*, No. 19 Cr. 780 (LAK), Dkt. 105, to provide the Government sufficiently in advance of trial with (a) written notice of the contours, including specifics, bases, and scope, of any advice-of-counsel defense or good faith defense based on the involvement of attorneys that he will raise at trial, and (b) all documents (including attorney-client and attorney work product documents) that support or might impeach or undermine any such defense. Alternatively, the Government respectfully requests that the Court preclude irrelevant, confusing, and prejudicial questioning, evidence, and arguments about the involvement of attorneys, as further described below.[1]

      **A.  Background**

      On July 1, 2023, the Court ordered the defendant to, among other things, "provide notice to the Government … of his intention to present an advice of counsel defense…." (Dkt. 173.) On August 16, 2023, the defendant wrote to the Government, "please take notice of our intent to rely on a defense of advice of counsel at trial," without specifying any additional details about such a defense. On August 17, 2023, the Government informed defense counsel that it believed the defendant's notice was insufficiently detailed, but defense counsel declined to supplement the disclosure. On August 18, 2023, the Government moved to require the defendant to provide

---

[1] To the extent that further discovery directed by the Court to be provided by the defendant reveals that the defendant seeks to offer improper evidence and argument, the Government may seek further relief, as appropriate.

additional disclosures about such a defense and to provide discovery to the Government. (Dkt. 211.)

In an August 23, 2023 response to the Government's motion, the defendant described his defense as "reliance on the advice of counsel" and explained that the defense will attempt to elicit evidence that attorneys were "reviewing and approving decisions … which gave [the defendant] assurances that he was acting in good faith" and that "reliance on counsel is relevant to the question of intent." (Dkt. 222 at 2.) The defendant further specified a "non-exhaustive" list of topics he says attorneys were involved in: "(1) Data retention policies at FTX, including the use of auto-delete policies and ephemeral messaging applications; (2) The formation and incorporation of the North Dimension entities, and the banking relationship between Silvergate Bank and Alameda, North Dimension, and FTX; (3) Loans given to the founders and other executives of FTX and Alameda; (4) FTX customer agreements, including the FTX Terms of Service; and (5) Intercompany agreements between FTX and Alameda, including the Payment Agent Agreement." (*Id.* at 2-3.) The defense states that the attorneys involved were "Fenwick lawyers as well as in-house counsel for FTX, including Dan Friedberg, Can Sun, Ryne Miller, and others." (*Id.* at 2.) The defense declined to provide any additional information about the nature of the reliance on counsel, or to produce discovery as the Government had requested.

   **B. Applicable Law**

"In a fraud case … the advice-of-counsel defense is not an affirmative defense that defeats liability even if the jury accepts the government's allegations as true," but rather "is evidence that, if believed, can raise a reasonable doubt in the minds of the jurors about whether the government has proved the required element of the offense that the defendant had an 'unlawful intent.'" *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017). "That said, defendants are entitled to an advice-of-counsel instruction only if there are sufficient facts in the record to support the defense." *Scully*, 877 F.3d at 476 (citing *United States v. Evangelista*, 122 F.3d 112, 117 (2d Cir. 1997)). Specifically, "[t]here must be evidence such that a reasonable juror could find that the defendant 'honestly and in good faith sought the advice of counsel,' 'fully and honestly laid all the facts before his counsel,' and 'in good faith and honestly followed counsel's advice.'" *Id.* (quoting *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012)).

Where the defendant has not put forward a formal defense of reliance on advice of counsel, courts have limited the admission of evidence about the involvement of attorneys on relevancy grounds and pursuant to Rule 403. The decision in *S.E.C. v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013), illustrates the limited relevance of evidence of attorney involvement absent a showing of each of the elements of advice of counsel. In that case, which was brought by the SEC against a Goldman Sachs employee alleged to have violated securities laws in the offer and sale of a synthetic collateralized debt obligation, the defendant disclaimed any advice-of-counsel defense, but sought to introduce evidence that in-house counsel had reviewed various documents, reviewed disclosure language, was copied on communications, and in some instances assisted in drafting documents. *Id.* at 682-83. The court, however, held that Rules 401 and 403 precluded evidence and references to counsel, explaining:

> a lay jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of a transaction. Likewise, the fact that lawyers saw and commented on disclosure language could be understood as 'blessing' the sufficiency of that disclosure. This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.

*Id.* at 684. Accordingly, in *Tourre*, the court precluded as irrelevant and prejudicial (1) evidence used solely to show lawyers attended or set up meetings, (2) evidence that lawyers approved of certain documents or disclosures, and (3) the placing by the defendant of undue focus on the fact that a lawyer was present at meetings or reviewed documents or disclosures. *Id.* at 685. Although the defendant was allowed to present evidence of the attendees of meetings and to include professional descriptions for those participants, defense counsel could not mention the presence of lawyers in their opening statements or arguments. The court emphasized that this was not an inclusive list of inadmissible references to counsel and that other references may similarly be inadmissible. *Id.*

Similarly, in *S.E.C. v. Stoker*, another civil securities fraud action in which the defendant did not intend to assert an advice-of-counsel defense, but rather sought to elicit testimony about whether lawyers had reviewed certain transactions, Judge Rakoff took issue with defense counsel's efforts to highlight, through questioning, the fact that attorneys had reviewed certain offering materials. No. 11 Civ. 7388 (S.D.N.Y. July 23, 2012), Trial Tr. at 895-96. The court recognized that "absent evidence that counsel knew either the information that Mr. Stoker allegedly kept secret, at least from outsiders, or knew the information that the SEC claims were distorted misrepresentations, the role of counsel in any of this [was] totally irrelevant." *Id.* And, although the defendant proffered an alternative reason for the questioning, the court recognized that counsel's tactic was a "disguised reliance argument," *id.* at 973, and that, even if the testimony were offered for some other purpose, questioning about the role of attorneys invited "all the dangers of the jury misunderstanding the alleged purpose" of the testimony. *Id.* at 981. Similarly, in *S.E.C. v. Lek Sec. Corp.*, No. 17 Civ. 1789 (DLC), 2019 WL 5703944, at *4 (S.D.N.Y. Nov. 5, 2019), Judge Cote precluded "references to counsel's communications" because, among other things, they were "not relevant in the absence of an advice-of-counsel defense." The court explained that "any probative value of such references is substantially outweighed" by, among other things, "the risk that such references will sow confusion and mislead the jury by suggesting that counsel … fully informed … approved" a transaction. *Id.*[2]

---

[2] The decision in *Howard* cited by the defendant does not support the blanket admissibility of evidence of communications with attorneys. (Dkt. 222 at 2-3.) That out-of-Circuit case involved an appeal from sanctions imposed by the SEC for the defendant's alleged aiding and abetting of securities law violations committed in the course of two private placement offerings. *Howard*, 376 F.3d at 1139. The discussion about whether a defense of reliance on counsel requires a formal invocation of the defense is merely *dicta*, since the court determined that it was undisputed that the defendant "believed that [an in-house attorney], higher management … and outside counsel had approved actions" that allegedly violated the law, *id.* at 1147, which was "powerful evidence"

That said, in the absence of evidence to support an advice-of-counsel instruction, some courts have allowed defendants to offer limited evidence of lawyers' involvement in allegedly inculpatory decisions or conversations to support an argument that the defendant lacked intent to defraud. *See, e.g.*, *United States v. Tagliaferri*, No. 13 Cr. 115 (RA) (S.D.N.Y. June 24, 2014), Trial Tr. at 84-85 ("the defendant may argue that attorneys who drafted or reviewed documents related to the charged transactions did not inform him of the illegality … and that the defendant took comfort in the attorney silence"). Importantly, however, even those courts that permit such evidence have required extensive pretrial disclosures and have carefully policed references to counsel in testimony and argument to ensure that the defendant does not unfairly hide behind the attorney-client privilege or attempt to mount a disguised reliance argument, given the concerns of relevance and prejudice. *See id.* (noting that the defendant needed to produce documents to the government, particularly in light of his untimely waiver decision); *United States v. Hild*, No. 19 Cr. 602 (RA) (S.D.N.Y. Apr. 15, 2021), Trial Tr. at 215 (noting risk that presence of counsel arguments in the absence of a waiver risks "misleading the jury" by suggesting that "counsel was there for the entirety of the time looking at the relevant issue, which suggests that they gave their blessing without knowing what information they provided").

Thus, where a defendant seeks to admit evidence of the involvement of attorneys, whether as a formal advice of counsel defense, or to show good faith, he must provide the Government with sufficient notice and disclosures ahead of trial. *See, e.g.*, *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (requiring advanced advice of counsel disclosure); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (defendant should have made pertinent disclosures in advance of trial); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes). Such pretrial notice and disclosure are necessary to assess the relevance and admissibility of evidence and the permissibility of argument and to prevent confusing and unfairly prejudicial arguments from being presented to the jury.

---

that the defendant's "actions did not amount to an extreme departure from the standards of ordinary care so obvious that the actor must have been aware of it," as required under the applicable legal standard. *Id.* at 1148. The language is therefore also distinguishable because *Howard* had nothing to do with the admissibility of evidence about the presence of counsel, but rather the SEC's failure to weigh that admissible evidence in determining whether the defendant had acted recklessly. Regardless, the court in *Howard* appears to have misread one of the academic sources it relies upon. *See Dolphin & Bradbury, Inc. v. S.E.C.*, 512 F.3d 634, 642 (D.C. Cir. 2008) (citing Douglas W. Hawes & Thomas J. Sherrard, *Reliance on Advice of Counsel as a Defense in Corporate and Securities Cases*, 62 VA. L. REV. 1, 29 (1976), also cited in *Howard*, as stating that "Reliance on advice of counsel will not be available to the defendant if he failed to disclose all relevant facts to the attorney."). The reasoning of *Howard* has also been implicitly rejected by courts in this District, *see, e.g.*, *Tourre*, 950 F. Supp. 2d at 684-85; *Stoker*, No. 11 Civ. 7388, Trial Tr. at 895-96; *Lek*, 2019 WL 5703944, at *4.

### C. Discussion

The defendant's August 23, 2023, letter does not provide sufficient notice of any contemplated reliance on counsel defense, and the defendant has not produced any discovery relating to such a defense. Specifically, the defendant has not (1) provided an exhaustive list of the topics on which he claims there was attorney involvement, (2) identified the contours of the attorney involvement—the who, what, where, and when—or the bases and scope of the defense, or (3) provided documents in support of, impeaching, or undermining such a defense.[3]

This Court was confronted with a similar issue in *United States v. Ash*, No. 19 Cr. 780 (LAK), and required pretrial notice and disclosure by the defendant. There, the defendant declined to indicate whether she would assert an advice-of-counsel defense and did not explain the contours of such a defense, but suggested she might argue or introduce evidence about the presence of attorneys. *See* Gov't Letter, *United States v. Ash*, No. 19 Cr. 780 (Nov. 12, 2021), Dkt. 104 (recounting procedural history). This Court then ordered the defendant to "provide the government with (a) written notice and the contours (including the bases and scope of, and the count or counts to which it is said to apply) of any advice of counsel defense that she will raise at trial, and, if so, (b) all documents (including attorney-client and attorney work product documents) that support or might impeach or undermine any such defense." *Ash*, No. 19 Cr. 780 (LAK) (Nov. 15, 2021) (Dkt. 105). The Court should do the same here and order the defendant to provide additional information, as well as documents, for several reasons.

First, additional disclosure is necessary to determine whether the evidence the defendant hopes to elicit or offer will be relevant and not confusing or prejudicial. Regardless of whether the defendant intends to argue a "formal" advice of counsel defense, he will need to establish the relevance of evidence relating to attorneys' involvement. *See Tourre*, 950 F. Supp. 2d at 684. The non-exhaustive list of topics provided by the defendant that involved attorneys highlights the relevance and admissibility problems absent further disclosure. Specifically, the defendant states that attorneys were involved in "data retention policies at FTX, including the use of auto-delete policies and ephemeral messaging applications," but he has not indicated whether he fully disclosed his reasons for the auto-deletion, nor has he proffered evidence as to what the attorneys advised him about auto-deletion, or whether the final policy fully reflects their advice. Without such evidence, the mere fact of attorneys' involvement is not relevant and is likely to confuse the jury. Barring disclosure of such additional facts, the Court should preclude evidence of attorneys' general involvement in creating a retention policy.

The same is true with respect to the involvement of attorneys in the formation of North Dimension entities: absent evidence that the defendant disclosed to attorneys that he and other FTX and Alameda employees were making false disclosures to a bank about the purpose of the account opened in North Dimension's name in order to process customer transactions, the

---

[3] Indeed, the defendant's deficient disclosures are in line with his strategic decision to inform the Government he may have received legal advice from his parents, thus delaying the Government's review of potentially relevant and material documents. For the same reasons as described in the Government's filing yesterday, the Court should require the defendant to disclose the specifics of any advice of counsel, including whether he relied on any advice from his parents.

relevance of attorney involvement is minimal, and the risk of prejudice and confusion outweighs it. Even if attorneys were involved in incorporating North Dimension entities, for instance, this would be irrelevant absent evidence that they knew all the facts about how those entities would be used and how that differed from the representations made to Silvergate Bank, advised the defendant about these issues, and the defendant followed that advice. Because the Government intends to submit evidence about the defendant's lies to Silvergate Bank about the North Dimension entities, not simply the incorporation of those entities, on the current record there is no reason to conclude that attorney involvement in incorporation is relevant to the issues at trial, and would simply confuse or mislead the jury.

Another example is loans to founders or other company agreements. At trial, it is likely that one or more FTX or Alameda Research employees may mention that an attorney was involved in drafting loan agreements. But without an additional disclosure by the defendant, it would be appropriate to curtail additional evidence or argument about attorneys' involvement. Without evidence that the defendant told the attorney that the money being loaned was customer money, focusing the jury on the attorney's involvement to make the loans seem benign would be misleading. The same can be said about the terms of service. If attorneys were involved in drafting the terms of service (a fact that will not be disputed), but they did not know the terms about asset custody were false, their involvement in drafting the terms is of little significance and should not be a focus of argument by the defendant. Thus, as in *Tourre* and the other cases cited above, the relevance and admissibility of evidence about attorney involvement turns in large part on the scope of attorney involvement. And for that reason, without additional notice and disclosures, the Court should preclude or significantly curtail questioning and the introduction of evidence by the defendant on attorneys' involvement.

Second, notice and discovery are necessary because by invoking an advice of counsel and/or good faith defense, the defendant typically impliedly waives the privilege. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Pretrial notice is therefore necessary to conduct discovery into potentially privileged areas. A defendant's "conversations with counsel regarding the legality of his schemes" are "directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id.* Because conversations with counsel can reveal an absence of good faith or advice of counsel, "the attorney-client privilege cannot at once be used as a shield and a sword." *Id.* In other words, to assess whether a defendant truly acted in good faith, it becomes necessary to understand his communications with his attorney: did he fully and honestly lay out all the facts, did the attorney provide him information that would leave him to believe he was not acting lawfully, did he in good faith and honestly follow counsels' advice? For that reason, once a defendant raises a good faith or advice of counsel defense, "any communications or evidence defendants intend to use to establish the defense are subject to disclosure" as is "otherwise-privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). Further complicating and necessitating early resolution, where the attorney-client privilege is likely controlled by a corporation, the Court may need to resolve whether the defendant can rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense"). Pretrial resolution of that waiver

issue is important here because it appears that the issue will implicate not only the defendant's privilege, but also FTX's, and therefore may require collateral litigation as to who may waive the privilege and to what materials the Government is entitled.[4]

Third, pretrial notice and disclosure are in the interest of the efficient administration of the trial and to ensure that there are no delays mid-trial. *See Schulte*, 2020 WL 133620, at *6; *Scali*, 2018 WL 461441, at *8; *Rubin/Chambers, Dunhill*, 828 F. Supp. 2d at 711. As the Government noted in its August 18, 2023, letter, the course of the litigation in *United States v. Ray*, No. 20 Cr. 110 (LJL), 2021 WL 5493839 (S.D.N.Y. Nov. 22, 2021)—the sole case the defendant relies on in opposition to early disclosure—is an outlier and proves the need here for early notice. There, notwithstanding the fact that *Ray* involved "lurid charges of extortion and sex trafficking" that did not implicate as complicated issues of privilege and waiver, it was necessary for the court to hold, in the middle of trial, a hearing on the defendant's purported advice of counsel defense. Such a hearing is likely avoidable here if the defendant is ordered to make the same disclosures and discovery that this Court ordered in *Ash*.

Accordingly, for the foregoing reasons, the Government respectfully requests that the Court order the defendant to provide additional notice and produce pretrial discovery, as described above. If the defendant does not provide additional disclosures, the Court should preclude

---

[4] The defendant complains about the Government's request for notice after the defendant's request for a Rule 17(c) subpoena to Fenwick & West was denied. (Dkt. 222 at 2.) But the defendant's prior failure to craft a subpoena to the law firm with the requisite particularity, in contravention of the *Nixon* standard, is of a piece with his failure now to provide sufficient notice. In both instances, the defendant has failed to identify evidence in support of a defense of reliance on advice of counsel. The defendant also resorts to rhetoric that the Government seeks "to deprive the defense of a defense." (Dkt. 222 at 2.) It is enough to observe that the defendant is entitled only to a defense consistent with the law and Rules of Evidence. *See United States v. Scheffer*, 523 U.S. 303, 308-09 (1998) ("[a] defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions," such as restrictions for "ensuring that only reliable evidence is introduced at trial, preserving the court members' role in determining credibility, and avoiding litigation that is collateral to the primary purpose of the trial"); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.").

irrelevant, confusing, and prejudicial questioning, evidence, and arguments about the involvement of attorneys.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: /s/ Nicolas Roos
    Nicolas Roos
    Danielle R. Sassoon
    Samuel Raymond
    Thane Rehn
    Danielle Kudla
    Assistant United States Attorneys
    (212) 637-2421

Cc: Counsel of Record (by ECF)