

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

September 5, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:  *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

    On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter in response to the Court's request for a joint report on the current plan to provide Mr. Bankman-Fried access to discovery.

    The defense reiterates its objection to the measures currently in place to provide Mr. Bankman-Fried access to discovery and maintains that, even under the current system, Mr. Bankman-Fried will not have a meaningful opportunity to prepare his defense.

    It already seems apparent that, in practice, the Government's plan will not be carried out as promised. For example, the Government assured the Court that Mr. Bankman-Fried would be allowed access to his non-internet laptop in the visitor room at the MDC on weekdays from 8:00am to 7:00pm. *See* Tr. 8/30/2023 Conf. at 23. Mr. Bankman-Fried received the laptop on August 31, 2023, along with the hard drives defense counsel had shipped to the MDC days before. Friday, September 1, 2023, was the first day Mr. Bankman-Fried could work a full day with his materials at the MDC. But contrary to the plan, MDC staff told Mr. Bankman-Fried that he had to leave the visiting room at around 2:30pm and return to his unit for the count. This deprived him of 4.5 hours of possible work time.

    On Saturday and Sunday, Mr. Bankman-Fried was taken to the visiting room at approximately 9:00am and again removed at approximately 2:30pm. While we recognize that the Government promised visiting room access only from 8:00am to 3:00pm on weekend days (1.5 hours more than he actually received), the defense has little confidence, given what happened on Friday, that the promised 8:00am to 7:00pm schedule will return on the weekdays. Losing 4 hours per day (20 hours per week), is not what the Government promised and is not workable.

The Honorable Lewis A. Kaplan
September 5, 2023
Page 2

Furthermore, it is too soon to know whether the procedures in the 500 Pearl Street cell block will work as promised. Mr. Bankman-Fried is scheduled to be produced to the cell block on Wednesday, September 6. However, as we explained to the Court at the August 30 conference, the last time he was produced to the cell block, it was effectively wasted time because the internet was unreliable and intermittent at best and the battery life of the laptop he was permitted to use there did not provide enough charge for a full 5 hours of work. We hope that the new battery we recently provided will allow for 5 hours of power. But even if it does, there is no way to fix the unreliable internet. Hence, we are similarly skeptical that the cell block procedures will work as promised. Indeed, we have been reluctant to produce Mr. Bankman-Fried to the cell block for these reasons because he will potentially lose of day of work.

Even if the current plan were working perfectly, it would still be insufficient to allow Mr. Bankman-Fried the ability to prepare his defense. We have already identified for the Court the problems that exist with the current system. These include, but by no means are limited to, the following:

- First, Mr. Bankman-Fried does not (and will not) have access to all the discovery at the MDC. His access to documents at MDC is limited to selections of the discovery that defense counsel provide for him on hard drives.

- Second, Mr. Bankman-Fried can only access the full discovery, including the cloud-based AWS database, for at most 10 hours a week while he is in the cell block at the 500 Pearl Street courthouse. In practice, this access is far more limited, as the internet access in the cell block is unreliable and intermittent.

- Third, transfers of work product between Mr. Bankman-Fried and his attorneys are slow and cumbersome because they must be downloaded from Mr. Bankman-Fried's MDC hard drives during an in person visit, and can only be returned to him with comments at the soonest a day later.

- Fourth, defense counsel frequently need to meet with Mr. Bankman-Fried to discuss matters that do not bear directly on the review of discovery. These visits, which must also occur during visiting hours, take away some of the time that Mr. Bankman-Fried is able to use for discovery review.

Respectfully, despite its many statements regarding policies, the Government has not devised a plan that works in practice. Accordingly, we respectfully reiterate our request that the Court order Mr. Bankman-Fried's temporary release under 18 U.S.C. § 3142(i).

The Honorable Lewis A. Kaplan
September 5, 2023
Page 3

Respectfully submitted,

　/s/ Mark S. Cohen
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc:　All counsel of record (via ECF)