UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                                     :

UNITED STATES OF AMERICA

                                                     :

             - v. -

                                                       :      S6 22 Cr. 673 (LAK)

SAMUEL BANKMAN-FRIED,
  a/k/a "SBF,"

                                                     :

                             Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Danielle Kudla
Samuel Raymond
Thane Rehn
Nicolas Roos
Danielle R. Sassoon
Assistant United States Attorneys
- *Of Counsel* –

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## Introduction

We are about to select from among you the jurors who will sit in this case.  Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  They are not meant to pry unnecessarily into your personal life, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.  If your answer to one of my questions concerns private information, please let me know and we can discuss it out of the hearing of the other potential jurors.

## The Charges

1.      Before I begin, let me tell you a little bit about the case.  This is a criminal case.  The defendant has been charged with violating certain provisions of the criminal laws of the United States.  The charges against the defendant are contained in an Indictment that was voted by a Grand Jury.  The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt.

2.     The defendant in this case is SAMUEL BANKMAN-FRIED, a/k/a "SBF." I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.     The Indictment alleges that SAMUEL BANKMAN-FRIED, the defendant, founded and controlled FTX.com, which was an exchange where people could trade cryptocurrency, and Alameda Research, which was an investment firm focused on trading cryptocurrency.  The Indictment alleges that through those roles, the defendant and his co-conspirators defrauded FTX.com customers, FTX.com investors, and lenders to Alameda.  The Indictment also alleges that the defendant conspired to launder the proceeds of his fraud; that is, to transact in property obtained by fraud in a manner designed to conceal and disguise the fact that the property was stolen.

4.     The Indictment charges SAMUEL BANKMAN-FRIED with seven criminal charges, or counts.  Count One charges that the defendant committed wire fraud on customers of FTX.com.  Count Two charges him with conspiring to commit wire fraud on customers of FTX.com.  Count Three charges the defendant with committing wire fraud on lenders to Alameda Research.  Count Four charges him with conspiring to commit wire fraud on lenders to Alameda Research.  Count Five charges the defendant with conspiring to commit securities fraud on investors in FTX.com.  Count Six charges the defendant with conspiring to commit commodities fraud on customers of FTX.com.  Count Seven charges the defendant with conspiring to commit money laundering.

5.     The defendant denies the charges and has entered a plea of not guilty.

6.     Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

3

7.      Are you or have you been a customer or investor in FTX.com or FTX.us?

8.      Have you heard anything about this case, in the newspaper, on the radio, on the Internet, on television, in podcasts, or from others? *(If yes, the Government would respectfully request that the Court follow up, at side bar, if appropriate, with the following)*:

a.      How did you hear about the case? (*e.g.*, a friend, the newspaper, television). What did you hear/read/see?

b.      Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, or the defendant that might make it difficult for you to be a fair and impartial juror in this case?

9.      Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

### General Questions

10.      The trial is expected to last approximately six weeks.  The Court expects that the court day will last from about [*Daily Start and Finish Time*]. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

11.      Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

12.      Do you have any difficulty in understanding or reading English?

13.      Do you have any other medical problems that might interfere with your service as a juror in this case?

### The Parties

14.      As I noted before, the defendant in this case is SAMUEL BANKMAN-FRIED.  [*Please ask the defendant to rise when identified.*] Do any of you know, or have you had

any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?  To your knowledge, do any of your relatives, friends or associates know the defendant?

15.    The defendant is represented today by Christian Everdell, Esq., Mark Cohen, Esq., Alexandra Theobald, Esq., David Lisner, Esq., Drew Dean, Esq., Sharon Barbour, Esq., Sri Kuehnlenz, Esq., and Stephen Dick, Esq.  of the law firm Cohen & Gresser LLP.  Do any of you know or have you had any dealings with these attorneys, or any individuals in their office?

16.    The United States is represented in this case, as in all cases, by the United States Attorney for this District, who is Damian Williams.  Appearing on his behalf in this case will be Assistant United States Attorneys Danielle Kudla, Samuel Raymond, Thane Rehn, Nicolas Roos, and Danielle Sassoon, and Paralegals Grant Bianco, Anthony Imperato, Angelica Cotto, Julia Druker and Anna Gamboa.  Does any juror know, or has any juror had any dealings, directly or indirectly, with Mr. Williams, Ms. Kudla, Mr. Raymond, Mr. Rehn, Mr. Roos, Ms. Sassoon, Mr. Bianco, Mr. Imperato, Ms. Cotto, Ms. Druker, Ms. Gamboa, or with any other member of the staff of the United States Attorney's Office for the Southern District of New York?

17.    The Assistant United States Attorneys will also be assisted in this case by Kristin Allain and Luke Booth, Special Agents with the Federal Bureau of Investigation.  Have you or your family members or close friends had any dealings, either directly or indirectly, with Special Agents Allain or Booth?  The FBI?

### Other Persons and Entities

18.    During the trial, the Government will present evidence in the form of witness testimony.  The Government expects that the following people may be witnesses or may be

5

mentioned in testimony or exhibits. *[The Government will provide the Court with a list of relevant names/witnesses shortly before trial.]*  Do any of you know any of the people I have just named?

### Relationship with Government

19.     Do any of you know, or have any association - professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the Southern District of New York?  The Federal Bureau of Investigation?

20.     Have you, any member of your family, or any close friend ever been employed by any law enforcement agency – federal, state, or local?  Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

21.     Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office?  For or against the FBI?  For or against any other law enforcement agency?

22.     Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States?  Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

### Prior Jury Service

23.     Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts? *[If answer is "Yes," the Court is respectfully asked to explain that the burden of proof in the grand jury – probable cause – is different from the burden of proof at trial – beyond a reasonable doubt*]

24.     Have you ever served as a juror in either the state or federal courts?

(a)     If so, when and in what court did you serve?  What type of case?

6

(b)     Without revealing the verdict, did the jury reach a verdict?

(c)     Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

### Experience as a Witness, Defendant, or Crime Victim

25.     Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

26.     Have you ever been a witness or a complainant in any federal or state prosecution?

27.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

28.     Have you, has any member of your family, any associate, or close friend, ever been charged with a crime?  If so, do you believe that those charges were fairly brought?

29.     Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

30.     Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.*]

31.     Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of Federal Bureau of Investigation or other law enforcement agency?

7

[*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by law enforcement.*]

### Case-Specific Questions

32.     During this trial, you will hear evidence regarding the defendant's role as the chief executive officer of FTX.com, a cryptocurrency exchange, where customers could buy and sell cryptocurrencies like Bitcoin, and evidence regarding his role at Alameda Research, the investment firm he founded and owned.  Do you have any familiarity with FTX.com or Alameda Research?  Are any of you familiar with, or have you had any dealings, directly or indirectly, with FTX, Alameda Research, or their affiliates?

33.     Does the fact that the charges involve fraud and money laundering, as I described earlier, affect your ability to render a fair verdict?

34.     You will hear evidence in this case about cryptocurrency and about transactions that occurred on what is known as a blockchain, or a networked database of transactions.  Have you invested in cryptocurrency, or digital assets more broadly?  Do you have any familiarity with cryptocurrency or digital assets?

35.     Do you have any beliefs or experiences about cryptocurrency or digital assets or the government's role or regulation concerning cryptocurrency that would interfere with your ability to fairly evaluate this evidence in this trial or follow my instructions on the law?

36.     Have any of you, or your family members or close friends, ever worked in the cryptocurrency industry, for a hedge fund, or in the financial industry? Will your experience affect your ability to be fair and impartial in this case?

37.     Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes or should not be prosecuted federally?

38.     Have you been involved – as a defendant, victim, witness, or in any other way – involving fraud or money laundering?

39.     You will hear that the defendant founded these companies as start-up companies. Are any of you, or your family members or close friends, entrepreneurs, or have you, your family members, or close friends worked at a start-up?  Will your experience affect your ability to be fair and impartial in this case?

40.     Have any of you ever invested money in a start-up company? Will your experience as an investor in start-ups affect your ability to be fair and impartial in this case?

41.     Have you ever lost money from an investment due not to market forces or other innocuous reasons, but instead due to fraudulent conduct? Will your past investment experience affect your ability to be fair and impartial in this case?

42.     Is there anything about your own investment experience, or your views on the financial services industry more broadly, that will affect your ability to be fair and impartial in this case?

43.     Have you been involved in an offense involving fraud? Have you ever been a victim of fraud? Do you have a relative, close friend or associate who has been involved in an offense involving fraud? Have you or any member of your family, or a close friend, had any experiences of any kind, directly or indirectly, with fraud, and in particular fraud related to an investment?

44.     Do any of you feel that you have strong policy views on the crimes charged in the Indictment, including wire fraud, securities fraud, commodities fraud, money laundering, and

fraud related to cryptocurrencies, that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

### Witnesses

45.     The Government witnesses in this case will include agents and analysts from the Federal Bureau of Investigation.  Would any of you be more likely to believe a witness merely because he or she is a law enforcement officer?  Would any of you be less likely to believe a witness merely because he or she is a law enforcement officer?

46.     Some of the witnesses called by the Government may have been involved in some of the crimes charged in the Indictment. These witnesses are working with the Government in exchange for certain benefits.  There is nothing unlawful about the Government's use of such witnesses.  Do any of you have problems with this type of witness such that you may be unable to be fair and impartial?  Would you have any bias for or against the Government because of testimony obtained in this manner?  I will also instruct you that it is no concern of yours why the Government has chosen to enter into agreements with these witnesses, and you are not to speculate about the reasons.  Would you have any difficulty following my instructions on the law in this regard?

47.     You also may hear testimony from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

### Evidence

48.     Some of the evidence in this case was obtained through searches conducted by law enforcement officers.  This evidence was obtained lawfully.  Do you have any beliefs or experiences that would interfere with your ability to fairly evaluate this evidence along with all of the other evidence that will be introduced at this trial?

49.    Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

### Function of the Court and Jury

50.    The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant is guilty as charged in the Indictment.  With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

51.    Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would you have difficulty accepting and applying this rule of law?

52.    Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

53.    Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of either defendant, and

that only the evidence produced here in Court may be used by you to determine the guilt or innocence of either defendant?

54.     It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

55.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

56.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

57.     I believe this case may generate some publicity.  Will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports or podcasts concerning the case until after it is over? If not, please raise your hand.

### Juror's Background & Affiliations

58.     Please provide the following background information:

(a)     How old are you?

(b)     What is the county and general section or community of your

residence?

      (c)     What is the highest level of schooling you have completed?

      (d)     Who else lives in your home with you, if anyone?

      (e)     Do you have any children?  If so, what are their ages and what do they do?

      (f)     How long have you lived at your present address?  [*If less than five years, please inquire as to prior residence.*]

      (g)     What is your occupation?

      (h)     What is your current employment status?  [*If retired, please inquire as to former occupation.*]

      (i)     [*If employed*]: What is the name of your employer?

      (j)     What are your position and responsibilities at your job?

      (k)     How long have you been employed in your current job?  [*If present employment is for less than five years, please inquire as to prior employment.*]

      (l)     [*If married or has domestic partner*]: What is your spouse's or partner's profession, business or occupation?  [*If spouse is retired, please inquire as to occupation before retirement.*]

      (m)     What newspapers, magazines or websites do you read and how often?

      (n)     What television programs do you regularly watch?

### **Requested Instructions Following Impaneling of the Jury**

59.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even

with members of your own family and your friends.  If your friends or family ask you about the trial, you may simply tell them that you are a juror in a criminal case and that the judge has instructed you not to discuss it.

60.     I know that many of you use cellphones, smartphones, the Internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, iPhone, text messaging, or on Twitter, through any blog or website, through any Internet chat room, or by way of any other social networking websites, including Facebook, LinkedIn, Instagram, SnapChat, and YouTube. *See United States v. Ganias*, 12-240 Cr, at 15 (2d Cir. June 17, 2014). Similarly, you must not use these tools to post any information about the case on the Internet. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not consult reference works or dictionaries, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.

61.     If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should tell that person that you cannot discuss the case and immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

Dated:   New York, New York
         September 11, 2023

                                  Respectfully submitted,

                                  DAMIAN WILLIAMS
                                  United States Attorney


                       By:    /s/ Samuel L. Raymond
                              Danielle Kudla
                              Samuel Raymond
                              Thane Rehn
                              Nicolas Roos
                              Danielle R. Sassoon
                              Assistant United States Attorneys
                              (212) 637-6519

15