

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

September 25, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

    On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter to renew our request that the Court order the temporary release of Mr. Bankman-Fried for his upcoming trial because it is "necessary for preparation of [his] defense," pursuant to 18 U.S.C. § 3142(i). In its last ruling on this issue on September 12, 2023, the Court noted that its ruling did not foreclose a further application from the defense. (Dkt. No. 278 at 3).

    The Court has previously noted that it understands the difficulties of preparing a complex case for trial. We submit that we are finding it exceedingly difficult as a practical matter to adequately prepare for trial with the restrictions on access currently in place. This is not a point we make lightly but it is the reality of the nature of this case. This case is highly technical and complex, and we need our client to help us understand the facts and explain many of the issues. He alone knows the facts which are also critical in preparing his defense. Unfortunately, his knowledge and insight cannot be replicated by third-party experts as they are not familiar with the underlying facts and cannot provide the necessary help.

    This issue came up recently at the bail appeal. On Tuesday, September 19, 2023, the Second Circuit heard Mr. Bankman-Fried's appeal of the Court's order revoking his bail. The Circuit affirmed the Court's decision. During the portion of the oral argument relating to Mr. Bankman-Fried's ability to adequately prepare for trial, Judge Walker noted that there remains an incentive to find a workable solution because if Mr. Bankman-Fried has insufficient access to his attorneys, it could raise a potential appellate issue that might otherwise be avoided. We appreciate the efforts the Government has made to provide our client access to the case materials and his counsel, but we respectfully submit that, in practice, they are not workable.

The Honorable Lewis A. Kaplan
September 25, 2023
Page 2

We respectfully submit that the practical realities of defending this complex case also argue for temporary release. The Government has provided us with a list of over 50 potential witnesses, thousands of pages of 3500 material, and over 1300 exhibits. Many of these exhibits consist of complex financial records, or excerpts or demonstratives prepared from such records. At this point, we have no indication of which witnesses the Government will, in fact, call or in what order and which exhibits they plan to introduce. We will likely not know this information until shortly before trial and on a rolling basis thereafter. In a case this complex, defense counsel believe that we will be unable to properly represent our client at his upcoming trial unless we are able to confer with him and prepare for the next day's witnesses and exhibits in the hours when we are not sitting in the courtroom. We will not be able to do this unless he is temporarily released for trial.

If Mr. Bankman-Fried is detained during trial, defense counsel will only have access to him in the cellblock for a very limited amount of time in the morning before the trial day begins. When the trial day ends, he will be taken back to the MDC and will arrive well past the time when visiting hours are over. Accordingly, defense counsel will have virtually no opportunity to meet with Mr. Bankman-Fried, discuss the day's testimony and admitted exhibits, and discuss and prepare for the next day's testimony and exhibits. As we already mentioned, Mr. Bankman-Fried's input and participation is indispensable for his attorneys to prepare his defense. He is the defense's key resource and should be entitled to participate meaningfully in his own defense. At the moment, defense counsel can meet with him at the MDC, which we have been doing almost daily. But at trial, we will lose that ability, except on the weekends and days when the Court is not sitting for trial. We believe that is insufficient access to effectively represent Mr. Bankman-Fried at trial.

For these reasons, we respectfully request that the Court order the temporary release of Mr. Bankman-Fried beginning on October 2 and for the duration of trial on the following proposed conditions:

- In the hours that Mr. Bankman-Fried is not in the courtroom, he must be with his attorneys at his attorneys' offices or offsite workspace, or with a security guard in a temporary residence in New York City where he will live for the duration of the trial.

- Mr. Bankman-Fried will be able to leave the courthouse with his attorneys and travel with them to their offices or offsite workspace to prepare for trial.

- Starting at 10:00pm, a private security guard will meet Mr. Bankman-Fried at his lawyers' offices/workspace and will escort him to and from his lawyers' offices/workspace, his temporary residence, and the courthouse.

The Honorable Lewis A. Kaplan
September 25, 2023
Page 3

- The security guard will remain with Mr. Bankman-Fried in the temporary residence throughout the evening and will ensure that Mr. Bankman-Fried does not have access to any computers, cell phones, the Internet, television, or any electronic devices. Mr. Bankman-Fried will not be permitted any visitors in his temporary residence.

- Mr. Bankman-Fried will consent to a gag order that will prohibit him from speaking to anyone for the duration of the trial except his attorneys, other members of the defense team, his parents, and his brother.

We submit that these conditions are sufficiently restrictive to address any concerns the Court may have, but we are willing to accept any others the Court deems necessary. We believe that temporary release is the only way for defense counsel to have sufficient access to Mr. Bankman-Fried to properly represent him at trial. We therefore respectfully renew our request that the Court order Mr. Bankman-Fried's temporary release under 18 U.S.C. § 3142(i).[1]

Respectfully submitted,

  /s/ Mark S. Cohen
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc:   All counsel of record (via ECF)

---

[1] We also note that Mr. Bankman-Fried is still being given only half of his proscribed dose of Adderall, despite the Court's order. (Dkt. No. 203). He is also does not have access to Zyrtec because the commissary only carries Allegra, which is ineffective for Mr. Bankman-Fried.