UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

        -against-                                                                                               S6 22-cr-0673 (LAK)

SAMUEL BANKMAN-FRIED,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM AND ORDER ON *IN LIMINE* MOTIONS

LEWIS A. KAPLAN, *District Judge.*

        Defendant awaits trial on two substantive counts of wire fraud in violation of 18 U.S.C §§ 1343 and 2, as well as five conspiracy counts alleging conspiracies to commit wire fraud, securities fraud, commodities fraud, and money laundering. The matter is before the Court on motions *in limine* by the government and by the defendant. (Dkts 204, 206)

*The Government's Motion*

        The government moves *in limine* to (1) admit certain evidence as direct evidence of the charged conduct or, alternatively, pursuant to Fed. R. Evid. 404(b), (2) admit certain statements of the defendant's alleged co-conspirators and agents as not barred by the rule against hearsay, (3) authenticate certain records under Fed. R. Evid. 902(11) and to limit the scope of cross-examination of record custodians, (4) preclude the defendant from introducing certain evidence and arguments as irrelevant or unfairly prejudicial, (5) preclude the defendant from cross-examining witnesses about privileged documents or topics, and (6) preclude the defendant from cross-examining

2

witnesses about their recreational drug use.

    *I.*    *Motion to Admit Certain Evidence as Direct Evidence or Pursuant to Rule 404(b)*

The government moves to admit as direct evidence of the charged conduct or, alternatively, under Fed. R. Evid. 404(b), evidence (a) that defendant allegedly authorized false statements to a bank ("Bank-1"), (b) of defendant's alleged illegal campaign finance scheme, (c) of defendant's alleged foreign bribery scheme, (d) that defendant created FTT and allegedly manipulated its value, (e) that defendant allegedly selectively prioritized payments to certain creditors, and (f) that defendant allegedly instituted autodeletion policies for business communications.

    1.    Evidence that defendant made or authorized allegedly false statements to Bank-1 is direct evidence of the charged offenses. Such evidence is intertwined inextricably with the evidence regarding the charged offenses, including the charged wire fraud scheme on customers of FTX, and necessary to complete the story of the charged crimes on trial.[1] In all events, the evidence would be admissible also under Rule 404(b) as evidence of defendant's fraudulent intent and knowledge.[2] Where, as here, defendant claims that he "never intended to violate any laws and acted in good faith,"[3] other act evidence "is generally admissible to prove that the defendant acted

---

[1] *See United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *see also United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) ("To be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency.").

[2] *See United States v. Colon*, 880 F.2d 650, 656-57 (2d Cir. 1989).

[3] *See, e.g.*, Dkt 246, at 24.

with the state of mind necessary to commit the offense charged."[4] Any risk that the jury might convict defendant on the basis of the severed bank fraud and unlicensed money transmitting counts, as distinct from the counts on which the defendant will proceed to trial in October, may be foreclosed by an appropriate instruction, which the Court would entertain if requested.

        2.      Evidence of defendant's alleged illegal campaign finance scheme is direct evidence of the charged offenses. Such evidence is intertwined inextricably with the evidence regarding the charged wire fraud scheme on customers of FTX and necessary to complete the story of the charged crimes on trial.[5] Evidence that the defendant spent FTX customer funds on political contributions is direct evidence of the wire fraud scheme because it is relevant to establishing the defendant's motive and allegedly fraudulent intent. Proof that defendant routed political contributions through straw donors goes directly to the element of concealment for the charged money laundering count and is probative of defendant's criminal intent and knowledge of the wire fraud scheme. Furthermore, such evidence goes to the mutual trust that existed between defendant and alleged coconspirators, including Nishad Singh and Ryan Salame.[6] Any risk that the jury might convict defendant simply on the basis of the withdrawn campaign finance count, as distinct from the counts on which the defendant will proceed to trial in October, may be foreclosed by an appropriate instruction, which the Court would entertain if requested.

---

[4] *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993); *see also Carboni*, 204 F.3d at 44 (finding other act evidence admissible under Rule 404(b) where "it tended to rebut [defendant's] contention that he acted in good faith").

[5] *See Carboni*, 204 F.3d at 44; *see also Gonzalez*, 110 F.3d at 941.

[6] *United States v. Dupree*, 870 F.3d 62, 76 (2d Cir. 2017).

4

3. Evidence of the defendant's alleged scheme to bribe a Chinese government official to gain the release of $1 billion frozen by the official's government is neither direct evidence of nor "inextricably intertwined with" any offense charged in the S6 Indictment.[7] Such evidence is admissible, however, under Fed. R. Evid. 404(b) as evidence of the motive for defendant's alleged misappropriation of customer assets and to "help [] explain to the jury how the [alleged] illegal relationship between [the defendant and Caroline Ellison] developed."[8] Evidence of the uncharged acts does "not involve conduct any more sensational or disturbing than the crimes with which [the defendant is] charged" in the S6 Indictment.[9] Any risk that the jury might convict defendant simply on the basis of the severed Foreign Corrupt Practices Act count, as distinct from the counts on which the defendant will proceed to trial in October, may be foreclosed by an appropriate instruction, which the Court would entertain if requested.

4. The government seeks to admit evidence that defendant (i) created the cryptocurrency token FTT, (ii) directed Alameda secretly to "amass[] substantial holdings" of FTT and other tokens "such as Serum," which defendant promoted to the public, (iii) directed Ms. Ellison to manipulate the value of such tokens, and (iv) tried to conceal Alameda's ownership of Serum tokens. Such evidence is "inextricably intertwined with" proof of the charged offenses and

---

[7] See Carboni, 204 F.3d at 44.

[8] United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990) (quoting United States v. Brennan, 798 F.2d 581, 589 (2d Cir.1986), cert. denied, 490 U.S. 1022 (1989)).

[9] Roldan-Zapata, 916 F.2d at 804.

"necessary to complete the story of the crime on trial."[10]  The alleged manipulation of the cryptocurrency tokens, which resulted in an alleged manipulation of Alameda's balance sheet, was an act "done in furtherance of the alleged conspiracy" and therefore is considered "part of the very act charged."[11]  Moreover, defendant's alleged directive to Ms. Ellison to manipulate the price of FTT is direct evidence of their "relationship of mutual trust."[12]  The probative value of this evidence outweighs any risk of unfair prejudice.  It is admissible.

5. Evidence that defendant selectively prioritized payments to certain creditors in the aftermath of FTX's collapse goes to defendant's consciousness of guilt and criminal intent, and therefore is direct evidence of the charged crimes.  Furthermore, evidence of these alleged actions does "not involve conduct any more sensational or disturbing than the crimes with which [the defendant is] charged."[13]  The government's motion in this respect is granted.

6. Evidence that defendant allegedly instituted autodeletion policies for business communications is direct evidence of "an apparent attempt to suppress evidence of the crime and is plainly relevant to show [defendant's] consciousness of guilt."[14]  It would be admissible also

---

[10] *See United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007); *see also id.* (affirming admission of evidence of "acts [that] were either repeated during the period of the charged conspiracy or were recorded in [the company's] ledgers in a way that affected [its] financial statements . . . .").

[11] *See United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999) (quoting *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir.1992)).

[12] *See United States v. Pipola*, 83 F.3d 556, 565-66 (2d Cir. 1996)

[13] *Roldan-Zapata*, 916 F.2d at 804.

[14] *Id.* at 803-04 (citing *United States v. Adegbite*, 877 F.2d 174, 180 (2d Cir.), *cert. denied*, 493 U.S. 956 (1989)).

6

under Rule 404(b) as evidence of defendant's alleged knowledge and intent of the charged crimes. Defendant moves to introduce evidence that "counsel was involved in these policies" to demonstrate that the policies were instituted in good faith.[15]  The Court declines to rule on this issue *in limine*.

### II.     Motion to Admit Out-of-Court Statements of Alleged Co-Conspirators and Agents

The government seeks to admit for their truth out-of-court statements by certain of defendant's alleged co-conspirators and agents, including Gary Wang, Messrs. Singh and Salame, and Ms. Ellison, and other unnamed employees of Alameda and FTX.  Specifically, the government moves to admit (a) documents, including ledgers and notes, made by Wang, Singh, and Ellison contemporaneously with the conduct at issue in this trial, (b) statements made by FTX and Alameda employees while they were employed by either company, (c) statements that were made by Ms. Ellison during the course of her employment by and related to Alameda business, (d) statements by Mr. Salame about his alleged agreement with the defendant to make political donations in his own name but paid for by the defendant, and (e) videos of FTX commercials.[16]

7.     The government seeks preliminary rulings on the admissibility of general categories of out-of-court statements as well as excerpted out-of-court statements of which the Court has been provided only with portions.  The government argues that many of these statements will be admissible over hearsay objection (1) under Fed. R. Evid. 801(c) as non-hearsay, (2) under Fed. R. Evid. 801(d)(2)(D) as non-hearsay statements "made by [an opposing] party's agent or employee," (3) under Fed. R. Evid. 801(d)(2)(E) as non-hearsay statements made in furtherance of

---

[15] *See* Dkt 246, at 19.

[16] Dkt 204, at 18-32.

a "joint venture," (4) under Fed. R. Evid. 804(b)(3) as statements against interest, or (5) under Fed. R. Evid. 803(6) as business records. These bases of admissibility cannot be applied in the abstract. Admissibility ultimately must turn on characteristics of the particular items of evidence and the purposes for which they are offered. Accordingly, the government's motion is denied in this respect without prejudice to offering this evidence at trial.

### III. Motion to Authenticate Certain Records Under Rule 902(11) & Limit Cross-Examination of Record Custodians

8. The government moves for a determination that certain documents are self-authenticating under Fed. R. Evid. 902(11) and to limit the scope of cross-examination of record custodians.[17] This aspect of the government's motion is denied without prejudice. Should the parties fail to agree upon an appropriate stipulation, the Court would consider these issues at trial.[18]

### IV. Motion to Preclude Defendant from Introducing Certain Evidence

The government moves to preclude the defendant from introducing certain evidence as irrelevant or unfairly prejudicial.

9. The government moves to preclude evidence and claims that "FTX customers,

---

[17] Dkt 204, at 32-36.

[18] *See United States v. Weigand*, No. 20 Cr. 188 (JSR), 2021 WL 568173, at *2 (S.D.N.Y. Feb. 14, 2021).

8

FTX investors, and/or Alameda's lenders were negligent, gullible, or insufficiently vigilant."[19] Such evidence routinely is excluded from trials on wire and mail fraud charges because "reliance is not an element of criminal fraud," and "the unreasonableness of a fraud victim in relying (or not) on a misrepresentation does not bear on a defendant's criminal intent."[20] That motion is granted in this respect because such evidence is not relevant to the claims at issue at trial and any limited probative value would be outweighed substantially by the risk of unfair prejudice and jury confusion.

10. The government moves to preclude defendant from "arguing or adducing evidence that other companies or individuals were using customers' assets or otherwise engaging in misconduct."[21] Defendant argues that evidence that others in comparable businesses were engaging in practices such as those for which defendant is charged is or may be relevant to whether defendant had a good faith belief in the permissibility of his conduct. The government rejoins in substance that it is no defense to a speeding ticket that the police did not pull over every car traveling at the same rate of speed. And there is some support for both points of view,[22] albeit not

---

[19] Dkt 204, at 36-38.

[20] *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017); *see also United States v. Adelekan*, 567 F. Supp. 3d 459, 470 (S.D.N.Y. 2021) (citing *Weaver*, 860 F.3d at 96) ("The Court of Appeals routinely has rejected a gullible victim defense for wire-fraud charges.").

[21] Dkt 204 at 38-39.

[22] *Compare United States v. Litvak*, 808 F.3d 160, 189-90 (2d Cir. 2015) (evidence that defendant's supervisors approved of conduct identical with that of the defendant was probative of defendant's "intent to defraud, *i.e.*, that he held an honest belief that his conduct was not improper or unlawful"); *and United States v. Brandt*, 196 F.2d 653, 657 (2d Cir. 1952) ("Culpable intent or lack of good faith is not merely an element of the crime of fraudulent use of the mails . . . ; it is in fact practically crucial where as here the scheme and the mailing are admitted. . . . And hence, since it may be only inferentially proven, . . . no events or actions which bear even remotely on its probability should be withdrawn from the jury unless the tangential and confusing elements interjected by such evidence clearly

on facts indistinguishable from what the evidence may show in this case. The facts in which the general issue may be presented, however, are likely to affect its proper resolution in any given instance. Moreover, any relevance of the actions of others in any event would seem to depend upon the defendant's knowledge of those actions at the relevant time or times. Accordingly, the Court is not yet sufficiently informed to rule definitively on this aspect of the government's motion. In any case, however, defendant is not to open to the jury on this subject nor raise it with any witness absent prior notice to the Court and the government.

11. The government moves to preclude defendant from "present[ing] evidence or argument concerning his prior commission of 'good acts' or [] offer[ing] evidence of his non-criminal activities to disprove his guilt of the crimes charged."[23] As a general proposition, "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."[24] Furthermore, pursuant to Federal Rule of Evidence 403, "a district court may exclude evidence of a defendant's prior good acts if it finds that any minimal probative value of such evidence is outweighed by the likelihood of jury confusion and the risk of jury

---

outweigh any relevancy it might have."); *with United States v. Connolly,* No. 16 Cr. 370 (CM), 2019 WL 2125044, at *13 (S.D.N.Y. May 2, 2019) (that "everyone is doing it" – is "not a defense to the crime of wire fraud or conspiracy to commit wire fraud; just as 'everyone speeds' is not a defense if your car happens to get picked up on the radar"); *and United States v. Mendlowitz,* No. 17 Cr. 248 (VSB), 2019 WL 6977120, at *5 (S.D.N.Y. Dec. 20, 2019) ("[T]he fact that certain conduct may be common or general practice in an industry was not relevant to the jury's consideration of the conduct of [the defendant], and is not a defense to wire fraud.").

[23] Dkt 204, at 54.

[24] *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (quoting *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990)).

10

nullification."[25]  Accordingly, the defendant is precluded from referring to any alleged prior good acts by the defendant, including any charity or philanthropy, as indicative of his character or his guilt or innocence.

12. The government moves to preclude defendant from presenting evidence or argument "concerning his family background, health, age, pretrial detention, or any other similar factors . . . absent a showing that such a factor bears on his guilt."[26]  Such evidence "appears not to be relevant to the issue of whether Defendant committed the crimes charged" and thus would be irrelevant.[27]  Accordingly, the motion is granted.  Additionally, the government's motion to preclude defendant from offering evidence or argument concerning the punishment or consequences he would face if convicted is granted.[28]

13. The government moves to preclude defendant from presenting evidence or argument "about the speed of the Government's charging decisions, the cooperation of the Debtors' attorneys, and the circumstances of the Defendant's extradition."[29]  Any such evidence is irrelevant to the issues for the jury at trial and would carry a substantial risk of distracting the jury from its

---

[25] *United States v. Rivera*, No. 13 Cr. 149 (KAM), 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015) (citing *United States v. Al Kassar*, 660 F.3d 108, 124 (2d Cir. 2011)).

[26] Dkt 204, at 56.

[27] *United States v. Battaglia*, No. S9 05 CR. 774 (KMW), 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008).

[28] *See Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)).

[29] Dkt 204, at 47.

11

duty to determine the defendant's guilt or innocence and of encouraging jury nullification.[30] Accordingly, the government's motion in this respect is granted.

14. The government moves to preclude defendant from "attempting to shift the blame for FTX's collapse onto regulators" or "argu[ing] for acquittal on the basis of extraneous public policy considerations," such as "the role of regulatory agencies in responding to recent cryptocurrency market events."[31] Such evidence would have no probative value and would create a substantial risk of confusing the issues and misleading the jury. Accordingly, the government's motion is granted in this respect.

15. The government moves to preclude defendant from arguing that he "is not guilty because FTX was not regulated within the United States and he followed the rules with respect to FTX US."[32] Defendant has not opposed this request, which therefore is granted.

16. The government moves to preclude defendant from "offering evidence [tending to prove] or arguing that he intended to return or repay victims' funds and therefore that he did not act with intent to defraud."[33] The defense represents that it has no intention of arguing or introducing evidence that the defendant "intended to steal funds and give them back,"[34] which

---

[30] *See United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) (granting motion to preclude defendant from "presenting arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting [the defendant]").

[31] Dkt 204, at 46.

[32] Dkt 204, at 53.

[33] Dkt 204, at 41.

[34] Dkt 246, at 28.

hereby is precluded.  The government's motion, however, is denied without prejudice to the extent that the defendant seeks to introduce evidence and argument probative of his alleged good-faith belief that FTX and Alameda's handling of customer assets was permitted by law and under the Terms of Service.  The government moves also to preclude the defendant "from offering evidence about the amount of assets that have been recovered through FTX's bankruptcy for purposes of suggesting to the jury that victims will be made whole, that the FTX Debtors' progress in securing and recovering estate assets somehow diminishes the scale of the fraud, or that, with more time, FTX could have satisfied customer withdrawals."[35]  The defense does not object to that request, which hereby is granted.[36]

        17.    The government moves to preclude defendant from "making arguments or cross-examining witnesses about contractual disclaimers or similar provisions in FTX's terms of service or other documents provided to victims or posted on FTX's website."[37]  That motion is premature and therefore is denied without prejudice.

        18.    The government moves to preclude defendant from "arguing about or introducing evidence regarding whether FTX needed to declare bankruptcy, whether it was good for FTX and its customers to declare bankruptcy, whether the defendant supported the bankruptcy petition, whether the exchange would be operational today but for the bankruptcy, and/or whether the General Counsel of FTX US and outside attorneys at Sullivan & Cromwell caused FTX to

---

[35] Dkt 204, at 43-44.

[36] Dkt 246, at 28 n.7.

[37] Dkt 204, at 40.

declare bankruptcy so that they could benefit financially."[38]  That motion is granted, as set forth in more detail below with respect to the defendant's motion *in limine*.

19. The government moves to preclude defendant from "suggesting that the presence of attorneys at his companies or the involvement of attorneys in certain decision-making demonstrates that he lacked criminal intent," absent a "formal advice of counsel defense."[39]  The Court will defer any ruling on this motion.

V. *Motion to Preclude the Defendant from Cross-Examining Witnesses About Privileged Documents or Topics*

20. The government moves to preclude the defendant from cross-examining witnesses about documents or topics that are protected by the attorney-client privilege, including the corporate privilege held by the FTX Debtors.[40]  That motion is denied without prejudice.

VI. *Motion to Preclude the Defendant from Cross-Examining Witnesses About Their Recreational Drug Use*

21. The government moves to preclude the defendant from cross-examining witnesses about their recreational drug use on the ground that "it is not probative of a witness's truthfulness and would serve only to harass the witness and prejudice the jury against them."[41]  The

---

[38] Dkt 204, at 49-50.

[39] Dkt 204, at 44.

[40] Dkt 204, at 57-58.

[41] Dkt 204, at 59-60.

government's motion is denied without prejudice. The defendant, however, shall not introduce the subject in the presence of the jury absent prior notice to the Court and the government.

*The Defendant's Motion*

Defendant moves *in limine* to preclude the government from introducing evidence of (a) the FTX bankruptcy, the solvency of FTX and Alameda, and their ability to make customers whole, (b) defendant's resignation from FTX, and (c) statements that pertain to FTX.US. Defendant moves also for an order directing the government immediately to produce to the defense all orally communicated *Brady* material in its possession.[42]

1. The government does not seek to offer evidence or argument as to "whether FTX needed to declare bankruptcy, whether it was good for FTX and its customers to declare bankruptcy, whether the defendant supported the petition, whether the exchange would be operational today but for the bankruptcy, and whether attorneys benefitted from the bankruptcy,"[43] so defendant's motion to that extent is moot. What remains of defendant's motion therefore is an attempt to preclude any evidence whatsoever of the bankruptcy of FTX and Alameda and of the defendant's resignation as FTX's chief executive officer. That would go too far. Those facts, which are undisputed by the parties, are intertwined inextricably with the crimes alleged in the Indictment and the government is entitled, within reason and without appealing to sympathy, to explain to the

---

[42] Defendant moved also to preclude the government from introducing evidence that was produced to the defense after July 1, 2023. Dkt 206. That motion already has been denied. *See* Dkt 241.

[43] Dkt 245, at 1.

jury its view of what allegedly happened here.[44] Furthermore, the government's proffered evidence regarding defendant's resignation and his alleged subsequent interference with the bankruptcy estate is direct evidence of at least one of the criminal conspiracies alleged in the Indictment and is admissible also to complete the story of that conspiracy.[45] Any risk that the jury might convict defendant on the basis of his resignation or the bankruptcies of FTX and Alameda, as opposed to violating the relevant statutes, may be foreclosed by an appropriate instruction, which the Court would entertain if requested.

    2.    Defendant moves to preclude the government from introducing public statements and advertising materials regarding FTX.US, which are referenced in the S5 Indictment.[46] The government's proffered evidence regarding two such advertisements demonstrates that they were "capable of leading a reasonable person" to believe that the advertisements pertained to FTX, not merely FTX.US, and to change his or her conduct on that basis.[47] Defendant's motion therefore is denied as to the two advertisements described in the S5 Indictment and in the government's opposition brief without prejudice to objection at trial should the government then seek to offer other public statements pertaining to FTX.US.[48]

    3.    The government repeatedly has acknowledged its disclosure obligations under

---

[44] *Old Chief v. United States*, 519 U.S. 172 (1997); *Carboni*, 204 F.3d at 44 (evidence is admissible when it is "necessary to complete the story of the crime on trial").

[45] See Dkt 245, at 2.

[46] Dkt 207, at 16-17.

[47] *Weaver*, 860 F.3d at 94.

[48] See Dkt 245, at 5-8.

Rule 16, *Brady*, and *Giglio*, as well as its intention to remain in compliance with those obligations in the future.[49] There is a schedule for disclosure of such materials, and the government has made a good-faith representation to the Court and defense counsel that it will comply with that schedule. That is sufficient at this time, and defendant's motion regarding the production of *Brady* and *Giglio* materials is denied.

*Conclusion*

Accordingly, the government's motion *in limine* (Dkt 204) is granted in part and denied in part as set forth above. The defendant's motion *in limine* (Dkt 206) is denied, but without prejudice to renewal at trial to the extent indicated above.

SO ORDERED.

Dated:      September 26, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[49] *See, e.g.*, Dkt 245, at 8-9.