

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

September 29, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:  *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter to object to the Government's proposed voir dire, ECF No. 274. As a general matter, the Government's proposed voir dire discourages full disclosure from potential jurors, fails to elicit sufficient information to allow the defense to ascertain potential juror bias, and risks tainting the jury by presenting the allegations in a prejudicial manner. We therefore respectfully request that, in addition to the Court's preferred voir dire, the Court use the voir dire proposed by Mr. Bankman-Fried, ECF No. 273, which will provide a full and fair opportunity to expose bias or prejudice on the part of potential jurors and allow the parties to intelligently exercise challenges for cause and peremptory challenges.

      "Voir dire is an important method of protecting a defendant's right to trial by an impartial jury." *United States v. Colombo*, 869 F.2d 149, 151 (2d Cir. 1989) (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554, 104 S. Ct. 845, 849, 78 L. Ed. 2d 663 (1984)). The Second Circuit has held that "the defense deserves 'a full and fair opportunity to expose bias or prejudice on the part of veniremen." *Id.* (quoting *United States v. Barnes*, 604 F.2d 121, 139 (2d Cir. 1979)). Thus, "there must be sufficient information elicited on voir dire to permit a defendant to intelligently exercise" both for cause and peremptory challenges. *Id.* In addition, the voir dire must be designed to reveal facts probative of various forms of bias: actual bias, implied bias, which arises as a matter of law where a typical person in the juror's position would be biased; and inferable bias, "which arises when a juror discloses a fact that bespeaks a risk of partiality sufficiently significant to warrant granting the trial judge discretion to excuse the juror for cause, but not so great as to make mandatory a presumption of bias." *United States v. Nieves*, 58 F.4th 623, 633 (2d Cir. 2023). "Otherwise, fundamental unfairness arises if voir dire is not adequate to identify unqualified jurors." *Id.*

The Honorable Lewis A. Kaplan
September 29, 2023
Page 2

The Government's proposed voir dire fails to achieve these objectives in numerous respects, as set forth in the specific objections to the Government's proposed questions and instructions discussed below.

We specifically object to paragraph 3 of the Government's summary of the charges and Question 33, which risk tainting the jury by presenting the allegations or circumstances of the case in a manner that undermines the presumption of innocence. In particular, by referring to "his fraud," rather than "his alleged fraud" or simply "fraud," the final sentence in paragraph 3 improperly suggests that fraud by Mr. Bankman-Fried is an established fact. Question 33 likewise refers to "the fact that the charges involve fraud and money laundering," rather than "the fact that the charges involve allegations of fraud and money laundering." This phrasing is prejudicial and improperly suggests that fraud and money laundering by Mr. Bankman-Fried has been established. To the extent that the Court includes these portions of the Government's voir dire, we respectfully request that the Court remind potential jurors that Mr. Bankman-Fried, like all criminal defendants, is presumed innocent until proven guilty beyond a reasonable doubt by the Government.

We specifically object to Questions 13, 23, and 24, which fail to elicit adequate information on the subject of the inquiries to enable the defense to ascertain potential juror bias or ability to serve impartially. Question 13 asks only about "medical problems" that might interfere with service as a juror in this case, without also inquiring as to physical, mental, or emotional conditions, or medications that might interfere with jury service. Questions 23 and 24 likewise fail to elicit relevant and necessary information, by inquiring about prior grand jury and jury service without inquiring whether such prior service would cause the potential juror to tend to give more credibility to the charges in this case or would cause the potential juror to have views of law enforcement and the legal system that would affect their ability to serve impartially.

Question 34 similarly fails to elicit information relevant to potential bias. The question addresses experience with cryptocurrency and digital assets without inquiring as to whether that experience would affect the potential jurors' impartiality, for example by failing to ask whether potential jurors lost money that they believe was the result of wrongdoing. Consequently, the question fails to elicit adequate information to enable the meaningful exercise of peremptory challenges and challenges for cause.

We specifically object to Questions 46 and 48, which improperly use the voir dire to instruct jurors. Question 46 instructs that "it is no concern of yours why the Government has chosen to enter into agreements with these witnesses, and you are not to speculate about the reasons." Question 48 asserts that evidence obtained by the Government "was obtained lawfully." These assertions are prejudicial and unnecessary to elicit adequate information as to potential juror bias.

The Honorable Lewis A. Kaplan
September 29, 2023
Page 3

      We specifically object to Questions 54 and 55, which unfairly and prejudicially inquire only as to whether certain circumstances would render potential jurors unable to return a guilty verdict for reasons unrelated to the law or evidence, without inquiring as to whether those circumstances would render potential jurors unable to return a verdict of not guilty.  These questions therefore fail to adequately elicit information concerning potential bias.  We respectfully request that, to the extent the Court includes such questions in its voir dire, the Court also inquire as to whether potential jurors feel unable to return a verdict of not guilty, even if the Government has not proven the defendant's guilt beyond a reasonable doubt.

      Finally, we specifically object to Question 31, which seeks to elicit irrelevant information.  The question asks whether potential jurors or their close friends or relatives have "ever been stopped or questioned" by law enforcement.  This question appears designed to elicit information concerning potential jurors' encounters with law enforcement and law enforcement practices that disproportionately affect people of color.  Neither race nor police misconduct are relevant to the instant case, and this question risks improperly excluding potential jurors on the basis of race.

      Respectfully submitted,

        /s/ Mark S. Cohen
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc:    All counsel of record (via ECF)