

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 8, 2023

**By ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      The Government respectfully requests that the Court preclude the defendant from introducing evidence or argument about the current value of certain investments made by the defendant. The Government has recently conferred productively with the defense on a number of issues that may be elicited in direct or cross examination of the Government's upcoming witnesses, and the parties have reached agreement on many of these issues. However, the Government understands that the defense may seek to elicit evidence about the current value of the defendant's investment in Anthropic, a company in which the defendant invested approximately $500 million in 2022 using funds that the Government alleges were stolen from FTX customers. Evidence regarding the current value of the defendant's investments could only be used to support the argument that FTX customers and/or other victims will ultimately be made whole, which the Court has recognized is an impermissible purpose. *See United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK), 2023 WL 4194773, at *9 (S.D.N.Y. June 27, 2023) (noting that "it is immaterial as a matter of law whether the defendant intended to repay the misappropriated funds" or could have). Such evidence would therefore be wholly irrelevant, and present a substantial danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and waste of time. Indeed, preclusion of this evidence would be consistent with the Court's prior order granting the Government's unopposed motion *in limine* to preclude the defense from making arguments about the amount of assets that have been recovered through FTX's bankruptcy for purposes of suggesting to the jury that victims will be made whole. (Dkt. 289 at 12).

      By way of background, the defendant invested approximately $500 million in Anthropic, a startup artificial intelligence company, in April 2022. The Government expects to introduce evidence that the defendant funded this investment with FTX customer deposits. In the past few weeks, Anthropic has announced that it is attempting to raise additional funds from investors, including Amazon and Google, at a valuation between $20 billion and $30 billion. In the wake of this announcement, there has been some public reporting suggesting that this valuation would increase the value of the defendant's investment in Anthropic and thereby increase the potential recovery for FTX customers and other creditors in the FTX bankruptcy.

There is no relevant purpose to admit evidence about the current value of the Anthropic investment. The Indictment alleges that the defendant committed wire fraud by misappropriating FTX customer deposits to make investments and other expenditures. It is immaterial whether some of those investments might ultimately have been profitable. When there is an "immediate intent to misapply and defraud," the offense is "complete," and what "might have later happened as to repayment is not material and could not be a defense." *United States v. Sindona*, 636 F.2d 792, 800 (2d Cir. 1980); *see also United States v. Males*, 459 F.3d 154, 158-59 (2d Cir. 2006) ("The requirement under § 1343 that the defendant devise a scheme or artifice for obtaining money or property is satisfied where a defendant fraudulently obtains the use of another person's money or property for a period of time, using it for his own personal profit, and depriving the owner of the ability to do so."); *United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998) ("where some immediate loss to the victim is contemplated by a defendant, the fact that the defendant believes (rightly or wrongly) that he will 'ultimately' be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from the defendant's fraudulent conduct").

Nor would it be a defense to the charges in this case if the defendant invested stolen FTX money believing that the investments would ultimately be so lucrative that he could pay back the stolen money. *United States v. Leonard*, 529 F.3d 83, 91 (2d Cir. 2008). Indeed, the Court in this case has held that evidence regarding the defendant's intent to later repay the misappropriated funds is irrelevant. *Bankman-Fried*, 2023 WL 4194773, at *9. The current value of the Anthropic shares could only go to the question of whether customers will ultimately be made whole, which is immaterial to whether the defendant committed the alleged fraud. *Id.*; *see also United States v. Petit*, No. 19 Cr. 850 (JSR) (S.D.N.Y.), Dkt. No. 115 at 7 (in accounting fraud case, granting motion to exclude evidence that outstanding debts were ultimately repaid).

Moreover, even if there were any arguable probative value to this evidence, it would be substantially outweighed by the risk that such evidence would cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, and waste time. Although Anthropic's valuation in its latest fundraising round has increased relative to its prior fundraising rounds, these fundraising rounds represent venture capital investments where the valuation is based on projections of future revenue growth that are highly speculative. To take one salient example, FTX itself raised similar venture investments at valuations of around $18 billion in 2021 and around $32 billion in 2022 and yet today its shares are worth nothing. Permitting the defendant to introduce evidence of Anthropic's valuation in its venture fundraising rounds would necessitate a mini trial regarding the value of assets available through the bankruptcy and the degree to which they might cover customer and other creditor losses. Given that such inquiry bears no relevance to the issues that the jury will need to decide, the Court should preclude this evidence.

Finally, to the extent that the defendant might suggest, consistent with his prior motion for reconsideration of the Court's *in limine* ruling, that evidence of the value of the Anthropic or any other investment is admissible to rebut "evidence relating to the bankruptcy" (Dkt. 306 at 3), this argument would be wholly without merit. Although the Government has and will introduce evidence of the fact that the defendant's misappropriation of customer deposits resulted in a multi-billion-dollar hole in FTX's balance sheet, ultimately leading to FTX's bankruptcy, the

Government has not offered, and does not intend to offer, evidence regarding how much money victims will ultimately lose once any recovery is made through FTX's bankruptcy or otherwise. Accordingly, the only purpose and effect of introducing evidence of the current value of the Anthropic investment would be to encourage a verdict on an improper basis, and the evidence should be precluded.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney for the
          Southern District of New York

By:    /s Thane Rehn
          Danielle R. Sassoon
          Nicolas Roos
          Danielle Kudla
          Samuel Raymond
          Thane Rehn
          Assistant United States Attorneys
          (212) 637-2354

Cc: Counsel of Record (via ECF)