

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

October 10, 2023

<u>VIA ECF</u>

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

   Per the Court's directive that a response be filed this evening, we respectfully submit this letter on behalf of our client, Samuel Bankman-Fried, in response to the Government's letter motion seeking to exclude evidence or argument concerning the current value of Mr. Bankman-Fried's investment in Anthropic, a company whose value has appreciated substantially since the investment was made.  ECF No. 315.

   Separate and apart from the Government's motion, the defense should be allowed to elicit testimony from Ms. Ellison about the portfolio nature of venture-capital investing, namely that successful venture-capital investing turns on returns from a relatively small number of successful investments offsetting other investments that may not have earned a return or have not done so within a certain timeframe.  Here, the significant appreciation in Anthropic since last year reflects this important context and is relevant to testimony that the Government has elicited from Ms. Ellison concerning expected value analyses.

   In its letter motion, the Government, however, seeks to exclude evidence of Anthropic's current value based on the claim that such evidence could *only* be relevant to argument that alleged victims may be made whole through FTX's and Alameda's bankruptcies.  The Government's position miscasts the relevance of the evidence.  Evidence of the current value of the Anthropic investment is squarely relevant to rebutting the Government's opening statement and testimony to date, as well as Mr. Bankman-Fried's good-faith.

   The Government has repeatedly raised Alameda's venture investments during the trial, including in its opening statement, where the Government argued that Alameda's and Mr. Bankman-Fried's investments were, among other things, "risky" and "losing money."  *See* 2023-10-04 Trial Tr. 34:19-21 (Gov't Opening).  In response, the defense should be permitted to

The Honorable Lewis A. Kaplan
October 10, 2023
Page 2

introduce evidence of positive investment outcomes (*i.e.* Anthropic) of such venture investments to rebut evidence and argument from the Government that Alameda's venture-capital investment strategy was wasteful or reckless.  Moreover, to the extent that the Government contends that Mr. Bankman-Fried made ill-informed or misguided investment decisions to argue that Mr. Bankman-Fried had a tendency toward reckless decisions, the current value of the Anthropic shares and potentially other investments is relevant to rebutting those claims.

      To the extent the Court has concerns that evidence concerning Anthropic's current value may improperly suggest that customers, lenders, and investors would be repaid, the defense has no objection to the Court providing an appropriate limiting instruction.  Accordingly, Mr. Bankman-Fried respectfully asks the Court to deny the Government's motion to preclude evidence of the current value of Mr. Bankman-Fried investment in Anthropic.

Respectfully submitted,

  /s/ David Lisner
Mark S. Cohen
Christian R. Everdell
S. Gale Dick
David F. Lisner
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com
sgdick@cohengresser.com
dlisner@cohengresser.com

cc:   All counsel of record (via ECF)