

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

## MEMO ENDORSED



Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

October 2, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  On behalf of our client, Samuel Bankman-Fried, we write to respectfully request clarification and reconsideration regarding certain portions of the Court's ruling on the parties' motions *in limine*, ECF No. 289. In particular, as discussed further below, we seek clarification as to (1) the Court's grant of the Government's request to preclude argument concerning whether FTX was regulated within the United States and FTX.US's compliance with applicable rules, ECF No. 289 at ¶ 15; (2) the Court's grant of the Government's request to preclude Mr. Bankman-Fried from offering evidence concerning recovery of assets in the FTX bankruptcy proceeding, *id.* ¶ 16; (3) the Court's grant of the Government's request to preclude evidence concerning Mr. Bankman-Fried's prior good acts, including charitable giving and philanthropy, to disprove his guilt of the crimes charged, *id.* ¶ 11; and (4) the Court's grant of the Government's request to admit evidence concerning the alleged illegal campaign finance scheme, *id.* ¶ 2.

*1. Ruling as to Argument Concerning Whether FTX was Regulated in the United States and FTX.US's Compliance with Applicable Rules*

  The Court granted the Government's request to preclude Mr. Bankman-Fried from arguing that "he is not guilty because FTX was not regulated in the United States and he followed the rules with respect to FTX US," on the basis that the "Defendant has not opposed this request[.]" ECF No. 289 at ¶ 15. However, we respectfully note that Mr. Bankman-Fried opposed the Government's request in his Memorandum of Law in Opposition to the Government's Motions *in Limine* ("Opposition Brief"), ECF No. 246, at 23-24.

  Specifically, Mr. Bankman-Fried argued:

Memorandum Endorsement                              United States v. Bankman-Fried, 22-cr-0673 (LAK)

        Defendant moves for clarification and reconsideration (Dkt 306) regarding portions of the Court's ruling on the parties' motions *in limine*. The motion is disposed of as follows, the numbered sections of this endorsement corresponding to those of the defendant's motion.

        1.     Reconsideration is granted. On reconsideration, the Court adheres to its ruling on the prior motion (Dkt 289, ¶ 15) substantially for the reasons argued by the government in opposition to the defendant's present motion (Dkt 312, ¶ I). Among other things, the fact, assuming it to be so, that cryptocurrency exchanges or the cryptocurrency industry in particular are, in a general sense, unregulated in the United States, at least in the same ways as some other financial services industries such as securities exchanges, commodities exchanges, investment advisors, and so on, is irrelevant. Defendant is being prosecuted here for alleged violations of U.S. statutes of general application to all persons and entities the conduct of which comes within the reach of U.S. law, including, for example, wire fraud and conspiracy to violate other applicable statutes. Among other things, he allegedly misappropriated for his own use money that was "entrusted to [his] care by another." *United States v. Altman*, 48 F.3d 96, 101 (2d Cir. 1995). Even were the evidence that defendant seeks to offer of some relevance, evidence of the lack of the sort of regulation to which defendant refers would be of minimal probative value and would be outweighed substantially by the likelihood of jury confusion, waste of time, and unfair prejudice to the even-handed application of laws of general application to the defendant's alleged conduct.

        2.     Reconsideration is denied. First, the defendant's reliance on footnote 7 of his opposition to the government's memorandum on the motion *in limine* is misplaced. Arguments raised only in footnotes (let alone arguments omitted from footnotes) are not properly raised and need not be addressed by the Court. *See Fairfield Sentry Ltd. v. Citibank, N.A.* 630 F. Supp.3d 463, 496 n.34 (S.D.N.Y. 2022) (citing cases). Second, as the Court already has held, "it is immaterial as a matter of law whether the defendant intended to repay [or could have repaid] the misappropriated funds because the offense [wa]s complete where, as alleged here, there is an immediate intent to misapply and defraud."

        3.     Reconsideration is granted but, on reconsideration, the Court adheres to its original ruling with this clarification: The government does not object to the defendant's proffer of admissible evidence regarding charitable or philanthropic efforts provided the evidence is presented for a proper purpose, as opposed to attempting to prove lack of a propensity to commit crime or good. Should controversy arise over particular questions, the Court then will rule as appropriate.

        4.     Reconsideration is granted but, on reconsideration, the Court adheres to its original ruling. Moreover, and with respect, the defendant has misconstrued the Court's rulings. Properly construed, there is no inconsistency.

        In the event of a conviction, the Court reserves the right to expand upon its reasoning with respect to these rulings.

        SO ORDERED.

Dated:       October 11, 2023

*[signature]*
Lewis A. Kaplan
United States District Judge