

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 25, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

The Government writes regarding the following: (1) the Court's question regarding the use of a special verdict form for Count One; (2) the defendant's failure to disclose Rule 26.2 material; (3) the inadmissibility of evidence highlighting the involvement of attorneys; and (4) the preclusion of the use of certain charts that have been marked as defense exhibits.

    I.    <u>Special Verdict Form</u>

This morning the Court raised the question of whether a special verdict form would be appropriate for Count One, which charges the defendant with wire fraud. The Government has alleged that the defendant participated in a scheme or artifice to defraud FTX customers of money and property by means of false and fraudulent pretenses, statements, representations, and promises. One of the ways in which the defendant participated in a scheme to defraud is by fraudulently misappropriating money that customers entrusted to FTX based on fraudulent representations, pretenses, and promises. Thus, an instruction on misappropriation is appropriate because it provides a useful, specific instruction to the jury of one of the ways—but not the only way—that a defendant may participate in a scheme to defraud.

"[I]t has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission." *Schad v. Arizona*, 501 U.S. 624, 649 (1991) (Scalia, J., concurring); *see also, e.g.*, *id.* at 631-32 (plurality opinion); *Richardson v. United States*, 526 U.S. 813, 817 (1999). The misappropriation instruction informs the jury of one means by which the defendant may scheme to defraud; misappropriation is a means, however, not an element of the crime. Therefore, there is no need for a special verdict form because the jurors are not required to be unanimous on the means of violation or a theory of liability. *See Richardson*, 526 U.S. at 817 (requiring unanimity as to elements, not means); *United States v. Ferguson*, 676 F.3d 260, 279 (2d Cir. 2011) (no error where jurors were presented with four theories of liability and the district court denied a specific unanimity instruction on the theory of conviction). Put another way, the jury must be unanimous on the existence of a scheme or artifice to defraud, not

the means by which the scheme was carried out or the theory of liability used to establish the existence of such a scheme.

The Government understands that part of the Court's concern in inquiring about a special verdict form may be whether the jury could convict the defendant on a misappropriation theory without finding he made a false statement, representation, or promise. To address that potential concern, and to eliminate the need for a special verdict form, the Government would agree to the deletion of the proposed instruction that has been given in other cases about the Government not being required to show that the defendant made a misrepresentation or false statement. *See* Dkt. 214 at 8-9 (previously proposing the instruction that "Where the scheme to defraud involves fraudulently embezzling or misappropriating money or property, as it is for Count One, the Government is not required to show that the defendant made a misrepresentation or false statement"). By removing that sentence of the proposed instruction, the Court's instruction will be clear that the Government is required to prove that the defendant obtained money or property by means of a false statement, representation, promise, or pretense.

    II.    <u>Rule 26.2 Materials</u>

Yesterday, for the first time, defense counsel disclosed as a witness Krystal Rolle, who appears to have been a defense attorney for the defendant in the Bahamas. While the defense has not provided any written disclosure, exhibits, or Rule 26.2 material for this witness, last night and this morning, defense counsel indicated that they intend to call Ms. Rolle to testify about conversations the defendant had with regulators in the Bahamas in November 2022. The defense has not disclosed any Rule 26.2 material for Ms. Rolle. On July 1, 2023, the Court ordered defense counsel to "provide to the Government material covered by Federal Rule of Criminal Procedure 26.2" for its witnesses by September 18, 2023. Defense counsel indicated to the Government yesterday that they are aware of their disclosure obligations. The Government has not received any Rule 26.2 material for the witnesses that the defendant intends to call. So as to permit the Government sufficient time to prepare for cross-examination, and to ensure the trial moves efficiently, the Government respectfully requests that all Rule 26.2 materials be produced to the Government by 5 p.m. today. Failure to produce Rule 26.2 material would be a basis for excluding their testimony. *See* Fed. R. Crim. P. 26.2(b).

    III.    <u>Titles of Attorneys</u>

As the Government indicated during the Court conference this morning, tomorrow the Government will conclude its case by offering a summary chart, either through a witness or by stipulation, that lists (i) names of Signal message channels; (ii) the participants in those channels; and (iii) the data retention periods set for those channels. The defense has suggested that it may, either through cross-examination of a witness called to provide foundation for the chart, or through their own chart or witness, seek to put in front of the jury the titles of FTX attorneys that are named in certain Signal message channels. Specifically, defense counsel has previously asked to insert into the Government's exhibit and highlight title information for thirteen attorneys all but three of whom (Can Sun, Ryne Miller, and Daniel Friedberg) have not come up in any meaningful respect, if at all, during this trial, and has suggested that, if those titles are not inserted into the Government's exhibit, the defense will attempt to offer the titles into evidence in some form.

There is no relevant purpose to such evidence, and its introduction unnecessarily and in a misleading manner focuses the jury on the presence of attorneys that have no relevance to the case, running afoul of the Court's pretrial ruling on this issue. *See* Dkt. 303. This is especially so because the Signal chats in question include a number of FTX personnel, but the defense seeks only to introduce evidence relating to the titles of attorneys, and no other employees. In short, given that there is no relevance to any fact in the case that these individuals are attorneys, it appears to be the defense's purpose to suggest to the jury that the mere fact, without any connection established to the defendant's statement of mind, that certain people in the proximity of the defendant's conduct had law degrees is probative of the defendant's intent. In fact, without some foundation connecting these individuals' titles to some relevant fact in dispute, the fact that they have law degrees is both irrelevant and poses a risk of unfair prejudice. *See, e.g.*, *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. May 31, 2022), Dkt. 245, Tr. at 787 ("A lawyer's involvement with an individual or entity does not itself constitute a defense to any charge in this case."); *S.E.C v. Lek Sec. Corp.*, No. 17 Civ. 1789 (DLC), 2019 WL 5703944, at *4 (S.D.N.Y. Nov. 5, 2019) ("the intimation that counsel has blessed a transaction or practice without waiver of the attorney-client privilege" is improper); *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013) (evidence regarding the presence of attorneys "would be confusing and unduly prejudicial" because a "jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of a transaction"). Accordingly, the Government respectfully submits that the Court should preclude evidence that any particular person had a law degree or was a lawyer without an additional proffer of relevance.

### IV. Charts Created by the Defendant

The Government also writes to request that the Court preclude the defense from using certain charts identified by the defense as trial exhibits. The defense has marked thirteen charts as defense exhibits, which appear to be summaries of underlying data, but which do not identify the data from which they are drawn. For instance, one of the charts, marked as Defense Exhibit 1600, is labeled "Alameda Assets" and consists of a graph purporting to show Alameda's "$ debt," "liquid asset debt," and "NAV," from September 2021 through November 2022. Defense Exhibits 1601 through 1612 are similar charts. These are *not* charts that the defense intends to use with their expert witness. They appear to be for some other unidentified witness, possibly the defendant. None of these charts identify the sources on which they are based, and the Government has not been able to connect the numbers on these charts to any evidence in the case. For weeks, since the defense first produced these charts prior to trial, the Government has repeatedly asked the defense to identify the sources of data for these charts, and the defense has declined to do so. The defense has plainly failed to comply with Rule 1006, or provide the information necessary to build a proper foundation, and therefore the charts may not be admitted into evidence. *See* Fed. R. Evid. 1006 ("The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."); *U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 163 (2d Cir. 1996) (affirming admission of charts "only if the documents supporting this evidence existed, were admissible, [and] had been made available to" the opposing party, and affirming the exclusion of other charts where the party offering the charts "could not show or represent that the underlying documents had been provided" to the opposing party); *SEC v. Lek Secs. Corp.*, No. 17 Civ. 1789 (DLC), 2019 WL 3034888, at *2 (S.D.N.Y. July 11, 2019) ("Before admitting . . . testimony" establishing a foundation for the admissibility of chart under Rule 1006, "'the court must ascertain with certainty that the summaries are based upon and fairly represent competent evidence already before the

jury.'" (quoting *United States v. Conlin*, 551 F.2d 534, 538 (2d Cir. 1977)) (internal alterations omitted)).

During discussions with the defense, the defense has indicated that it may use the charts during the defense case, but has claimed that the charts are "demonstratives," rather than summary charts, and has declined to provide further information on that basis. The Court has broad discretion to "allow the use of demonstrative aides, including the display of charts or tables accurately summarizing the content" of admissible evidence. *Briese Lichttenchnik Vertriebs Gmbh v. Langton*, No. 09 Civ. 9790, 2013 WL 12061874, *3 (S.D.N.Y. Dec. 18, 2013). But simply calling the charts "demonstratives" rather than summaries under Rule 1006 does not relieve the defense of establishing that the charts do in fact "accurately" summarize underlying data. *Id.*; *see also Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2015 WL 5786487, at *4 (S.D.N.Y. Sept. 30, 2015) ("To be sure, sketches, diagrams, and maps may be admitted as demonstrative exhibits when a foundation has been laid to establish that they are sufficiently accurate."). A party should not be permitted to present charts that appear to summarize underlying data without providing that data to the opposing party to allow for cross-examination and rebuttal. The defense exhibits appear to be charts that present real data regarding FTX and Alameda, and would be perceived by the jury as doing so. The Government and the Court has no way to evaluate whether these charts are accurate without having access to the data from which they were derived. Accordingly, and absent a sufficient foundation, they should be precluded.

Finally, and for similar reasons, without a proffer of the source of the data in the charts, an opportunity to evaluate their reliability, and a proffer of relevance, the charts are likely to confuse and mislead the jury, and such prejudice will significantly outweigh any probative value the charts could have as demonstratives. Accordingly, the charts should also be precluded under Rules 401 and 403.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:  /s/ Nicolas Roos
Danielle R. Sassoon
Nicolas Roos
Samuel Raymond
Thane Rehn
Danielle Kudla
Assistant United States Attorneys
(212) 637-2421

Cc:   Defense Counsel (by ECF)