USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-25-2023

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 25, 2023

MEMO ENDORSED

Defendant shall disclose any Rule 26.2 material forthwith.
SO ORDERED.
/s/ [signature]
10/25/23

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

The Government writes regarding the following: (1) the Court's question regarding the use of a special verdict form for Count One; (2) the defendant's failure to disclose Rule 26.2 material; (3) the inadmissibility of evidence highlighting the involvement of attorneys; and (4) the preclusion of the use of certain charts that have been marked as defense exhibits.

I.   Special Verdict Form

This morning the Court raised the question of whether a special verdict form would be appropriate for Count One, which charges the defendant with wire fraud. The Government has alleged that the defendant participated in a scheme or artifice to defraud FTX customers of money and property by means of false and fraudulent pretenses, statements, representations, and promises. One of the ways in which the defendant participated in a scheme to defraud is by fraudulently misappropriating money that customers entrusted to FTX based on fraudulent representations, pretenses, and promises. Thus, an instruction on misappropriation is appropriate because it provides a useful, specific instruction to the jury of one of the ways—but not the only way—that a defendant may participate in a scheme to defraud.

"[I]t has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission." *Schad v. Arizona*, 501 U.S. 624, 649 (1991) (Scalia, J., concurring); *see also, e.g., id.* at 631-32 (plurality opinion); *Richardson v. United States*, 526 U.S. 813, 817 (1999). The misappropriation instruction informs the jury of one means by which the defendant may scheme to defraud; misappropriation is a means, however, not an element of the crime. Therefore, there is no need for a special verdict form because the jurors are not required to be unanimous on the means of violation or a theory of liability. *See Richardson*, 526 U.S. at 817 (requiring unanimity as to elements, not means); *United States v. Ferguson*, 676 F.3d 260, 279 (2d Cir. 2011) (no error where jurors were presented with four theories of liability and the district court denied a specific unanimity instruction on the theory of conviction). Put another way, the jury must be unanimous on the existence of a scheme or artifice to defraud, not