## ADDENDUM TO DEFENSE REQUEST NO. 5
## OF DEFENDANT'S PROPOSED JURY INSTRUCTIONS

<u>Instruction</u>:

In Count One of the Indictment, the Government has charged that Mr. Bankman-Fried "engaged in a scheme to defraud customers of FTX by misappropriating those customers' deposits, and using those deposits to pay expenses and debts of Alameda to make investments, and for other purposes." S6 Indictment ¶ 17 (Count One).  For misappropriation to have occurred, under the Government's theory, there must have existed a trust, fiduciary relationship, or a similar relationship between FTX and its customers.

FTX's relationship with its customers was governed by the Terms of Service, which is in evidence as Exhibit GX-558.  The Terms of Service provided that they would be "governed by, and construed in accordance with, English law."  § 38.11.  That means that the meaning and effect of the Terms of Service are matters of English law, and are therefore legal questions for me to instruct you on.

I instruct you that, under English law, the Terms of Service do not create a trust relationship or similar fiduciary relationship between FTX and its customers.  Nor, under English law, do any representations made after a customer agreed to the Terms of Service create a trust relationship or similar fiduciary relationship.

The mere fact that a person subjectively expected, understood or believed that a trust, fiduciary relationship, or similar relationship existed does not create such a relationship.

Authority:

Under English law, whether a contract creates a trust or similar fiduciary relationship is a question of interpreting the contract, and in doing so "[t]he court's task is to ascertain the objective meaning of the language which the parties have chosen in which to express their agreement." *Lukoil Asia Pacific Pte Ltd. v. Ocean Tankers (Pte) Ltd.* [2018] EWHC 163 (Comm.), [2018] 2 All ER (Comm.) 108, [8]. Courts applying English law are reluctant to find that a trust exists in the absence of express provision. *See, e.g., Westdeutsche Landesbank Girozentrale v. Islington LBC*, [1996] AC 669, 704 (HL) ("Courts are generally disinclined to overlay common commercial transactions with trusts" unless "the parties explicitly adopt equitable techniques."). Indeed, while "contractual and fiduciary relationships may co-exist," in that situation, "it is the contractual foundation which is all important because it is the contract that regulates the basic rights and liabilities of all parties." *Generics (UK) Ltd. v. Yeda Research & Dev. Co. Ltd.*, [2012] EWCA Civ. 726, [80]. Representations or conduct subsequent to the execution of a contract have no impact on whether, under the contract, a trust or similar fiduciary relationship exists. *See James Miller and Partners Ltd v Whitworth Street Estates (Manchester) Ltd* [1970] AC 583 (It is "now well settled that it is not legitimate to use in the aid in the construction of the contract anything which the parties said or did after it was made").

Briefly stated, a formal trust, called an express trust in England, is the legal relationship created when assets are placed by someone under one party's control for the benefit of another or for a special purpose. *See* Lewin on Trusts, 20th Ed. (Sweet & Maxwell, 2020) § 1-003). An express trustee is a fiduciary and owes obligations of loyalty to the beneficiary. McGhee, Elliott: Snell's Equity, 34th Ed. (Sweet & Maxwell, 2020) (hereafter "Snell's Equity") §§ 7-003-7-004. Subjective intentions are irrelevant, as are "subsequent statements as to . . . subjective intention at the dates when the trusts were allegedly created. *Wilkinson v. North*, [2018] EWCA Civ. 161, [2018] 4 WLR 41 [2], [53].

A trust requires that the legal interest in property be with or be transferred to the trustee, and that the beneficial interest remain with or be transferred to the beneficiary. *See* Snell's Equity § 21-006; Lewin on Trusts, 20th Ed. (Sweet & Maxwell, 2020) § 1-003.

Applying these principles of English law, the Terms of Service do not create a trust or similar fiduciary relationship between FTX and its customers. The Terms of Service do not use the words "trust," "trust property," or "beneficial interest." To the extent that the Terms of Service use other language relevant to a trust or fiduciary relationship, they expressly provide that no fiduciary relationship is created. *See* Terms of Service Sections 2.1.3, 2.2.2, 38.6.