# MANDATE

S.D.N.Y.
22-CR-673
Kaplan, Judge.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty-three.

Present:
> John M. Walker, Jr.,
> Denny Chin,
> William J. Nardini,
>> *Circuit Judges*.

United States of America,

> *Appellee*,

v.                                                                                          23-6914-cr

Samuel Bankman-Fried,

> *Defendant-Appellant*.

Defendant-Appellant Samuel Bankman-Fried moves for release pending trial and for immediate release pending disposition of this appeal. The Government opposes the motion. We review a district court's detention ruling deferentially and reverse only for clear error. *See United States v. Zhang*, 55 F.4th 141, 146 (2d Cir. 2022); *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020). We discern no error, much less clear error, in the district court's detention decision.

The record supports the district court's conclusion that there was probable cause to believe that the Defendant-Appellant attempted to tamper with two witnesses in violation of 18 U.S.C. § 1512(b), and specifically that he acted with unlawful intent to influence those witnesses. *See United States v. LaFontaine*, 210 F.3d 125, 133 (2d Cir. 2000) (affirming detention order based in

MANDATE ISSUED ON 11/21/2023

part on finding of probable cause that defendant engaged in witness tampering in violation of § 1512(b) while on pretrial release).

The Defendant-Appellant argues that the district court failed to consider the extent to which he was engaged in activity that was protected by the First Amendment. But the district court expressly noted that it was "exceptionally mindful of the defendant's First Amendment rights." It correctly determined that when a person engages in speech to commit a criminal offense such as witness tampering, that speech falls outside the zone of constitutional protection. *See United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996) (holding that witness tampering in violation of § 1512(b) requires proof of persuasion that is "corrupt" and therefore "does not proscribe lawful or constitutionally protected speech").

Moreover, we reject the Defendant-Appellant's contention that the district court failed to consider a less restrictive alternative to detention. The finding of probable cause to believe that the Defendant-Appellant had committed criminal offenses while on pretrial release raised a rebuttable presumption "that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). The record shows that the district court thoroughly considered all of the relevant factors, including the Defendant-Appellant's course of conduct over time that had required the district court to repeatedly tighten the conditions of release. It also shows that the district court contemplated a less restrictive alternative offered by the Defendant-Appellant—an order limiting his communications with the press—but reasonably concluded this was not "a workable solution longer term." In light of this record, the district court did not err in concluding that Defendant-Appellant had failed to rebut the presumption in favor of detention.

We have reviewed the Defendant-Appellant's additional arguments and find them unpersuasive. Upon due consideration, it is hereby **ORDERED** that the motion for release pending trial is **DENIED**. The motion for immediate release pending disposition of this appeal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit