UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
UNITED STATES OF AMERICA,

        Plaintiff,

  -against-

SAMUEL BANKMAN-FRIED
a/k/a "SBF",

        Defendant.

CASE NO. 22-cr- 673 (LAK)

**PETITION FOR HEARING TO ADJUDICATE THIRD-PARTY CLAIMS OF JOINT LIQUIDATORS OF EMERGENT FIDELITY TECHNOLOGIES LTD WITH RESPECT TO THEIR SHARE OF THE EMERGENT ASSETS THAT ARE SUBJECT TO A PRELIMINARY ORDER OF FORFEITURE**

------------------------------------------------------- X

-------------------------------------------------------

### VERIFIED PETITION FOR HEARING TO ADJUDICATE THIRD-PARTY CLAIMS OF THE JOINT LIQUIDATORS OF EMERGENT FIDELITY TECHNOLOGIES LTD WITH RESPECT TO THEIR SHARE OF THE EMERGENT ASSETS THAT ARE SUBJECT TO A PRELIMINARY ORDER OF FORFEITURE

Petitioners Joint Liquidators of Emergent Fidelity Technologies Ltd. (the "Emergent Liquidators"), by and through counsel, hereby petition this Court under 21 U.S.C. § 853(n)(3), for a hearing to adjudicate the validity of their right, title and interest asserted herein with respect to (i) 55,273,469 shares of stock of Robinhood Markets Inc. (the "Robinhood Shares") and (ii) approximately $20,746,713.67 in United States currency that was held with the Robinhood Shares in a brokerage account owned by Emergent (the "Emergent Cash"), which collectively are subject of the Preliminary Order of Forfeiture entered by this Court on March 29, 2024 in the above captioned matter (the "Preliminary Forfeiture Order"). *See* ECF No. 423. The Emergent Liquidators received personal notice of the forfeiture by electronic mail on May 15, 2024. Thus, this petition is timely as it is being filed within 35 days of receipt of notice as set forth for the filing of claims in the Preliminary Forfeiture Order, paragraph 7, and within 30 days pursuant to 21

U.S.C. § 853(n)(2).

## BACKGROUND

1. On or around January 4, 2023, the government seized the Robinhood Shares and the Emergent Cash, as identified in the government's Forfeiture Bill of Particulars. *See* ECF No. 49 at 1.

2. On or around September 1, 2023, the Court authorized the government to sell the Robinhood Shares. *See* Interlocutory Sale Order, ECF No. 242. Soon after, pursuant to the Interlocutory Sale Order, the government sold the Robinhood Shares for $605,694,411.59 (the "Robinhood Share Proceeds"). *See* Preliminary Forfeiture Order at 3. Pursuant to the Interlocutory Sale Order, "[t]he net proceeds realized from the sale of the Robinhood Shares, and any and all income or interest accrued thereon, shall be the substitute *res* for the Robinhood Shares[,]" which "shall be treated in all respects as though they are the Robinhood Shares, with all claims, interests, and defenses applicable to the Robinhood Shares or claims by third parties." Interlocutory Sale Order at 3-4.

3. The Robinhood Shares, the Robinhood Share Proceeds, and the Emergent Cash (collectively, the "Emergent Assets") are identified as "Specific Property" within the Preliminary Forfeiture Order forfeited by Defendant Samuel Bankman-Fried (the "Defendant"). Preliminary Forfeiture Order at 3, 5.

4. The Emergent Liquidators were appointed as the Receivers of Emergent (as set out below), on November 18, 2022, before the government initiated these proceedings. For the reasons set forth below, and as will be demonstrated at an ancillary hearing on these issues, the Emergent Liquidators are bona fide purchasers for value of their right, title, or interest in the Emergent Assets under 21 U.S.C. § 853(n)(6)(B).

## EMERGENT LIQUIDATORS' THIRD-PARTY PETITION

A.   **The Emergent Liquidators Are Bona Fide Purchasers for Value**

5.   On November 17, 2022—before the government initiated any proceedings against the Defendant—an FTX customer filed an *ex parte* claim in the Antiguan court against Emergent. The Antiguan court granted a freezing injunction and appointed Angela Barkhouse and Toni Shukla as Interim Joint Receivers (the "Receivers") over Emergent's assets and the Defendant's equity and/or debt interests in Emergent.[1]

6.   On December 5, 2022, the Antiguan court appointed the Receivers as the Emergent Liquidators[2] in order to, among other duties, protect Emergent's assets and wind down the company.[3]

7.   Protecting Emergent's assets required litigation in multiple proceedings in multiple courts. Following the Emergent Liquidators' appointment as provisional liquidators, the Defendant engaged in a campaign of repetitive and vexatious litigation in Antigua, with the goal of regaining control of Emergent and the Emergent Assets.

8.   Between December 2022 and January 2023, the Defendant filed numerous applications in both the receivership proceeding and the liquidation proceeding. Specifically,

---

[1] It was subsequently reported that the Defendant had sought to liquidate the Robinhood Shares from Emergent's account at Marex (the "Emergent Account") at around this time.

[2] The Antiguan court initially appointed Angela Barkhouse and Toni Shukla as joint provisional liquidators in December 2022, and later appointed them as the Emergent Liquidators upon Emergent's entry into full liquidation proceedings in March 2023.

[3] The Receivers promptly contacted representatives from Marex and requested that Marex not accept any instruction to dispose of any of the assets held in the Emergent Account by any third party. Marex agreed that it would hold any such assets in place pending the order of a court of competent jurisdiction following the Receivers' appointment as provisional liquidators.

while indicted and awaiting trial, the Defendant challenged the Emergent Liquidators appointment on various grounds, including:

- On December 12, 2022, the Defendant filed applications to (i) discharge the receivership order and (ii) stay the liquidation proceeding pending his challenge to the receivership order. On December 28, 2022, the Antiguan Court rejected the Defendant's application to stay the liquidation proceeding, reaffirmed the Emergent Liquidators' powers on the record, and ordered the Defendant to pay fees and costs to the Receivers (the "December 28 Order").

- In January 2023, the Defendant filed applications for, among other things, (i) leave to appeal the December 28 Order, (ii) an adjournment of any further hearing in the liquidation proceeding pending appeal, and (iii) an urgent hearing for his appeal.

- On January 27, 2023, the Eastern Caribbean Court of Appeal (the "Court of Appeal") granted the Defendant's application for leave to appeal the December 28 Order.

- On February 3, 2023, the date on which Emergent filed a chapter 11 petition in the U.S. Bankruptcy Court for the District of Delaware, the Defendant filed an application with the Court of Appeal seeking to stay the Emergent Liquidators' powers pending his appeal.

- Separately, between December 2022 and January 2023, the Defendant filed numerous applications and papers in both the receivership and the liquidation proceedings, with the goal to lift the stay in the receivership. On February 21,

2023, the Antiguan Court partially granted one of the Defendant's applications and permitted the Defendant to take further actions in the receivership.

- On March 2, 2023, the Defendant filed an application to annul or waive the requirement to post security pending his appeal. The Court of Appeal denied this application on March 8, 2023.

- On March 22, 2023, the Court of Appeal entered an order dismissing the Defendant's appeal of the December 28 Order and his application for a stay of the Emergent Liquidators powers pending appeal, and awarded fees and costs to the Emergent Liquidators (as Receivers) (the "March 22 Order").

- On March 24, 2023, the Defendant moved to compel the Emergent Liquidators (as Receivers) to provide security for his appeal in the amount of $200,000. On April 14, 2023, the Court of Appeal denied the Defendant's application and ordered the Defendant to pay additional fees and costs to the Emergent Liquidators (as Receivers) (the "April 14 Order").

9. Almost all of the Defendant's claims have been denied, dismissed or otherwise disposed of in the Emergent Liquidator's favor. To date, the Defendant has not complied with any of the above Orders (*i.e.*, the December 28 Order, the March 22 Order, and the April 14 Order) compelling him to pay fees and costs.

10. Despite this, the Emergent Liquidators have vigorously opposed the Defendant's challenges pursuant to court order and in keeping with their fiduciary duties to Emergent and its creditors. The Defendant, however, has attempted to undermine the administration of Emergent's estate and shift the assets for his own benefit at every step. The Defendant continues to abuse

judicial resources by filing repetitive and meritless claims in Antigua. As a result of all of this, the Emergent Liquidators have incurred significant litigation costs.

11. Since their appointment, the Emergent Liquidators, not the Defendant, have controlled and owned the Emergent estate. The Emergent Liquidators took on this role before the instant action was commenced and the liquidation estate succeeded to all of Emergent's right, title, and interest to the Emergent Assets at this time.[4] The estate has no assets other than the Emergent Assets that are the subject of this proceeding.

12. At the time of their appointment, the Emergent Liquidators were reasonably without cause to believe that their interest in the Emergent Assets was subject to forfeiture and had a good faith belief that they would be compensated for executing their fiduciary duties to protect the Emergent estate through the value of the Emergent Assets. After the Emergent Assets were seized, the Emergent Liquidators and their professionals continued this work in good faith as required by their fiduciary duties and pursuant to court order despite a lack of access to the assets from which they were entitled to be compensated. Under Antiguan law, court-appointed liquidators have a right to recover their professional expenses that is superior to any other claims on estate assets.

---

[4] A liquidation estate under Antiguan law is similar to a bankruptcy estate under U.S. law. Under Section 541 of the Bankruptcy Code, a bankruptcy estate comes into being upon the debtor filing a petition, and the debtor's personal ownership interests are transferred to the estate. *See Artesanias Hacienda Real S.A. de C.V. v. North Mill Capital, LLC (In re Wilton Armetale, Inc.)*, 968 F.3d 273, 280 (3d Cir. 2020) ("When a debtor declares bankruptcy, most of its property gets transferred to its estate. 11 U.S.C. § 541. The estate encompasses 'all kinds of property, including . . . causes of action.'" (quoting *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir. 2002))). Here, the Emergent Liquidators are similarly situated to a bankruptcy estate, wherein the interest in the Robinhood Shares was transferred to their control once the liquidation was approved.

13. Accordingly, at the time the Emergent estate—under the Emergent Liquidators' control and under the supervision of the Antiguan court—took control over the Emergent Assets, the Emergent Liquidators were bona fide purchasers for value of their interest in the Emergent Assets. *See Pacheco v. Serendensky*, 393 F.3d 348, 356 (2d Cir. 2004) (finding appellant was a bona fide purchaser for value where she had no knowledge of the outstanding lien against the forfeited interest in the real property); *United States v. Huntington Nat. Bank*, 682 F.3d 429, 438 (6th Cir. 2012) (finding bank was bona fide purchaser for value where it purchased security interest for consideration in the form of loans of a line of credit, and had no cause to believe that the account would later be subject to forfeiture); *see also Benjamin Ctr. v. Hampton Affiliates, Inc.*, 482 N.Y.S.2d 514, 515 (1984) ("Inasmuch as the appellants had no actual or constructive knowledge of plaintiff's claim and thus were bona fide purchasers for value in good faith[.]").

## **CONCLUSION**

14. The Emergent Liquidators therefore assert their interest in the Robinhood Shares, the Robinhood Share Proceeds, and the Emergent Cash under 21 U.S.C. § 853(n) as bona fide purchasers for value of the right, title, or interest in the property.

15. The Emergent Liquidators reserve all their rights in connection with this petition, including the right to amend and/or supplement this petition in all respects, and the right to respond to and challenge any other party that purports to assert an interest in the Emergent Assets.

## **PRAYER FOR RELIEF**

WHEREFORE, the Emergent Liquidators respectfully requests that the Court:

(1) hold a hearing to adjudicate the validity of the Emergent Liquidators' claim of legal right, title and interests with respect to the value of the Emergent Assets;

(2) issue an order amending the Preliminary Order of Forfeiture/Money Judgment to recognize that the Emergent Liquidators have established the status of bona fide purchaser for

value under 21 U.S.C. §§ 853(n)(6)(B) with respect to their interest in the Emergent Assets; and

    (3)    grant any such other relief that the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June 13, 2024 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: _____<br>    Daniel B. Tehrani, Bar No. 4422945<br>    daniel.tehrani@morganlewis.com<br>    101 Park Avenue<br>    New York, NY  10178-0060<br>    +1.212.309.6000<br>    +1.212.309.6001<br><br>Attorneys for the Joint Liquidators of<br>Emergent Fidelity Technologies Ltd. |

**VERIFICATION**

Joint Liquidators of Emergent Fidelity Technologies Ltd., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the foregoing Verified Petition For Hearing to Adjudicate Third-Party Claims of the Joint Liquidators of Emergent Fidelity Technologies Ltd. with Respect to Their Share of the Emergent Assets is true and correct, to the best of their knowledge, information, and belief.

Executed: June 13, 2024

Angela Barkhouse
Joint Liquidator
Authorized Representative