# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref Nos. 8676 & 10189 |

## ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO GLOBAL SETTLEMENT AGREEMENT WITH BLOCKFI; (B) APPROVING THE GLOBAL SETTLEMENT AGREEMENT; AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to enter into the Global Settlement Agreement, which is attached hereto as Exhibit 1, (b) approving the Global Settlement Agreement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has

---

[1]   The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

been provided in accordance with the Bankruptcy Rules and the Local Rules; and objections (if

any) to the Motion having been withdrawn, resolved or overruled on the merits; and upon the

record of the Motion and supporting documents; and this Court having found and determined

that the relief set forth in this Order is in the best interests of the Debtors and their estates; and

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are authorized to enter into the Global Settlement Agreement.

3.  The terms of the Global Settlement Agreement are approved in their entirety.

4.  The failure to specifically include or reference any particular term or provision of the Global Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

5.  BlockFi shall have the following allowed claims against the applicable Debtor:

    a.  allowed secured claims held by BlockFi Lending LLC ("BlockFi Lending") and BlockFi International Ltd. ("BlockFi International") against FTX Debtor Alameda Research Ltd. ("Alameda") in the aggregate amount of $250,000,000, of which $43,820,000 shall be allocated to BlockFi Lending and $206,180,000 shall be allocated to BlockFi International, in each case entitled to post-petition interest to be calculated at the federal judgment interest rate as set forth in 28

U.S.C. § 1961 (the "<u>Federal Judgment Rate</u>") through the date of effectiveness of the chapter 11 plan of the Debtors (the "<u>FTX Plan</u>");

    b.   allowed general unsecured claims held by BlockFi Lending and BlockFi International against Alameda in the aggregate amount of $439,319,866.07, of which $77,003,986.12 shall be allocated to BlockFi Lending and $362,315,879.95 shall be allocated to BlockFi International, in each case entitled to post-petition interest if and to the extent provided to other similarly situated general unsecured claims in any FTX Plan at the Federal Judgment Rate or such higher rate; and

    c.   an allowed customer claim held by BlockFi International against FTX Trading Ltd. in the amount of $185,196,611.28, entitled to post-petition interest if and to the extent provided to other similarly situated customer claims in any FTX Plan at the Federal Judgment Rate or such higher rate.

6.      Other than as expressly provided herein, all claims asserted by BlockFi against the Debtors are hereby deemed WITHDRAWN with prejudice and EXPUNGED, including the following proofs of claim:

    a.   Claim Nos. 3245, 4091, and 4325 filed by BlockFi Inc.;

    b.   Claim Nos. 4181 and 4214 filed by BlockFi International Ltd.; and

    c.   Claim Nos. 4052, 4317, 4227 filed by BlockFi Lending LLC.

7.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

-4-

8.     The requirements set forth in Bankruptcy Rule 6004(a) are waived.

9.     This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: March 25th, 2024
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Global Settlement Agreement**

EXECUTION VERSION

# GLOBAL SETTLEMENT AGREEMENT

This Global Settlement Agreement (the "Global Settlement Agreement") is made and entered into by and among: (i) the wind-down estates of BlockFi Inc. and its affiliated debtors and debtors-in-possession (collectively, "BlockFi") in the jointly administered chapter 11 cases proceeding under the caption *In re BlockFi Inc., et al.* Case No. 22-19361 (MBK) (the "BlockFi Bankruptcy Proceedings") and (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors,"[1] and together with BlockFi, each a "Party" and collectively, the "Parties") in the jointly-administered chapter 11 cases proceeding under the caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (the "FTX Bankruptcy Proceedings"). The Parties hereby agree as follows:

**WHEREAS**, on November 11 and 14, 2022, the FTX Debtors filed their respective petitions for voluntary relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") initiating the FTX Bankruptcy Proceedings;

**WHEREAS**, on November 28, 2022, BlockFi filed its respective petitions for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") initiating the BlockFi Bankruptcy Proceedings;

**WHEREAS**, on or about March 31, 2023, the FTX Debtors filed claims against BlockFi in the BlockFi Bankruptcy Proceedings, including those set forth in Exhibit A-1 attached hereto (collectively, the "FTX Proofs of Claim" and the claims asserted therein, the "FTX Claims");

**WHEREAS**, on or about June 29, 2023, BlockFi filed claims against the FTX Debtors in the FTX Bankruptcy Proceedings, including those set forth in Exhibit A-2 attached hereto (collectively, the "BlockFi Proofs of Claim," and the claims asserted therein, the "BlockFi Claims");

**WHEREAS**, on September 25, 2023, the FTX Debtors and BlockFi entered into that certain Settlement Agreement, which was approved by the New Jersey Bankruptcy Court on October 3, 2023 (BlockFi Bankruptcy Proceedings, ECF No. 1644) and by the Delaware Bankruptcy Court on October 19, 2023 (FTX Bankruptcy Proceedings, ECF No. 3314) (as amended, supplemented or otherwise modified pursuant to the terms thereof), pursuant to which, among other things, (i) FTX Debtor West Real Shires Inc. ("WRS") received a $275 million allowed general unsecured claim against BlockFi, Inc. in the BlockFi Bankruptcy Proceedings (the "WRS Allowed Claim"), (ii) the FTX Debtors agreed to withdraw all remaining FTX Claims in the BlockFi Bankruptcy Proceedings for purposes of obtaining any affirmative distribution from BlockFi and to assert such claims exclusively as arguments, defenses, counterclaims, setoffs or otherwise against BlockFi's affirmative claims in the FTX Bankruptcy Proceedings, (iii) the Parties agreed that all litigation concerning the FTX Claims and the BlockFi Claims would occur

---

[1] A complete list of the FTX Debtors may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The term "FTX Debtors" does not include jointly administered debtor Emergent Fidelity Technologies Ltd.

in the FTX Bankruptcy Proceedings, and (iv) the Parties agreed to participate in good faith in non-binding mediation with respect to all remaining claims;

**WHEREAS**, on February 1, 2024, the FTX Debtors and BlockFi participated in good faith in a non-binding mediation session conducted by the Honorable Craig T. Goldblatt through which the FTX Debtors and BlockFi agreed to a global settlement in principle of all claims and disputes between them embodied in this Global Settlement Agreement;

**WHEREAS**, each Party has an interest in avoiding the cost and expense that would be associated with litigation of the novel and complex issues raised by litigation between chapter 11 estates; and

**WHEREAS**, without any admission by any Party, and subject to the terms of this Global Settlement Agreement, the Parties desire to finally resolve and settle all disputes between them relating to the FTX Proofs of Claim, the FTX Claims, the BlockFi Proofs of Claim, the BlockFi Claims, and certain related matters set forth herein;

**NOW, THEREFORE**, in consideration of the above and the respective promises, conditions, terms and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

**1.    AGREEMENTS OF THE PARTIES**

(a)    <u>BlockFi Allowed Claims against FTX Debtors</u>.  On the Settlement Effective Date (as defined below), BlockFi shall have the following allowed claims against the applicable FTX Debtors, which shall not be subject to reconsideration pursuant to Federal Rule of Bankruptcy Procedure 3008 or any other applicable rule or law:

(i)    allowed secured claims held by BlockFi Lending LLC ("BlockFi Lending") and BlockFi International Ltd. ("BlockFi International") against FTX Debtor Alameda Research Ltd. ("<u>Alameda</u>") in the aggregate amount of $250,000,000, of which $43,820,000 shall be allocated to BlockFi Lending and $206,180,000 shall be allocated to BlockFi International, in each case entitled to post-petition interest to be calculated at the federal judgment interest rate as set forth in 28 U.S.C. § 1961 (the "<u>Federal Judgment Rate</u>") through the date of effectiveness of the FTX Plan (as defined below) (the "<u>Allowed Secured Loan Claim</u>");

(ii)    allowed general unsecured claims held by BlockFi Lending and BlockFi International against Alameda in the aggregate amount of $439,319,866.07, of which $77,003,986.12 shall be allocated to BlockFi Lending and $362,315,879.95 shall be allocated to BlockFi International, in each case entitled to post-petition interest if and to the extent provided to other similarly situated general unsecured claims in any FTX Plan, at the Federal Judgement Rate or such higher rate (the "<u>Allowed Unsecured Loan Claim</u>"); and

(iii)    an allowed customer claim held by BlockFi International against FTX Trading Ltd. in the amount of $185,196,611.28, entitled to post-petition interest if and to the extent provided to other similarly situated customer claims in any FTX Plan, at the Federal Judgment Rate or such higher rate (the "<u>Allowed Customer Claim</u>," and together with the Allowed Secured Loan Claim and the Allowed Unsecured Loan Claim, the "<u>BlockFi Allowed Claims</u>").

(b)    <u>Transfers of Allowed BlockFi Claims</u>.  Effective as of the date of this Global Settlement Agreement, the BlockFi Allowed Claims shall be immediately and freely transferable (in whole or in part), provided that any transferee of any portion of, or interest in, the BlockFi Allowed Claims (each, a "<u>Transferee</u>") shall, as a condition to such transfer (each, a "<u>Transfer</u>"), agree to be bound by the terms of this Global Settlement Agreement with respect to the acquired portion of the BlockFi Allowed Claims, mutatis mutandis, by executing and delivering to the FTX Debtors a joinder agreement substantially in the form attached hereto as <u>Exhibit B</u> (each, a "<u>Joinder</u>").  Upon compliance with the foregoing, BlockFi shall be deemed to relinquish its rights (and be released from its obligations, except for any claim for breach of this Global Settlement Agreement that occurs prior to such transfer) under this Global Settlement Agreement with respect to the transferred portion of the BlockFi Allowed Claims and to the extent of such transferred rights and obligations.  Notwithstanding anything to the contrary herein, entry into a Joinder shall not require or otherwise cause a Transferee to release any Claims against any Party other than any Claims related to or arising out of the FTX Proofs of Claim or the BlockFi Proofs of Claim.  The FTX Debtors shall, upon reasonable request of BlockFi, execute documentation confirming the allowance of the BlockFi Allowed Claims in the FTX Bankruptcy Proceedings and acknowledging that the sale and transfer of BlockFi Allowed Claims without recourse or discount is permitted under the terms of this Global Settlement Agreement.

(c)    <u>Waiver and Release of Claims</u>.

(i)    On the Settlement Effective Date, other than the BlockFi Allowed Claims, and except as required to implement the Assignment of Rights below, BlockFi hereby waives and releases for all purposes any and all Claims (as defined in 11 U.S.C. § 101(5)) against the FTX Debtors or with respect to any property in which the FTX Debtors have held or may hold any conflicting interest, including the BlockFi Claims and all claims, arguments, defenses, rights, and otherwise with respect to any property purportedly pledged as collateral by or on behalf of the FTX Debtors to BlockFi (and the proceeds thereof), including (i) all Robinhood shares (the "<u>HOOD Shares</u>") purportedly pledged by Alameda and/or Emergent Fidelity Technologies Inc. ("<u>Emergent</u>") to or for the benefit of BlockFi, (ii) assets held in accounts at ED&F Man Capital Markets, Inc. (n/k/a Marex Capital Markets Inc.) in the name of Alameda or Emergent, (iii) all Solana tokens held in that certain Coinbase Custody International Limited account named "Alameda Research Ltd – BlockFi Loan Collateral" (the "<u>Coinbase SOL</u>"), and (iv) certain Serum tokens (the "<u>SRM</u>").

(ii)    On the Settlement Effective Date, other than the WRS Allowed Claim, the FTX Debtors hereby waive and release for all purposes all Claims against BlockFi, including the FTX Claims.  For the avoidance of doubt, WRS retains all rights and interests in the WRS Allowed Claim.

(iii)    As of the Settlement Effective Date, except for the BlockFi Allowed Claims, all of the BlockFi Proofs of Claim shall be deemed disallowed and expunged in the FTX Bankruptcy Proceedings, and, except for the WRS Allowed Claim, all of the FTX Proofs of Claim shall be deemed disallowed and expunged in the BlockFi Bankruptcy Proceedings.

(d)    Assignment of Rights with Respect to Proceeds of HOOD Shares and Coinbase SOL and Cooperation with Release to FTX Debtors.

(i)    On the Settlement Effective Date, BlockFi shall be deemed to have assigned to the FTX Debtors all of its rights (if any) with respect to the proceeds of the HOOD Shares held by the U.S. Department of Justice, including rights arising from or relating to any purported pledge from any of the FTX Debtors or Emergent, and any guarantee provided by Emergent, including in connection with any forfeiture, restitution or other legal proceeding, process, or distribution with respect to such proceeds.  BlockFi shall, upon reasonable request of the FTX Debtors, execute documentation confirming the assignment of such rights to the FTX Debtors.

(ii)    On and following the Settlement Effective Date, BlockFi and the FTX Debtors shall use commercially reasonable efforts to cooperate to promptly obtain the release and return to the FTX Debtors of (i) the proceeds of the HOOD Shares, (ii) the Coinbase SOL, and (iii) the SRM, including by executing any necessary documentation to effectuate such release and return to the FTX Debtors.

(iii)    On and following the Settlement Effective Date, the FTX Debtors shall use commercially reasonable efforts to resolve remaining claims and disputes with Emergent concerning any issue addressed in this Global Settlement Agreement.

(e)    Classification of BlockFi Allowed Claims under FTX Plan.  The FTX Debtors may, in their sole discretion, classify the Allowed Secured Loan Claim, the Allowed Unsecured Loan Claim and the Allowed Customer Claim separately from one or more of the foregoing in any chapter 11 plan of the FTX Debtors (each, an "FTX Plan") as long as the treatment provided for such claims is consistent with this Global Settlement Agreement and the Allowed Secured Loan Claim will be paid promptly in cash following the effective date of such FTX Plan.  Other than with respect to terms expressly provided in this Global Settlement Agreement, the BlockFi Allowed Claims shall receive no worse treatment, including with respect to timing and amount of distributions (including with respect to post-petition interest), as other similarly situated allowed claims in the FTX Plan.

(f)    BlockFi Support for FTX Plan.  BlockFi shall support and vote in favor of any FTX Plan that provides treatment of the BlockFi Allowed Claims consistent with this Global Settlement Agreement ("consistent with this Global Settlement Agreement" meaning that, subject to estate value changes affecting the distribution to all creditors equally, the FTX Plan delivers substantially similar or better economics on the BlockFi Claims as the structure contained in the presentation delivered to BlockFi by the FTX Debtors titled "Plan Recovery Analysis As of December 31, 2023"), and shall not (i) object or, directly or indirectly, seek, solicit, support, encourage, or participate in any discussions or agreement to object, to any FTX Plan so long as such plan is consistent with the terms and conditions of this Global Settlement Agreement; or (ii) appear or make any filings in the FTX Debtors' chapter 11 cases in any way adverse to any position taken by the FTX Debtors or inconsistent with the Global Settlement Agreement other than as necessary to (x) exercise or defend BlockFi's rights under this Global Settlement Agreement, or (y) oppose any matter or proceeding that would substantially impair BlockFi's economic recovery pursuant to this Global Settlement Agreement.

(g)     _Approval of Global Settlement Agreement_.  Within seven (7) days of execution of this Global Settlement Agreement, the FTX Debtors shall file a motion seeking approval of this Global Settlement Agreement under Federal Rule of Bankruptcy Procedure 9019 in the FTX Bankruptcy Proceedings (the "Rule 9019 Motion").  The Parties agree to cooperate and take such actions as are reasonably necessary (including in the event that an objection or other opposition to the Rule 9019 Motion is filed) to obtain prompt court approval of, and authority to enter into, this Global Settlement Agreement, and entry of the Approval Order (as defined below).  The FTX Debtors and BlockFi shall further cooperate and take such actions as are necessary with respect to prompt approval of this Global Settlement Agreement in the BlockFi Bankruptcy Proceedings and the pending case of BlockFi International in the Supreme Court of Bermuda (the "Bermuda Court").

(h)     _Information Rights_.  Following the Settlement Effective Date, the FTX Debtors shall provide BlockFi with information reasonably consistent with information provided to a plan support party, including without limitation, updates to BlockFi with respect to the treatment of the Allowed BlockFi Claims, including the amount and timing of distributions on account thereof.

## 2.     RELEASES

(a)     _Mutual Release_.  Other than as expressly set forth herein, on the Settlement Effective Date, each of the FTX Debtors, on the one hand, and BlockFi, on the other hand, on behalf of itself, and each and all of its and its respective past, present and future agents, administrators, conservators, predecessors, successors and assigns, (all such releasing persons and entities collectively, the "Releasing Parties"), does hereby fully, unconditionally and irrevocably release, relieve, waive, relinquish, remise, acquit and forever discharge each other and their respective past, present and future agents, administrators, conservators, successors and assigns (all such released persons and entities collectively, the "Released Parties") from, against, and in respect of any and all past, present and future claims (including the BlockFi Claims and the FTX Claims), cross-claims, counterclaims, third-party claims, demands, liabilities, obligations, debts, liens, damages, losses, costs, expenses, controversies, actions, rights, suits, assessments, penalties, charges, indemnities, guaranties, promises, commitments, or causes of action of any nature, whether based in contract, tort or otherwise, whether in law or equity and whether direct or indirect, known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, that such Party has or may have against any other Party since the beginning of time, under, arising out of or relating to the FTX Proofs of Claim, the BlockFi Proofs of Claim or any other claims that could be asserted, including any right to claim indemnification or an award of attorneys' fees or other costs and expenses incurred in, or in connection with any of the foregoing, in all cases other than the BlockFi Allowed Claims, and the WRS Allowed Claim; _provided_, _however_, that the foregoing shall not release any obligation under or claim for breach of this Global Settlement Agreement.

## 3.     REPRESENTATIONS & WARRANTIES

(a)     _Mutual Representations and Warranties of All Parties_.  Each Party represents and warrants to each other Party that as of the date of this Global Settlement Agreement:

(i)     subject to the Approval Orders, it has the requisite organizational power and

authority to enter into this Global Settlement Agreement and to carry out the transactions contemplated by, and perform its respective obligations under, this Global Settlement Agreement;

(ii)     subject to the Approval Orders, this Global Settlement Agreement constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms;

(iii)     the execution and delivery of this Global Settlement Agreement and the performance of its obligations hereunder have been duly authorized by all necessary corporate or other organizational action on its part;

(iv)     the execution, delivery, and performance by it of this Global Settlement Agreement does not violate any provision of law, rule or regulation applicable to it or any of its affiliates or its certificate of incorporation, bylaws or other organizational documents or those of any of its affiliates; and

(v)     before executing this Global Settlement Agreement, it has been fully informed of its terms, contents, conditions and effects, it has had a full and complete opportunity to discuss this settlement with its attorney or attorneys, it is not relying in any respect on any statement or representation made by any other Party and no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained herein to induce it into executing this Global Settlement Agreement.

## 4.     MISCELLANEOUS PROVISIONS

(a)     <u>No Admission of Liability.</u>  The undersigned Parties each acknowledge and agree that the matters set forth in this Global Settlement Agreement constitute the settlement and compromise of potentially disputed claims and defenses, that this Global Settlement Agreement is not an admission or evidence of liability or infirmity by any of them regarding any claim or defense, and that the Global Settlement Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

(b)     <u>Specific Performance.</u>  It is understood and agreed by the Parties that money damages would be an insufficient remedy for any breach of this Global Settlement Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy of any such breach of this Global Settlement Agreement, including an order of the Delaware Bankruptcy Court requiring any Party to comply promptly with any of its obligations hereunder.  Each Party also agrees that it will not (i) seek, and will waive any requirement for, the securing or posting of a bond in connection with any Party seeking or obtaining such relief or (ii) raise as a defense thereto the necessity of proving the inadequacy of money damages as a remedy.

(c)     <u>Damages.</u>  Notwithstanding anything to the contrary in this Global Settlement Agreement, none of the Parties or any of their respective successors or assigns shall make a claim against, or seek to recover from, any other Party or the successors, assigns, affiliates, directors, officers, employees, counsel, representatives, agents, or attorneys-in-fact of any of them for any special, indirect, consequential, exemplary, or punitive damages or damages for lost profits in respect of any claim for breach of contract or any other theory of liability arising out of or related

to this Global Settlement Agreement.

(d)  <u>Further Assurances</u>.  The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Global Settlement Agreement and consummate and make effective the transactions contemplated hereby.

(e)  <u>Execution in Counterparts.</u>  This Global Settlement Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Global Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Global Settlement Agreement.   Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, TIFF or other form of electronic mail attachment will be deemed effective as delivery of a manually executed counterpart prior to and in the absence of manual delivery and will be binding upon the Parties.

(f)  <u>Governing Law</u>.  This Global Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware (without regard to conflicts of law principles that would result in the application of any law other than the law of the State of Delaware).

(g)  <u>Consent to Venue</u>.  The Parties irrevocably and unconditionally submit to and accept the jurisdiction of the Delaware Bankruptcy Court for any action, suit or proceeding arising out of or based upon this Global Settlement Agreement, and waives any objection that it may have to the laying of venue in any such court or that any such court is an inconvenient forum or does not have personal jurisdiction over it in connection with such an action, suit or proceeding.

(h)  <u>Notices</u>.  Any notices required hereunder shall be sent by certified mail, first class, return receipt requested or by a nationally recognized overnight delivery service, and by email, to the following:

(i)  If to BlockFi:

Mohsin Meghji, Plan Administrator
c/o M3 Partners
1700 Broadway, 19th Fl.
New York, New York 10019
(212) 202-2230
mmeghji@m3-partners.com

with copies to:

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq.
Jeffrey L. Jonas, Esq.
Michael S. Winograd, Esq.
Tristan G. Axelrod, Esq.
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com
jjonas@brownrudnick.com
mwinograd@brownrudnick.com
taxelrod@brownrudnick.com

and

**HAYNES & BOONE, LLP**
Richard S. Kanowitz
Aimee M. Furness
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
aimee.furness@haynesboone.com

(ii)    If to the FTX Debtors:

John J. Ray III
125 Broad Street
FTX Mail Room, 32nd Floor
New York, New York, 10004
E-mail: jray@greylockpartnersllc.com

with copies to:

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Brian D. Glueckstein
Benjamin S. Beller
125 Broad Street
New York, New York 10004
dietdericha@sullcrom.com
gluecksteinb@sullcrom.com
bellerb@sullcrom.com

(i)     <u>Entire Agreement and Amendments</u>.  This Global Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Global Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney or other representative.

(j)     <u>Severability</u>.  If any provision in this Global Settlement Agreement is determined to be invalid, inoperative or unenforceable, the remaining provisions of this Global Settlement Agreement remain in effect if both the economic and legal substance of this Global Settlement Agreement are not materially affected in any manner adverse to any Party.  Otherwise, the Parties shall negotiate in good faith to rewrite any such provision so as to, as nearly and fairly as possible, approach the economic and legal substance originally intended.

(k)     <u>Assignment</u>.  Neither this Global Settlement Agreement nor any of the rights and obligations of the Parties hereunder may be assigned by either Party without the prior written consent of the other Party, which consent will not be unreasonably withheld, except that each Party shall have the right to assign any or all of its rights and delegate any or all of its obligations hereunder to any of its affiliates or any successor in interest (whether by merger, acquisition, asset purchase, or otherwise), *provided*, that no assignment to any affiliate or successor in interest shall relieve or discharge the assigning Party from any of its obligations hereunder, *provided further*, that the BlockFi Allowed Claims shall be freely transferrable in accordance with Section 1(b) of this Global Settlement Agreement.  Any Transfer in violation of this Global Settlement Agreement shall be void and of no force or effect.

(l)     <u>Indemnification</u>.  In the event of the breach of this Global Settlement Agreement, the breaching Party will indemnify and hold harmless the non-breaching Party and any of its affiliates, officers, directors, employees, agents, and subsidiaries for any and all reasonable attorneys' fees, litigation expenses, and court costs arising out of or in connection with such breach.

(m)     <u>Settlement Effective Date</u>.  The "<u>Settlement Effective Date</u>" shall occur on the date that (i) signature pages executed by each of the Parties have been delivered to each of the other Parties, (ii) the Delaware Bankruptcy Court, New Jersey Bankruptcy Court and the Bermuda Court have each entered an order (which order shall have become a final order not subject to any appeal, stay or vacatur) approving the Parties' entry into this Global Settlement Agreement, on terms and conditions consistent with this Global Settlement Agreement and otherwise reasonably acceptable to each Party (the "<u>Approval Orders</u>").

[<i>The remainder of this page is intentionally left blank.</i>]

**IN WITNESS WHEREOF**, the Parties hereto have caused this Global Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

**BLOCKFI**

Date: February ___ 27, 2024                   BY: _____

NAME: Mohsin Meghji

TITLE: Plan Administrator

**FTX DEBTORS**

Date: February ___ 27, 2024                   BY: _____

NAME:  TITLE: John J. Ray III

TITLE: Solely in his capacity as Chief Executive Officer
of the FTX Debtors

10

**Exhibit A-1**

**FTX Proofs of Claim**

| Claim No. | FTX Entity | BlockFi Entity |
|-----------|-----------|----------------|
| 14607 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi Services, Inc. |
| 14810 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Trading LLC |
| 14971 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Lending LLC |
| 15184 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi International Ltd. |
| 15191 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi Lending II LLC |
| 15204 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Ventures LLC |
| 15205 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Wallet LLC |
| 15206 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Wallet LLC |
| 15580 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Investment Products LLC |
| 15595 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Lending II LLC |
| 15612 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Lending LLC |
| 15818 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi Lending LLC |
| 25986 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi Inc. |
| 26003 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Trading LLC |
| 26004 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi Trading LLC |
| 26005 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Lending LLC |
| 26006 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Wallet LLC |
| 26059 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Ventures LLC |
| 26060 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi Wallet LLC |
| 26063 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi International Ltd. |
| 26064 | West Realm Shires Inc. on | BlockFi Ventures LLC |

| | behalf of all FTX Debtors | |
|---|---|---|
| 26066 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi International Ltd. |
| 26067 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Investment Products LLC |
| 26068 | West Realm Shires Inc. on behalf of all FTX Debtors | BlockFi Investment Products LLC |
| 26070 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Services, Inc. |
| 26268 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Lending LLC |
| 26280 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Ventures LLC |
| 26313 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Services, Inc. |
| 26319 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi International Ltd. |
| 26325 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Investment Products LLC |
| 26342 | West Realm Shires Services Inc. on behalf of all FTX Debtors | BlockFi Inc. |
| 26360 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Lending II LLC |
| 26377 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Inc. |
| 26386 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Services, Inc. |
| 26429 | Alameda Research Ltd. on behalf of all FTX Debtors | BlockFi Trading LLC |
| 26962 | FTX Trading Ltd. on behalf of all FTX Debtors | BlockFi Inc. |
| 4107765 | West Realm Shires Inc. (FTX US) | BlockFi Inc. |

**Exhibit A-2**

**BlockFi Proofs of Claim**

| Claim No. | BlockFi Entity | FTX Entity |
|---|---|---|
| 3245 | BlockFi Inc. | West Realm Shires Inc. |
| 4052 | BlockFi Lending LLC | Alameda Research Ltd. |
| 4091 | BlockFi Inc. | FTX Trading Ltd. |
| 4181 | BlockFi International Ltd. | Alameda Research Ltd. |
| 4214 | BlockFi International Ltd. | FTX Trading Ltd. |
| 4227 | BlockFi Trading LLC | West Realm Shires Inc. |
| 4317 | BlockFi Lending LLC | West Realm Shires Inc. |
| 4325 | BlockFi Inc. | Alameda Research Ltd. |

**Exhibit B**

**Form of Joinder Agreement**

This Joinder Agreement (the "Joinder Agreement") to the Global Settlement Agreement, dated as of February [●], 2024 (the "Global Settlement Agreement"), by and among BlockFi and the FTX Debtors, is executed and delivered by [●] (the "Joining Party") to the FTX Debtors as of [●]. Each capitalized term used herein but not otherwise defined shall have the meaning set forth in the Global Settlement Agreement.

1. Agreement to be Bound. The Joining Party shall hereafter be deemed to be a "Party" for all purposes under the Global Settlement Agreement and hereby agrees to be bound by all of the terms and conditions of the Global Settlement Agreement in such capacity and any representations, warranties, and covenants therein. Notwithstanding anything to the contrary in the Global Settlement Agreement, entry into this Joinder Agreement shall not require or otherwise cause a Joining Party to release any Claims against any Party other than any Claims related to or arising out of the FTX Proofs of Claim or the BlockFi Proofs of Claim.

2. Governing Law. This Joinder Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without regard to any conflicts of law provisions which would require the application of the law of any other jurisdiction.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the Joining Party has caused this Joinder Agreement to be executed as of the date first written above.

Name of Joining Party:  _____

By:                    _____

Name:                  _____

Title:                 _____


Notice Address:

_____

_____

_____

Fax:                   _____

Attention:                 _____


With a copy to:

_____

_____

_____

Fax:                   _____

Attention:            _____

                       _____