UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

SAMUEL BANKMAN-FRIED,

    a/k/a "SBF"
          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

S6 22 Cr. 673 (LAK)

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of SAMUEL BANKMAN-FRIED, (the "Defendant") as a substitute asset, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on March 28, 2024.

## I.    Background

1.    On August 14, 2023, SAMUEL BANKMAN-FRIED, (the "Defendant"), was charged in a seven-count Superseding Indictment, S6 22 Cr. 673 (LAK) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Counts One and Three); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts Two and Four); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Five); conspiracy to commit commodities fraud, in violation of Title 18, United States Code, Section 371 (Count Six); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Seven).

2.    The Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States

Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offenses charged in Counts One through Four of the Indictment.

3.    The Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment.

4.    The Indictment included a forfeiture allegation as to Count Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(l), of any and all property, real and personal, involved in the offense charged in Count Seven of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in Count Seven of the Indictment.

5.    On November 2, 2023, the Defendant was found guilty, following a jury trial, of Counts One through Seven of the Indictment.

**The Order of Forfeiture**

6.    On March 28, 2024, the Court entered a Preliminary Order of

2

Forfeiture/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 423), (1) imposing a money judgment against the Defendant in the amount of $11,020,000,000, representing (i) the amount of proceeds traceable to the offenses charged in Counts One through Five of the Indictment that the Defendant personally obtained, and (ii) the property involved in Count Seven of the Indictment; and (2) ordered the forfeiture to the United States of all right, title and interest of the Defendant in certain assets (the "Specific Property").

7.     On February 18, 2025, the Court entered a Final Order of Forfeiture was entered, forfeiting all right, title, and interest to the Government of Specific Property identified in the Final Order of Forfeiture (D.E. 568).

8.     To date, the entire Money Judgment against the Defendant remains unpaid.[1]

### III. The Location of Additional Assets

9.     As set forth in the Declaration of BABATUNDE ADEDIRAN (the "ADEDIRAN Declaration"), the United States has located certain assets of the defendant that are subject to forfeiture as substitute property pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B).

10.     Specifically, the United States has located the following asset of the Defendant:

　　　a.　　$10,000,000 in United States currency (plus any interest income and net of applicable expenses) that is currently being held in an account at Fiduciary Trust Company representing the return of the investment made by the Defendant in Semafor, Inc.

---

[1] The Defendant has appealed his conviction and sentence and as such the Government cannot apply the Specific Property towards the satisfaction of the Money Judgment. However, the Money Judgment is far in excess of the combined value of the Specific Property and Substitute Asset.

(the "Substitute Asset").   The United States is now seeking to forfeit the Defendant's interest in the Substitute Asset and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

11.     For the following reasons, the Government respectfully requests that the Substitute Asset be forfeited to the United States, and applied as a payment towards the Money Judgment.

## IV.  Discussion

12.     Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property subject to forfeiture

(A)     cannot be located upon the exercise of due diligence;
(B)     has been transferred or sold to, or deposited with, a third party;
(C)     has been placed beyond the jurisdiction of the court;
(D)     has been substantially diminished in value; or
(E)     has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

13.     Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:

(A)     is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
(B)     is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

4

14.     Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the defendant's offenses.  *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B).  Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third party claims are resolved by the Court.

5

## V.  <u>Conclusion</u>

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Asset to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated:   New York, New York
         May 6, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  _____
     THANE REHN
     Assistant United States Attorney
     26 Federal Plaza, 38th Floor
     New York, New York 10278
     (212) 637-2354