USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-7-26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                              :

UNITED STATES OF AMERICA

                              :      **PRELIMINARY ORDER OF**

         - v. -                **FORFEITURE AS TO**

                              :      **SUBSTITUTE ASSETS**

SAMUEL BANKMAN-FRIED,
    a/k/a "SBF,"                :      S6 22 Cr. 673 (LAK)
          Defendant.

                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on August 14, 2023, SAMUEL BANKMAN-FRIED (the "Defendant"), was charged in a seven-count Superseding Indictment, S6 22 Cr. 673 (LAK) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Counts One and Three); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts Two and Four); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Five); conspiracy to commit commodities fraud, in violation of Title 18, United States Code, Section 371 (Count Six); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offenses charged in Counts One through Four of the Indictment;

1

WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(l), of any and all property, real and personal, involved in the offense charged in Count Seven of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in Count Seven of the Indictment;

WHEREAS, on November 2, 2023, the Defendant was found guilty, following a jury trial, of Counts One through Seven of the Indictment;

WHEREAS, on March 28, 2024, the Court entered a Preliminary Order of Forfeiture/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 423) imposing a forfeiture money judgment against the Defendant in the amount of $11,020,000,000, representing (i) the amount of proceeds traceable to the offenses charged in Counts One through Five of the Indictment that the Defendant personally obtained, and (ii) the property involved in Count Seven of the Indictment; and forfeiting to the United States of all right, title and interest of the Defendant in certain specific property (the "Specific Property");

WHEREAS, on February 18, 2025, the Court entered a Final Order of Forfeiture,

2

forfeiting all right, title, and interest to the Government of Specific Property identified in the Final Order of Forfeiture (D.E. 568);

WHEREAS, to date, the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect all the assets that constitute or are traceable to the proceeds of the Defendant's offenses charged in Counts One through Five of the Indictment, or all the property involved in the offense charged in Count Seven of the Indictment, other than the Specific Property, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

a. $10,000,000 in United States currency (plus any interest income and net of applicable expenses) that is currently being held in an account at Fiduciary Trust Company representing the return of the investment made by the Defendant in Semafor, Inc.

(the "Substitute Aset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Marshals Service (or its designee) is hereby authorized to take possession of

3

the Substitute Asset and to keep it/them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code,

4

Case 1:22-cr-00673-LAK   Document 596-2   Filed 05/06/26   Page 5 of 5

Section 853(n), in which all interests will be addressed.

        8.      The Court shall retain jurisdiction to enforce this Preliminary Order of

Forfeiture as to Substitute Asset, and to amend it as necessary, pursuant to <u>Federal Rule of</u>

<u>Criminal Procedure 32.2(e)</u>.    9. The Clerk shall terminate DKT 596.

Dated: New York, New
      5/7 , 2026

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE